RECEIPT # 58299
AMOUNT $ 150
SUMMONS ISSUED 5
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 8-27-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

FILED
OFFICE
2004 AUG 27 P 2: 18
U.S. DISTRICT COURT
DISTRICT OF MASS.

EDWARD HELLER, )
)
Plaintiff, )
vs. ) CIVIL ACTION
) FILE NO. 04-
CAP GEMINI ERNST & YOUNG WELFARE )
PLAN (RE: ACCIDENTAL DEATH BENEFITS), ) 04-11875WGY
AMERICAN INTERNATIONAL LIFE ASSURANCE )
COMPANY OF NEW YORK, and CAPGEMINI )
U.S. LLC )
) MAGISTRATE JUDGE Alexander
Defendants )

COMPLAINT

INTRODUCTION

This is an action by a beneficiary to recover accidental death benefits wrongfully denied him by an employee benefit plan governed by ERISA, and Massachusetts state insurance law.

PARTIES

1) The plaintiff Edward Heller is an individual residing at 20 Indian Hill Road, Weston, in the County of Middlesex, in the Commonwealth of Massachusetts.

2) The defendant Cap Gemini Ernst & Young U.S. LLC Welfare Benefit Plan (hereinafter the PLAN) is a plan governed by ERISA (29 U.S.C.§1000 et. seq.); is amenable to suit under 29 USC§1132(d); and has a usual place of business at 1280 Wall Street West, Lyndhurst, New Jersey 07071.

3) The Plan's Agent for service of legal process is the General Counsel of the defendant Capgemini U.S. LLC at 750 Seventh Avenue, New York, New York 10019.

1

4) The defendant Capgemini U.S. LLC (formerly known as Cap Gemini Ernst & Young U.S. LLC hereinafter CGE&Y) is upon information and belief a limited liability company organized under the laws of the State of New York, with a usual place of business at 114 Avenue of the Americas, New York, New York 10036.

5) Until on or about January, 2003, the defendant CGE&Y was the employer of the now deceased Patricia Heller, wife of the plaintiff Edward Heller.

6) The defendant, American International Life Assurance Company of New York (hereinafter AIG) is a corporation organized under the laws of New York with a usual place of business at 70 Pine Street New York New York 10270.

7) Jurisdiction is appropriate in this Court by virtue of 29 U.S.C. §1132 and 28 U.S.C. §§ 1331 and 1332.

8) Venue is appropriate in this Court.

9) All conditions precedent to bringing suit have been satisfied or waived.

### FACTS

10) In or about March of 1991, Patricia Heller commenced work with the defendant CGE&Y's predecessor Ernst & Young as a Consultant.

11) As an employee of Ernst & Young, Patricia was a participant in the PLAN, as amended from time to time, offered by her employer, which benefits included, but were not limited to, accidental death coverage.

12) In or about May of 2000 CGE&Y acquired the consulting arm of Ernst & Young.

13) Effective July 1, 2001, the defendant AIG issued a Group Accident Insurance Policy to CGE&Y. A copy of the Group Policy is attached hereto as Exhibit 1.

2

14) Effective September 2002 CGE&Y, through its agent Fidelity, prepared a document entitled "CAP GEMINI ERNST & YOUNG U.S. ACCIDENTAL DEATH & DISMEMBERMENT SUMMARY PLAN DESCRIPTION" (hereinafter the September 2002 AD&D Summary Plan Description) describing the main provisions of the Plan as of July 1, 2002, and superceding any prior AD&D plans or programs

15) At no time prior to January 29, 2003 did any of the defendants (or their agents) provide a written copy of the September 2002 AD&D Summary Plan Description to Patricia.

16) Among other provisions the Group Accident Insurance Policy issued by AIG to CGE&Y provided:

> **GENERAL PROVISIONS**
>
> ...
> **Certificates of Insurance** The Company [AIG] will provide certificates of insurance for delivery to each Insured describing the coverage provided, any limitations, reductions, and exclusions applicable to the coverage and to whom benefits will be paid.

17) At no time prior to January 29, 2003, did any of the defendants, or their agents, provide Patricia with a copy of the certificate referenced in the GENERAL PROVISIONS of the Group Policy issued by the defendant AIG.

18) CGE&Y's custom and practice was to provide employees such as Patricia with a written "Continuation of Benefits VP Summary Sheet" at the time of their departure from CGE&Y.

19) At no time prior to January 29, 2003 did any of the defendants, (or their agents), provide Patricia with a written "Continuation of Benefits VP Summary Sheet".

3

20) In or about January, 2003 Patricia resigned from CGE&Y; her last day of work at CGE&Y's offices being Friday January 24, 2003.

21) On January 29, 2003 Patricia died as the result of injuries she sustained while riding in a taxi cab which crashed into a tree in Atlanta, Georgia, while Patricia was traveling on business for her new employer Bearing Point. A copy of her death certificate is attached hereto as Exhibit 2.

22) Patricia's death was an accidental death within the meaning of the PLAN.

23) By January 30, 2003 CGE&Y was on notice of Patricia's death.

24) By January 30, 2003 AIG was on notice of Patricia's death.

25) On January 31, 2003 CGE&Y issued Patricia's last paycheck.

26) On January 31, 2003 CGE&Y deducted "the full $12.00 premium, representing the pay period from January 16, 2003 through January 31, 2003" from Patricia's paycheck for her AD&D coverage.

27) CGE&Y forwarded the full $12.00 premium deducted from Patricia's last paycheck for her AD&D coverage to AIG.

28) CGE&Y states that it was its standard payroll practice to deduct the full premium for insurance coverage from the last paycheck when employees separated from CGE&Y.

29) Among other provisions the Master Application for the Group Accident Insurance Policy issued by AIG to CGE&Y provided "premiums are due and payable in the following manner: <u>Monthly in arrears</u>" See Exhibit 1- Master Application, Section 5, at page 3

30) On or about February 27, 2003, the plaintiff Edward Heller signed Part C of the AIG Proof of Loss Claim Form seeking accidental death benefits under the PLAN. Attached as Exhibit 3 is a copy of Part C of the AIG Proof of Loss Claim Form.

31) On March 20, 2003 Kristina Gorman of the CGE&Y Benefits Center in Merrimack N.H. signed Part A (the Group Policyholder/Employer's portion) of the AIG Proof of Loss Claim Form certifying that the information contained therein was true and correct. Attached as Exhibit 4 is a true and complete copy of Part A of the AIG Proof of Loss Claim Form.

32) Part A of the AIG Proof of Loss Claim Form stated in pertinent part:
   a. Patricia commenced work on March 25, 1991
   b. Patricia had $1,000,000 "ACCIDENTAL DEATH BENEFIT IN FORCE"
   c. Patricia's "EFFECTIVE DATE OF COVERAGE" was July 1, 2001
   d. Patricia's "DATE OF DEATH" was January 29, 2003
   e. Patricia's "DATE LAST WORKED" was January 24, 2003
   f. Patricia's "DATE PREMIUM PAID TO" was January 29, 2003
   g. Patricia's "TERMINATION DATE OF COVERAGE" was January 29, 2003.

33) By e mail to CGE&Y dated April 14, 2003, AIG requested that CGE&Y provide AIG with a "copy of the payroll register for the last paycheck that was issued. This information is necessary to verify whether premiums for this coverage were being deducted and the date that premiums for this coverage were paid through." A copy of AIG's April 14, 2003 e mail to CGE&Y is attached hereto as Exhibit 5.

34) By letter to plaintiff dated April 14, 2003, AIG informed plaintiff that it was seeking payroll information from CGE&Y. A copy of AIG's April 14, 2003 letter to Edward Heller is attached hereto as Exhibit 6.

35) By letter dated June 23, 2003, AIG denied Mr. Heller's claim for AD&D benefits under the PLAN. A copy of AIG's June 23, 2003 letter is attached hereto as Exhibit 7

36) By letter dated August 20, 2003 Mr. Heller appealed the denial of his claim to AIG. A copy of Mr. Heller's August 20, 2003 letter is attached hereto as Exhibit 8

37) By letter dated October 3, 2003, AIG received a legal opinion from Mirick O'Connell concerning plaintiff's claim for AD&D benefits. A copy of Mirick O'Connell's October 3, 2003 letter to AIG is attached hereto as Exhibit 9

38) By letter dated December 11, 2003 AIG informed Mr. Heller that the ERSIA Appeals Committee of AIG decided to uphold the denial of his claim for benefits. A copy of the December 11, 2003 AIG letter is attached hereto as Exhibit 10

## COUNT I

39) Plaintiff restates and reasserts the allegations contained in paragraphs 1-38 inclusive and incorporates them by reference into this paragraph as if fully and completely set forth herein.

40) Because Patricia paid the premiums for her AD&D coverage to January 31, 2003, the plaintiff is entitled to $1,000,000 AD&D benefits arising from Patricia's January 29, 2003 accidental death.

WHEREFORE the plaintiff Edward Heller demands judgment against the defendants in an amount to be determined by this Court, together with interest, costs and a reasonable attorneys fee under 29 U.S.C.§1132(g).

## COUNT II

41) Plaintiff restates and reasserts the allegations contained in paragraphs 1-40 inclusive and incorporates them by reference into this paragraph as if fully and completely set forth herein.

42) Because at the time CGE&Y deducted "the full $12.00 premium, representing the pay period from January 16, 2003 through January 31, 2003" and paid it to AIG, both CGE&Y and AIG were aware of Patricia's January 24, 2003 separation from CGE&Y and Patricia's January 29, 2003 accidental death, plaintiff is entitled to $1,000,000 AD&D benefits arising from Patricia's January 29, 2003 accidental death.

WHEREFORE the plaintiff Edward Heller demands judgment against the defendants in an amount to be determined by this Court, together with interest, costs and a reasonable attorneys fee under 29 U.S.C.§1132(g).

## COUNT III

43) Plaintiff restates and reasserts the allegations contained in paragraphs 1-42 inclusive and incorporates them by reference into this paragraph as if fully and completely set forth herein.

44) Because CGE&Y states that it was its regular business practice to deduct the full premium from departing employee's final paychecks, plaintiff is entitled to

$1,000,000 AD&D benefits arising from Patricia's January 29, 2003 accidental death.

WHEREFORE the plaintiff Edward Heller demands judgment against the defendants in an amount to be determined by this Court, together with interest, costs and a reasonable attorneys fee under 29 U.S.C.§1132(g).

## COUNT IV

45) Plaintiff restates and reasserts the allegations contained in paragraphs 1-44 inclusive and incorporates them by reference into this paragraph as if fully and completely set forth herein.

46) At the time of Patricia's departure from CYE&Y in January of 2003, M.G.L.c. 175,§134 provided:

> **Group life policies; commissioner's approval; contents**
> No policy of group life insurance shall be issued or delivered...
> unless it contains in substance the following provisions:
> ...
> 4. ....the company will issue to the employer, for delivery to each employee whose life is insured under the policy, an individual certificate specifying his insurance coverage under the policy, the amount thereof and to whom payable, together with a provision to the effect that if his insurance, or any portion of it, ceases because of (1) termination of employment....the employee shall continue to be insured thereafter for a period of thirty-one days, for the amount of life insurance which he is entitled to have issued to him under an individual policy ....

47) M.G.L.ch. 175, §134 applied to the Plan at the time of Patricia's January 2003 departure from CGE&Y.

48) As a result of G.L.c.175,§134, Patricia's coverage was extended to, and including her date of death on January 29, 2003.

WHEREFORE the plaintiff Edward Heller demands judgment against the defendants in an amount to be determined by this Court, together with interest, costs and a reasonable attorneys fee under 29 U.S.C.§1132(g).

## COUNT V

49) Plaintiff restates and reasserts the allegations contained in paragraphs 1-48 inclusive and incorporates them by reference into this paragraph as if fully and completely set forth herein.

50) Because the defendants failed to timely and adequately notify Patricia of the necessity of converting her AD&D benefits before her last day of work, plaintiff is entitled to $1,000,000 AD&D benefits arising from Patricia's January 29, 2003 accidental death.

WHEREFORE the plaintiff Edward Heller demands judgment against the defendants in an amount to be determined by this Court, together with interest, costs and a reasonable attorneys fee under 29 U.S.C.§1132(g).

EDWARD HELLER
By his attorney,

Joseph H. Skerry, III
BBO# 544124
237 Lexington Street
Woburn, Massachusetts 01801
781-938-1301
781-938-1344
jayskerry@rcn.com

PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Edward Heller v. Cap Gemini Ernst & Young U.S. LLC Welfare Benefit Plan

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

   04-11875WGY

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Joseph H. Skerry, III
ADDRESS  237 Lexington Street Woburn MA 01801
TELEPHONE NO. 781-938-1301

(Coversheetlocal.wpd - 10/17/02)

%JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Edward Heller

**DEFENDANTS**

Cap Gemini Ernst & Young U.S. LLC Welfare Benefit Plan; Capgemini U.S. LLC; American Intern'l Life Assurance

(b) County of Residence of First Listed Plaintiff **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

04-11875WGY
04-11875WGY

(c) Attorney's (Firm Name, Address, and Telephone Number)

Joseph H. Skerry, III
237 Lexington Street
Woburn, MA 01801  781-938-1301

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 555 Prison Condition | | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | | | ☐ 950 Constitutionality of State Statutes |
| | | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Suit by beneficiary to recover accidental death benefits under an employee benefit plan governed by ERISA 29 U.S.C. sec. 1132

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** $1,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE 8-26-04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____