IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD HELLER,<br><br>    Plaintiff,<br><br>v.<br><br>CAPGEMINI ERNST & YOUNG WELFARE PLAN (RE:  ACCIDENTAL DEATH BENEFITS), AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK AND CAPGEMINI U.S. LLC<br><br>    Defendants | CIVIL ACTION<br>NO. 04-11875-WGY |

### ANSWER OF DEFENDANTS
### CAPGEMINI U.S., LLC AND CAPGEMINI ERNST & YOUNG WELFARE PLAN

Defendants Capgemini U.S. LLC ("Capgemini") and Capgemini Ernst & Young Welfare Plan (the "Plan") (together hereinafter "Defendants") hereby answer Plaintiff's Complaint for denial of death benefits by admitting, denying, and alleging as follows:

### PARTIES

1.    Based upon information and belief, Defendants admit Paragraph 1.

2.    Answering Paragraph 2, Defendants admit that the Plan is intended to be regulated by ERISA (29 U.S.C. § 1000 et seq.) and has a usual place of business at 1280 Wall Street West, Lyndhurst, New Jersey 07071.

3.    Defendants admit Paragraph 3.

4.    Defendants deny Paragraph 4.  Defendants' usual place of business is 5 Times Square, New York, New York 10036.

5.    Defendants admit Paragraph 5.

6. Based upon information and belief, Defendants admit Paragraph 6.

7. Defendants are unable to admit or deny the allegations contained in Paragraph 7 because they state conclusions of law or legal principles asserted by Plaintiff and not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure, except the following: Admit and aver that Plaintiff purports to bring this action pursuant to 29 U.S.C. § 1132 and 28 U.S.C. §§ 1331 and 1332.

8. Defendants are unable to admit or deny the allegations contained in Paragraph 8 because they state conclusions of law or legal principles asserted by Plaintiff and not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure, except the following: Based upon information and belief, admit that Plaintiff's home is in this District.

9. Defendants are unable to admit or deny the allegations contained in Paragraph 9 because they state conclusions of law or legal principles asserted by Plaintiff and not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

10. Defendants admit Paragraph 10. Ernst & Young is only Capgemini's predecessor in interest for purposes of this action.

11. Defendants admit Paragraph 11.

12. Defendants deny Paragraph 12. Capgemini S.A. acquired the consulting division of Ernst & Young.

13. Answering Paragraph 13, Defendants admit that, effective July 1, 2001, AIG issued a Group Accident Insurance Policy to Capgemini. Defendants admit a Group Policy is attached as Exhibit 1, whose terms speak for themselves.

14. Answering Paragraph 14, Defendants admit that effective September 2002, Capgemini, through its agent Fidelity, prepared a document entitled "Capgemini Ernst & Young U.S. Accidental Death & Dismemberment Summary Plan Description." Defendants admit that the Summary Plan Description provisions speak for themselves.

15. Defendants deny Paragraph 15.

16. Answering Paragraph 16, Defendants admit the provisions of the Group Accident Insurance Policy speak for themselves.

17. Defendants lack knowledge or information sufficient to form a belief as to Paragraph 17.

18. Based upon information and belief, Defendants deny Paragraph 18.

19. Defendants deny Paragraph 19.

20. Defendants admit Paragraph 20.

21. Defendants admit a copy of Ms. Heller's death certificate is attached as Exhibit 2. Based upon information and belief, Defendants admit Paragraph 21.

22. Defendants are unable to admit or deny the allegations contained in Paragraph 22 because they state legal conclusions of law or legal principles asserted by Plaintiff and not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent Paragraph 22 contains allegations of fact, Defendants deny each and every allegation contained therein.

23. Defendants are unable to admit or deny the allegations contained in Paragraph 23 because they state legal conclusions of law or legal principles asserted by Plaintiff and not allegations of fact to which an admission or denial is required by the Federal Rules of Civil

Procedure. To the extent Paragraph 23 contains allegations of fact, Defendants deny each and every allegation contained therein.

24. Defendants are unable to admit or deny the allegations contained in Paragraph 24 because they state legal conclusions of law or legal principles asserted by Plaintiff and not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent Paragraph 24 contains allegations of fact, based upon information and belief, Defendants deny Paragraph 24.

25. Defendants admit Paragraph 25.

26. On information and belief, Defendants admit paragraph 26.

27. On information and belief, Defendants admit Paragraph 27.

28. Defendants admit Paragraph 28.

29. Defendants admit that the Master Application for the Group Accident Insurance Policy speaks for itself.

30. Defendants admit on or about February 27, 2003, Plaintiff purportedly signed Part C of the AIG Proof of Loss Claim Form. Defendants admit Part C of the AIG Proof of Loss Claim Form is attached as Exhibit 3, whose terms speak for themselves.

31. Defendants admit on or about March 20, 2003 Kristina Gorman of the Capgemini Benefits Center signed Part A of the AIG Proof of Loss Claim Form. Defendants admit Part A of the AIG Proof of Loss Claim Form is attached as Exhibit 4, whose terms speak for themselves.

32. Defendants admit Part A of the AIG Proof of Loss Claim Form speaks for itself.

33. Defendants admit that AIG's April 14, 2003 email to Capgemini is attached as Exhibit 5, whose terms speak for themselves.

34.   Defendants admit that AIG's April 14, 2003 letter to Plaintiff is attached as Exhibit 6, whose terms speak for themselves.

35.   Defendants admit AIG's June 23, 2003 letter to Plaintiff is attached as Exhibit 7, whose terms speak for themselves.

36.   Defendants admit Plaintiff's August 20, 2003 letter to AIG is attached as Exhibit 8, whose terms speak for themselves.

37.   Defendants admit that Mirick O'Connell's October 3, 2003 letter to AIG is attached as Exhibit 9, whose terms speak for themselves.

38.   Defendants admit AIG's December 11, 2003, letter to Plaintiff is attached as Exhibit 10, whose terms speak for themselves.

## COUNT I

39.   In response to the allegations contained in Paragraph 39, Defendants incorporate by reference Paragraphs 1 through 38, inclusive, as though fully set forth herein.

40.   Defendants are unable to admit or deny the allegations contained in Paragraph 40 because they state legal conclusions of law or legal principles asserted by Plaintiff and not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent Paragraph 40 contains allegations of fact, Defendants deny each and every allegation contained in Paragraph 40.

## COUNT II

41.   In response to the allegations contained in Paragraph 41, Defendants incorporate by reference Paragraphs 1 through 40, inclusive, as though fully set forth herein.

42.   Defendants are unable to admit or deny the allegations contained in Paragraph 42 because they state legal conclusions of law or legal principles asserted by Plaintiff and not

allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent Paragraph 42 contains allegations of fact, Defendants deny each and every allegation contained in Paragraph 42.

## COUNT III

43. In response to the allegations contained in Paragraph 43, Defendant incorporates by reference Paragraphs 1 through 42, inclusive, as though fully set forth herein.

44. Defendants are unable to admit or deny the allegations contained in Paragraph 44 because they state legal conclusions of law or legal principles asserted by Plaintiff and not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent Paragraph 44 contains allegations of fact, Defendants deny each and every allegation contained in Paragraph 44.

## COUNT IV

45. In response to the allegations contained in Paragraph 45, Defendant incorporates by reference Paragraphs 1 through 44, inclusive, as though fully set forth herein.

46. Defendants are unable to admit or deny the allegations contained in Paragraph 46 because it contains a statement of law asserted by Plaintiff and not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent Paragraph 46 contains allegations of fact, Defendants admit that M.G.L.c. 175, § 134 speaks for itself.

47. Defendants are unable to admit or deny the allegations contained in Paragraph 47 because they state legal conclusions of law or legal principles asserted by Plaintiff and not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent Paragraph 47 contains allegations of fact, because M.G.L.c. 175, § 134 relates to life insurance and not to accidental death and dismemberment insurance, the provision

is inapplicable and, therefore, Defendants deny each and every allegation contained in Paragraph 47.

48. Defendants are unable to admit or deny the allegations contained in Paragraph 48 because they state legal conclusions of law or legal principles asserted by Plaintiff and not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent Paragraph 48 contains allegations of fact, because M.G.L.c. 175, § 134 relates to life insurance and not accidental death and dismemberment insurance, the provision is inapplicable and, therefore, Defendants deny each and every allegation contained in Paragraph 48.

## COUNT V

49. In response to the allegations contained in Paragraph 49, Defendants incorporate by reference Paragraphs 1 through 48, inclusive, as though fully set forth herein.

50. Defendants are unable to admit or deny the allegations contained in Paragraph 50 because they state legal conclusions of law or legal principles asserted by Plaintiff and not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent Paragraph 50 contains allegations of fact, Defendants deny each and every allegation contained in Paragraph 50.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(No Causation)

Some or all of the claims for relief are barred because damages, if any, were not caused by any act or omission on the part of Defendants.

### SECOND AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
**(Discharge of Duty)**

To the extent the Defendants owed any fiduciary duty to the parties herein, the Defendants discharged such duties in full.

### FOURTH AFFIRMATIVE DEFENSE
**(Defendants Acted in Accordance with the Law)**

At all times relevant hereto, the Defendants acted in good faith and did not induce, assist, participate in or engage in any act or omission which constitutes a violation of law, as alleged in the Complaint herein or otherwise.

### FIFTH AFFIRMATIVE DEFENSE
**(Defendants Acted in Accordance with the Terms of the Plan)**

At all times relevant hereto, the Defendants acted in accordance with the terms of the Plan. If Defendants had acted in accordance with what Plaintiff now says they should have done, such actions would have violated the terms of the Plan Agreement and ERISA.

### SIXTH AFFIRMATIVE DEFENSE
**(Actions Within Discretion of Defendants)**

Any alleged denial of benefits to Plaintiff was done in accordance with the terms of the Plan and within the discretion of the Plan administrator and may not be successfully challenged by Plaintiff in this action.

### SEVENTH AFFIRMATIVE DEFENSE
**(Not Arbitrary or Capricious)**

The decision to deny Plaintiff's claims was neither arbitrary nor capricious.

### EIGHTH AFFIRMATIVE DEFENSE
**(Supported by Substantial Evidence)**

The decision to deny Plaintiff's claims is supported by substantial evidence.

### NINTH AFFIRMATIVE DEFENSE
**(Frivolous Claims)**

Defendants are entitled to recover attorneys' fees and costs expended to the extent Plaintiff's claims are determined to be frivolous, unreasonable or groundless.

### TENTH AFFIRMATIVE DEFENSE
**(Recoup Damages)**

Without conceding that any act or omission of Defendants caused damage to Plaintiff, Defendants are entitled to offset and recoup against any judgment that may be entered against them all obligations of the Plaintiff owing to Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Reasonable Cause)**

Without conceding that Defendants engaged in any of the acts or omissions alleged in the Complaint, Defendants acted with reasonable cause.

### TWELFTH AFFIRMATIVE DEFENSE
**(No Damages)**

Plaintiff has not been damaged in any amount by Defendants' actions or alleged actions.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Actions of Third Parties)**

Any alleged damages claimed by Plaintiff were proximately or solely caused, in whole or in part, by the acts and/or omissions of third parties over whom the Defendants exercised no control.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Preemption)**

To the extent Plaintiff's claims, or any of them, are construed to be claims for relief arising under or governed by state law, said claims for relief are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by reason of his Complaint, that judgment be rendered in favor of Defendants;

2. That Defendants be awarded their attorneys' fees and costs of suit incurred in defending this action; and

3. That Defendants be awarded such other equitable and/or further relief as the Court may deem just and proper.

                                                          Respectfully submitted,

                                                          CAPGEMINI U.S., LLC and
                                                          CAP GEMINI ERNST & YOUNG
                                                          WELFARE PLAN

                                                         Defendants

                                                         By their attorney,

                                                         _/s/ Brian E. Lewis_____
                                                         Brian E. Lewis (BBO#643717)
                                                         Hinckley Allen Snyder LLP
                                                         28 State Street
                                                         Boston, MA  02109
Dated:  November 1, 2004                     (Tel) 617-345-9000

                                                          -and-

                                                         James P. Baker, Esq. (admission pending)
                                                         ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                         The Orrick Building
                                                         405 Howard Street
                                                         San Francisco, CA 94105
                                                         (Tel) 415-773-5975