UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD HELLER<br>            Plaintiff<br><br>v.<br><br>CAP GEMINI ERNST & YOUNG WELFARE PLAN (RE: ACCIDENTAL DEATH BENEFITS), AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK, AND CAPGEMINI U.S. LLC<br>            Defendant | CIVIL ACTION NO. 04-11875-NGY |

**AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK'S ANSWER TO PLAINTIFF'S COMPLAINT**

The Defendant American International Life Assurance Company of New York ("AIG"), by its attorney herby answers the Complaint of Plaintiff, Edward Heller.

**INTRODUCTION**

AIG admits that this is an action to recovery accidental death benefits but denies the remaining allegations contained in the Introduction of Plaintiff's complaint.

**PARTIES**

1.      AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 1.

2.      AIG admits the allegations contained in Paragraph 2.

3.      AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 3.

4. AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 4.

5. AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 5.

6. AIG admits the allegations contained in Paragraph 6.

7. The allegations contained in Paragraph 7 constitute a legal conclusion and therefore the Defendant makes no response.

8. The allegations contained in Paragraph 8 constitute a legal conclusion and therefore the Defendant makes no response.

9. The allegations contained in Paragraph 9 constitute a legal conclusion and therefore the Defendant makes no response.

## **FACTS**

10. AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 10.

11. AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 11.

12. AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 12.

13. AIG admits the allegations contained Paragraph 13.

14. AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 14.

15. AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 15.

16. AIG admits the Group Accident Insurance Policy speaks for itself.

17. AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 17.

18. AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 18.

19. AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 19.

20. AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 20.

21. AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 21.

22. The allegations contained in paragraph 22 of the Complaint constitute a legal conclusion and therefore the Defendant makes no response. To the extent a response may be deemed required, AIG is without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 22 of the Complaint.

23. The allegations contained in paragraph 24 of the Complaint constitute a legal conclusion and therefore the Defendant makes no response.

24. The allegations contained in paragraph 24 of the Complaint constitute a legal conclusion and therefore the Defendant makes no response.

25. AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 25.

26. AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 26.

27. AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 27.

28. AIG is without knowledge or information sufficient either to admit or deny the allegations in Paragraph 28.

29. AIG admits that the terms of the Master Application for the Group Accident Insurance Policy speak for itself.

30. AIG admits that a true and complete copy of Part C of the AIG Proof of Loss Claim form that is dated February 27, 2003 is attached as Exhibit 3. AIG admits that the terms of Exhibit 3 speak for themselves. AIG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint.

31. AIG admits that a true and complete copy of Part A of the AIG Proof of Loss Claim form that is dated March 20, 2003 is attached as Exhibit 4. AIG admits that the terms of Exhibit 4 speak for themselve. AIG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the Complaint.

32. AIG admits that the AIG Proof of Loss Claim Form is a document the terms of which speak for itself.

33. AIG admits that a copy of the April 14, 2003 email is attached as Exhibit 5 and the terms of the document speak for themselves.

34. AIG admits that a copy of a letter dated April 14, 2003 is attached as Exhibit 6 and the terms of the document speak for themselves.

35. AIG admits that a copy of a letter dated June 23, 2003 is attached as Exhibit 7 and the terms of the document speak for themselves.

36. AIG admits that a copy of a letter dated August 20, 2003 is attached as Exhibit 8 and the terms of the document speak for themselves.

37. AIG admits that a copy of a letter dated October 3, 2003 is attached as Exhibit 9 and the terms of the document speak for themselves.

38. AIG admits that a copy of a letter dated December 11, 2003 is attached as Exhibit 10 and the terms of the document speak for themselves

## **COUNT I**

39. Defendant restates and reasserts the allegations contained in paragraphs 1-38 inclusive and incorporates them by reference into this paragraph as if fully and completely set forth herein.

40. AIG denies the allegations contained in paragraph 40.

WHEREFORE, the Defendant, AIG, requests that this Court dismiss the Complaint and award AIG its reasonable costs and attorneys fees incurred in the defense of this action and such other relief as the Court deems just and proper.

## COUNT II

41. Defendant restates and reasserts the allegations contained in paragraphs 1-40 inclusive and incorporates them by reference into this paragraph as if fully and completely set forth herein.

42. AIG denies the allegations contained in paragraph 42.

WHEREFORE, the Defendant, AIG, requests that this Court dismiss the Complaint and award AIG its reasonable costs and attorneys fees incurred in the defense of this action and such other relief as the Court deems just and proper.

## COUNT III

43. Defendant restates and reasserts the allegations contained in paragraphs 1-42 inclusive and incorporates them by reference into this paragraph as if fully and completely set forth herein.

44. AIG denies the allegations contained in paragraph 44.

WHEREFORE, the Defendant, AIG, requests that this Court dismiss the Complaint and award AIG its reasonable costs and attorneys fees incurred in the defense of this action and such other relief as the Court deems just and proper.

## COUNT IV

45. Defendant restates and reasserts the allegations contained in paragraphs 1-44 inclusive and incorporates them by reference into this paragraph as if fully and completely set forth herein.

46. AIG admits the allegations contained in paragraph 46.

47. AIG denies the allegations contained in paragraph 47.

48. AIG denies the allegations contained in paragraph 48.

WHEREFORE, the Defendant, AIG, requests that this Court dismiss the Complaint and award AIG its reasonable costs and attorneys fees incurred in the defense of this action and such other relief as the Court deems just and proper.

49. Defendant restates and reasserts the allegations contained in paragraphs 1-48 inclusive and incorporates them by reference into this paragraph as if fully and completely set forth herein.

50. AIG denies the allegations contained in paragraph 50.

WHEREFORE, the Defendant, AIG, requests that this Court dismiss the Complaint and award AIG its reasonable costs and attorneys fees incurred in the defense of this action and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim against AIG upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

At all times relevant to the allegations contained in the Complaint, AIG acted in good faith and in reasonable and full compliance with its obligations under law.

### THIRD AFFIRMATIVE DEFENSE

AIG did not breach any duties to the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

AIG has complied with and performed all of its promises, obligations, and duties to the Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has sustained any harm or damages, which AIG denies, any such harm or damages was proximately caused by a party or parties other than AIG and over which AIG had no authority or control.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees from AIG.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent the Plaintiff's Complaint seeks remedies not provided for under ERISA, those remedies are barred or preempted by ERISA.

## EIGHTH AFFIRMATIVE DEFENSE

Mass. Gen. Laws. ch. 175, § 134 is inapplicable to the policy at issue in the instant matter.

## NINTH AFFIRMATIVE DEFENSES

AIG respectively reserves its right to plead any such additional defenses which arise in the course of this litigation.

WHEREFORE, AIG requests the Complaint be dismissed as against AIG, and the Court award any and all such other relief to AIG as may be just and proper.

Respectfully Submitted,

**AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK**
By its attorney,
/s/ Jennifer L. Markowski

_____
Robert T. Gill, BBO # 192080
Jennifer L. Markowski, BBO #655927
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

## CERTIFICATE OF SERVICE

I, Jennifer L. Markowski, Esquire of Peabody & Arnold LLP, hereby certify that on this second day of November, 2004, I served a copy of the foregoing by mail, postage prepaid to all counsel of record:

Joseph H. Skerry, III
237 Lexington Street
Woburn, MA 01801

James P. Baker, Esq.
Orrick, Herrington & Sutcliffe, LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

/s/ Jennifer L. Markowski
_____
Jennifer L. Markowski