IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD HELLER,<br><br>    Plaintiff,<br><br>v.<br><br>CAPGEMINI ERNST & YOUNG WELFARE PLAN (RE: ACCIDENTAL DEATH BENEFITS), AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK AND CAPGEMINI U.S. LLC<br><br>    Defendants | CIVIL ACTION<br>NO. 04-11875-WGY<br><br>YOUNG, D.J. /as modified/<br>So ordered as the case management scheduling order.<br>  Discovery due _January 26, 2005_<br>  Dispositive Motions due _Feb 18, 2005_<br><br>_William G Young_<br>U.S. District Judge<br>_Dec 6, 2004_ |

## JOINT STATEMENT AND PROPOSED DISCOVERY PLAN

Pursuant to the Court's November 16, 2004, Order to Submit a Joint Statement and Proposed Discovery Plan, and Local Rule 16.1, the Parties hereby submit the following information:

    1.    **The nature and basis of the claims and defenses:**

*Plaintiff:* Plaintiff Edward Heller was married to (the now deceased) Patricia Heller ("Mrs. Heller"). For approximately twelve years prior to January 2003, Mrs. Heller was employed by Capgemini U.S. LLC ("Capgemini"), and its predecessor. As an employee, Mrs. Heller was a participant in the Capgemini Ernst & Young U.S. LLC Welfare Benefit Plan (the "Plan"), which provided, among other benefits, accidental death (AD&D) benefits through a group policy issued by Defendant American International Life Assurance Company of New York ("AIG"). Mrs. Heller named her husband, the Plaintiff Edward Heller, as the beneficiary of her $1,000,000 accidental death coverage under the Plan.

Mrs. Heller resigned from Capgemini; her last day of work at Capgemini was January 24, 2003. The Plaintiff alleges that, before leaving Capgemini, Mrs. Heller was not properly notified of her ability to convert her group accidental death benefit policy to an individual policy. The Defendants dispute the Plaintiff's contention and contend Mrs. Heller was notified. Mrs. Heller took no action to convert her benefits.

On January 29, 2003, Mrs. Heller died as the result of injuries she suffered in a taxi cab accident. Capgemini issued Mrs. Heller's last paycheck on January 31, 2003. The full $12.00 premium for Mrs. Heller's AD&D benefits was deducted from Mrs. Heller's final paycheck. The premium was forwarded to AIG. The Plaintiff did not receive a refund on the premium payment for the time period January 25, 2003 through January 31, 2003.

Plaintiff submitted a claim for the $1,000,000 accidental death benefit. AIG denied the claim on the basis that Mrs. Heller was no longer employed by Capgemini on the date of her death and, consequently, AIG determined Mr. Heller was not entitled to the accidental death benefits. The Plaintiff appealed AIG's denial of benefits. AIG's ERISA Appeals Committee upheld the denial of benefits. This lawsuit followed.

In his Complaint, the Plaintiff contends: 1) because the full $12.00 premium was deducted from Mrs. Heller's final paycheck, he is entitled to the $1,000,000.00 accidental death benefits; 2) because Mrs. Heller was not notified of her ability to continue benefits, he is entitled to the $1,000,000.00 accidental death benefit; and 3) because Mass. Gen. Laws ch. 175, § 134 "Group Life Policies" applies to the accidental death policy her coverage was automatically extended for thirty-one days. The Plaintiff has notified all parties he is waiving any claim under Mass. Gen. Laws ch. 175, § 134.

DOCSSF1:785527.7
14776-76 EE3/EE3

*Defendants:*

*Capgemini:* Capgemini denies Plaintiff's allegations. Specifically, M.G.L.c. 175, § 134 is inapplicable to accidental death policies. The statute only purports to regulate life insurance policies. Neither Massachusetts nor ERISA required the Plan to notify Mrs. Heller of her right to convert her group AD&D coverage to individual AD&D coverage. However, even if this information were required, Mrs. Heller received written notice of her right to convert her group policy to individual coverage in the form of a Continuation of VP Benefits Summary Sheet (the "Continuation of Benefits Sheet"), which she received at her exit interview on January 24, 2003.[1] Plaintiff's federal common law claims for breach of contract, waiver, and estoppel either fail to state a claim or are barred by ERISA. Lastly, the denial of benefit was proper because, under the terms of the Plan, Mrs. Heller was no longer a participant at the time of her death. Under ERISA, this claim for $1,000,000 in additional AD&D Plan benefits claim must be reviewed under an abuse of discretion standard.

*AIG:* AIG denies the Plaintiff is entitled to recovery. Specifically, AIG contends that the Plaintiff is not entitled to the accidental death benefits because Mrs. Heller was not employed by Capgemini at the time of her death. Further, to the extent Plaintiff seeks remedies not provided for under ERISA, those remedies are barred or preempted by ERISA. M.G.L.c. 175, § 134 is inapplicable to accidental death policies Finally, AIG asserts that the denial of benefits was proper and, under an abuse of discretion standard, all claims must be dismissed as the Plaintiff has not stated a cognizable claim for recovery.

2. **The Principal Factual Issues which the Parties Dispute**

    a. Whether Mrs. Heller was a participant in the Plan at the time of her death.

---

[1] The Plan has recently determined that Mrs. Heller was provided a Continuation of Benefits Sheet on January 24, 2003. Capgemini will amend its answer accordingly.

**Plaintiff's Position**

Plaintiff contends that Mrs. Heller was a participant, or alternatively, that Defendants have waived their right to claim that Mrs. Heller was not a participant in the Plan as of January 29, 2003, the date of her death.

**Defendants' Position**

Defendants believe that Mrs. Heller stopped being a participant in the Plan as of 12:01 a.m. January 25, 2003. According to the terms of the Plan, coverage under the Plan ceases on the day in which one is no longer employed by a participating employer.

      b.      Whether Mrs. Heller received notification of her right to convert her group policy into an individual one.

**Plaintiff's Position**

Plaintiff contends that Mrs. Heller did not receive a written copy of the applicable SPD, nor did she receive the Continuation of Benefits Sheet customarily provided to departing personnel and, therefore, was not properly notified of her right to convert her AD&D group coverage into an individual policy.

**Defendants' Position**

Capgemini's HR Portal on its intranet provided Mrs. Heller with ready access to the Plan's SPD. The Plan's SPD contained a disclosure concerning the ability of a Plan participant to convert their AD&D coverage to an individual policy. Defendants have also learned that Mrs. Heller was provided a copy of the Continuation of Benefits Sheet at her exit interview on January 24, 2003. This Continuation of Benefits Sheet was also accessible via the HR Portal on the Company's intranet. The Continuation of Benefits Sheet disclosed to Mrs. Heller her right to convert the Plan's AD&D coverage to individual coverage. In addition,

neither ERISA nor Massachusetts law requires that a participant be provided with notice of a right to convert group AD&D Plan coverage to individual coverage.

3.   **The Principal Legal Issues which the Parties Dispute:**

a.   Whether Plaintiff was properly denied benefits under ERISA § 502.

b.   Whether claims for waiver, estoppel and breach of contract fail to state a claim or are barred under ERISA.

c.   Whether M.G.L.c. 175, § 134 is applicable.

d.   Whether either ERISA or Massachusetts law require a participant to receive notice of a right to convert an AD&D group policy into an individual one.

e.   Whether the denial of Mrs. Heller's claim for $1,000,000 in additional AD&D Plan Benefits was an abuse of discretion.

4.   **The other factual issues** [e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue] **that remain unresolved.**

a.   None.

5.   **Agenda of Matters to be Discussed at the Scheduling Conference**

All parties agree that this lawsuit will likely be determined on the basis of summary judgment. Therefore, the parties believe that little will need to be discussed at the scheduling conference.

6.   **Proposed Pretrial Schedule (including discovery plan)**

The parties have conferred by telephone pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1 and jointly propose the following discovery plan.

All parties agree to opt out of mandatory disclosures. Currently, the parties do not believe they will need written discovery. However, this is premised, at least on the part of

Plaintiff, on receiving certain supplemental information from the Plan and AIG regarding the payment of premiums, as well as evidence in the form of the SPD or other documents providing disclosures of Mrs. Heller's conversion privileges. Defendants believe that denial of benefits claims are limited to the administrative record and, therefore, no documents need to be provided. However, the Plan is considering Plaintiff's request to supplement the record. Plaintiff reserves his right to seek discovery and/or to supplement the administrative record. The Defendants reserve their right to seek discovery from the Plaintiff. Specifically, Defendants reserve their right take the Plaintiff's deposition. The parties propose the following discovery schedule if it becomes necessary:

**Administrative Record and Relevant Plan Documents**

| | |
|---|---|
| December 20, 2004 | Administrative Record and relevant plan documents produced to Plaintiff |
| December 29, 2004 | Deadline for a party to provide notice to the other party if the party claims that the record is incomplete or inaccurate |
| January 5, 2005 | Deadline for parties to confer to attempt to agree on record, if notice as discussed above is provided |
| January 12, 2005 | Deadline to file "Agreed Upon Record" |
| January 12, 2005 | Deadline to file motions concerning any additional material the parties seek to have added to the record |
| January 26, 2005 | Deadline to file oppositions to motions to add to the record |

**Discovery**

| | |
|---|---|
| January 12, 2005 | Deadline for filing motions to compel or oppose discovery. |
| January 26, 2005 | Deadline to complete discovery. |

**Motions for Summary Judgment**

| | |
|---|---|
| February 18, 2005 | Deadline for filing summary judgment motions. |

DOCSSF1:785527.7
14776-76 EE3/EE3



| | |
|---|---|
| March 18, 2005 | Deadline for filing oppositions to summary judgment motions. |
| April 1, 2005 | Deadline for filing reply brief to any opposition to motions for summary judgment |

The Parties request the matter be set for trial in December 2005.

### 7. Consent to Trial by Magistrate Judge

At present the parties do not anticipate a trial of this matter and do not wish to proceed before a Magistrate Judge.

### 8. Alternative Dispute Resolution

All parties believe the claims likely will be decided by Defendants' respective motions for summary judgment. The parties believe it is in everyone's best interest to revisit the issue of ADR after submission of the motions for summary judgment.

### 9. Settlement

Plaintiff submitted a settlement proposal on December 2, 2004. The parties have been unable to reach any agreement on settlement as of this date.

### 10. Certifications

Local Rule 16.1(D)(3) certifications will be filed by the parties under separate cover.

DATED: December ____, 2004          EDWARD HELLER

                                    Plaintiff

                                    By his attorney,

                                    _____

                                    Joseph H. Skerry, III, Esq. (BBO#544124)
                                    237 Lexington Street
                                    Woburn, MA 01801
                                    (Tel) 781-938-1301

DOCSSF1:785527.7
14776-76 EE3/EE3

DATED: December _____, 2004                        AMERICAN INTERNATIONAL LIFE
                                                                     ASSURANCE COMPANY OF NEW YORK

                                                                     Defendant

                                                                      By its attorney,

                                                                      _____
                                                                      Jennifer L. Markowski, Esq. (BBO#655927)
                                                                      Robert T. Gill, Esq. (BBO#655927)
                                                                      Peabody & Arnold, LLP
                                                                      30 Rowes Wharf
                                                                      Boston, MA 02110
                                                                      (Tel) 617-951-2100

DATED: December _____, 2004                        CAPGEMINI U.S. LLC AND
                                                                     CAP GEMINI ERNST & YOUNG
                                                                     WELFARE PLAN

                                                                      Defendants

                                                                      By their attorney,

                                                                      /s/ Brian E. Lewis_____
                                                                      Brian E. Lewis (BBO#643717)
                                                                      Hinckley Allen Snyder LLP
                                                                      28 State Street
                                                                      Boston, MA 02109
                                                                      (Tel) 617-345-9000

                                                                      - and –

                                                                      James P. Baker, Esq. (admitted pro hac vice)
                                                                      Orrick, Herrington & Sutcliffe, LLP
                                                                      The Orrick Building
                                                                      405 Howard Street
                                                                      San Francisco, CA 94105
                                                                      (Tel) 415-773-5700

March 18, 2005     Deadline for filing oppositions to summary judgment motions.

April 1, 2005     Deadline for filing reply brief to any opposition to motions for summary judgment

The Parties request the matter be set for trial in December 2005.

### 7. Consent to Trial by Magistrate Judge

At present the parties do not anticipate a trial of this matter and do not wish to proceed before a Magistrate Judge.

### 8. Alternative Dispute Resolution

All parties believe the claims likely will be decided by Defendants' respective motions for summary judgment. The parties believe it is in everyone's best interest to revisit the issue of ADR after submission of the motions for summary judgment.

### 9. Settlement

Plaintiff submitted a settlement proposal on December 2, 2004. The parties have been unable to reach any agreement on settlement as of this date.

### 10. Certifications

Local Rule 16.1(D)(3) certifications will be filed by the parties under separate cover.

DATED: December 6, 2004     EDWARD HELLER

Plaintiff

By his attorney,

_____
Joseph H. Skerry, III, Esq. (BBO#544124)
237 Lexington Street
Woburn, MA 01801
(Tel) 781-938-1301

-7-

DATED: December 6, 2004

AMERICAN INTERNATIONAL LIFE
ASSURANCE COMPANY OF NEW YORK

Defendant

By its attorney,

*/s/ Jennifer L. Markowski*

Jennifer L. Markowski, Esq. (BBO#655927)
Robert T. Gill, Esq. (BBO#655927)
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110
(Tel) 617-951-2100

DATED: December 6, 2004

CAPGEMINI U.S. LLC AND
CAP GEMINI ERNST & YOUNG
WELFARE PLAN

Defendants

By their attorney,

/s/ Brian E. Lewis
Brian E. Lewis (BBO#643717)
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109
(Tel) 617-345-9000

- and –

James P. Baker, Esq. (admitted pro hac vice)
Orrick, Herrington & Sutcliffe, LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
(Tel) 415-773-5700