UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| EDWARD HELLER,              )<br>                                        )<br>     Plaintiff,                      )<br>vs.                                     )<br>                                        )<br>CAP GEMINI ERNST & YOUNG WELFARE )<br>PLAN (RE: ACCIDENTAL DEATH BENEFITS), )<br>AMERICAN INTERNATIONAL LIFE ASSURANCE)<br>COMPANY OF NEW YORK, and CAPGEMINI  )<br>U.S. LLC                             )<br>                                        )<br>     Defendants | CIVIL ACTION<br>FILE NO. 04-11875 - WGY |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed.R.Civ.P. 56, the plaintiff Edward Heller moves that this Court enter summary judgment in his favor on Counts I-II of his Complaint, the only remaining counts.[1]

In support of his Motion plaintiff states that the following facts material to resolution of his claim are undisputed:

    a.    For a number of years prior to January 2003, the plaintiff's wife Patricia Heller was an employee of the defendant Capgemini U.S. LLC f/k/a Cap Gemini Ernst & Young U.S. LLC (CGE&Y);

    b.    As an employee, Patricia was a participant in the defendant CGE&Y Welfare Plan, which provided, among other benefits, accidental death benefits;

---

[1] The parties have stipulated to dismissal of Count IV (G.Lc.175,§134 theory) and Count V (inadequate notice of conversion theory).

1

c. At all times material, the defendant American International Life Insurance Company of New York (AIG) provided group accidental death insurance coverage to CGE&Y;

d. Patricia, not her employer CGE&Y, paid the full cost of her AD&D coverage;

e. Patricia's coverage under the AD&D Plan was entirely funded by premium deductions by CGE&Y from Patricia's twice monthly payroll checks, which CGE&Y forwarded to AIG;

f. Under the Group Policy issued by AIG, premiums for coverage were payable monthly, in arrears;

g. Patricia died on January 29, 2003 as a result of injuries she suffered in a taxi cab accident;

h. Although Patricia left CGE&Y on January 24, 2003, CGE&Y deducted from Patricia's paychecks, the full premium due for Patricia's AD&D coverage for the entire month of January 2003;

i. At the time CGE&Y deducted the full premium from Patricia's last paycheck (on January 31, 2003), CGE&Y benefit personnel were aware of Patricia's January 24, 2003 departure from CGE&Y and her January 29, 2003 accidental death;

j. Despite claiming that Patricia's AD&D coverage terminated on her last day worked (January 24, 2003), at no time has CGE&Y/

|   |   |
|---|---|
|   | Capgemini rebated or refunded the unearned premium for the period January 25, 2003 to January 31, 2003; |
| k. | CGE&Y/Capgemini states that it is its standard payroll practice to deduct the full premium from the final paychecks of departing employees and not to refund or rebate unearned premiums to those departing employees; |
| l. | CGE&Y forwarded the full January 2003 premium for Patricia's AD&D coverage to AIG; |
| m. | During claims processing CGE&Y informed AIG of the facts set forth above, namely that it had deducted the full premium for the month of January 2003, and although it took the position that her AD&D coverage terminated January 24, 2003, it had not rebated any of the premium for the period after Patricia Heller's January 24, 2003 departure from CGE&Y; |
| n. | Despite claiming that Patricia's AD&D coverage terminated January 24, 2003, at no time has AIG refunded or rebated the unearned premium for the period January 25, 2003 through January 31, 2003; |
| o. | During the claims processing, Mr. Heller questioned AIG (and CGE&Y), on several occasions, why, if they accepted and retained Patricia's premium for the full month of January, they were at the same time claiming that Patricia was not covered at the time of her January 29, 2003 death; |

3

    p.    Rather than refunding the unearned premium, AIG attempted to mislead Mr. Heller by claiming that CGE&Y had informed AIG that premiums had only been paid through Patricia's last day worked (January 24, 2003), (when in fact CGE&Y had informed AIG that it had deducted the full premium for the month of the entire month of January without rebate);

    q.    Despite Mr. Heller raising the issue of retaining unearned premium, in its denial letters AIG ignored Mr. Heller's unearned premium payment claim. Instead, AIG twice denied the claim on the grounds that Patricia's AD&D coverage had expired on her last day worked (January 24, 2003) and because Patricia had not timely submitted a conversion application, no benefits were available for her January 29, 2003 death;

    r.    Because AIG ignored Mr. Heller's premium payment arguments, it did not develop a full administrative record on the unearned premium payment issue;

    s.    In this lawsuit AIG and Capgemini refused Mr. Heller's request to supplement the administrative record to address the unearned premium payment facts.

Plaintiff contends that under the governing law, he is entitled to judgment as matter of law on the undisputed material facts because:

    a.    Even assuming that defendants are correct that the plan documents called for Patricia's coverage to terminate on

4

        January 24, 2003, the defendants waived this defense by their refusal to refund the unearned premium for the period January 25, 2003 to January 31, 2003, even after it became clear beyond all doubt that defendants were not entitled to retain such premium; and

    b.    Even assuming a deferential standard of review, because AIG: (i) attempted to mislead Mr. Heller about the date premiums were paid through (even though it knew the true date); and (ii) ignored Mr. Heller's unearned premium payment arguments in denying his claim, AIG's decision to deny benefits was unreasonable, and therefore arbitrary and capricious.

In support of this Motion, Plaintiff submits a Rule 56.1 Statement of the Material Facts as to Which There is No Genuine Issue to be Tried, and a Memorandum.

        EDWARD HELLER
        By his attorney,

        /s/ JHSkerry, III

        Joseph H. Skerry, III
        BBO# 544124
        237 Lexington Street
        Woburn, Massachusetts 01801
        781-938-1301
        781-938-1344
        jayskerry@rcn.com

### CERTIFICATE OF SERVICE

I Joseph H. Skerry, III hereby certify that I served the forgoing by mail on counsel of record.

March 4, 2005        /s/ JHSkerry, III
        Joseph H. Skerry, III