UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD HELLER,<br>          Plaintiff,<br><br>v.<br><br>CAP GEMINI ERNST & YOUNG WELFARE PLAN (RE: ACCIDENTAL DEATH BENEFITS), AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK, AND CAPGEMINI U.S. LLC,<br>          Defendant. | CIVIL ACTION NO. 04-11875-WGY |

**DEFENDANT AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK'S MOTION FOR SUMMARY JUDGMENT**

---

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Defendant, American International Life Assurance Company of New York ("AIG"), moves for summary judgment on Count I, II and III of the Complaint of Edward Heller ("Heller").[1]  This is an ERISA action to recover $1,000,000.00 in benefits under an accidental death and dismemberment plan ("the Plan") for the death of Heller's wife, Patricia Heller ("Patricia").  The Plan benefits were provided through an insurance policy ("the Policy") purchased from AIG.  Under the explicit terms of the Policy, in order for the plaintiff to receive benefits, Patricia must have been an active employee of co-defendant Cap Gemini Ernst & Young ("CGE&Y") at the time of her death.  It is undisputed that Patricia voluntarily resigned from CGE&Y five (5) days before her

---

[1] Heller, through is counsel, has agreed to waive Counts IV and V of his Complaint.  Thus, if the Court grants AIG's motion, Heller's cause of action will be disposed of in its entirety.

tragic death and, at the time, was working for a new employer  She clearly was not an active CGE&Y employee.

AIG's denial of Heller's claim for benefits on the basis of its determination that Patricia was not an eligible plan participant on the date of her death was neither arbitrary nor capricious and was reasoned and supported by substantial evidence.  As a matter of law, based upon the undisputed facts, the plaintiff's claim for benefits fails.  Moreover, the plaintiff's purported common law or equitable claims also fail as they are preempted by ERISA.

In further support of this Motion, and incorporated herein by reference, AIG relies on the following documents:  (1) Memorandum of Law in Support of Defendant American International Life Assurance Company of New York's Motion for Summary Judgment; (2) AIG's Local Rule 56.1 Statement of Undisputed Facts; (3) Affidavit of Myra Zimmerman; and (4) Affidavit of Jennifer Markowski.

AIG respectfully requests that this Court grant its Motion for Summary Judgment on Counts I, II and III of the plaintiff's Complaint and grant such other relief as the Court deems just and equitable.

REQUEST FOR ORAL ARGUMENT

AIG respectfully requests a hearing on its Motion for Summary Judgment.

Respectfully Submitted,

**AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK**
By its attorney,

/s/ Jennifer L. Markowski
_____
Robert T. Gill, BBO#192080
Jennifer L. Markowski, BBO #655927
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

## **CERTIFICATE OF SERVICE**

      I, hereby certify that on April 8, 2005, I caused to be electronically filed the preceding DEFENDANT AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK'S MOTION FOR SUMMARY JUDGMENT in Civil Action No. 04-11875-WGY with the Clerk of Court using the CM/ECF system.

                                        /s/ Jennifer L. Markowski
                                        _____
                                        Jennifer L. Markowski