# EXHIBIT 1

# (MEMO. OF LAW)

*HELLER V. CAP GEMINI ERNST & YOUNG, ET AL.*
*C.A. NO. 04-11875-WGY*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION 99-11016-RWZ

RICHARD R. SANTOS

v.

VISITING NURSE ASSOCIATES, INC.,

MEMORANDUM OF DECISION

March 10, 2000

ZOBEL, D.J.

    Plaintiff, an employee of defendant from 1994 until 1997, claims that he elected to purchase long-term disability insurance "through his position with defendant." He alleges that defendant deducted from his pay the amount of the prescribed employee contribution for a period of 14 months, but then denied plaintiff benefits when he allegedly became disabled. He brought suit in the state court for damages on theories of breach of contract, breach of fiduciary duty, negligence and gross negligence. Defendant removed on the ground that the claims arose under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq., and it then moved for summary judgment on the ground that they are also preempted by ERISA.

    Although the complaint is silent on this point, defendant points out in its motion and lays out in the affidavit supporting the motion, that it had established and maintained a voluntary plan to provide, through the purchase of insurance, long-term disability ("LTD") benefits. Defendant, which is in the business of supplying home health care



services, further explains that in 1995 it merged with two other home health care agencies to create VNA Care Network, Inc. ("VNA Care Network"). Effective January 1, 1997, the combined organization instituted the VNA Care Network, Inc. - Group Life, Accidental Death & Dismemberment and Voluntary Long-Term Disability Insurance Plans, ERISA covered plans, and contracted with Fortis Benefits Insurance Company to provide to the participants various benefit plans. As the name implies and the plan provided, coverage was voluntary and employees had to take steps to enroll. However, those who had participated in the defendant's plan were eligible to participate in the new one without evidence of insurability. Others could enroll only during open season and upon providing evidence of insurability.

Plaintiff became eligible for LTD insurance when he became an employee of VNA on July 25, 1994. The affidavit in support of the motion includes a copy of an enrollment form apparently given to plaintiff, on which he was to indicate either his acceptance of benefits and authorization of deductions of the premiums from his pay, or his refusal to participate. On August 5, 1994, plaintiff signed the portion of the form declining coverage. Plaintiff does not deny his signature, but he asserts that he later, in November 1995, when he returned from a one-month medical leave of absence, advised an employee of defendant to enroll him in the plan. According to defendant's uncontroverted affidavit, however, plaintiff did nothing to meet the requirements of the plan. In particular, he never provided any evidence of insurability, and no certificate of insurance was ever issued to him. Nevertheless, for reasons not explained, LTD premiums were deducted from his pay from mid-October 1995 through December 1996.

In July 1997, Plaintiff suffered a severe back injury and notified defendant "to activate" his benefits under the LTD plan. Defendant denied benefits because plaintiff was never enrolled in the plan, and it tendered a check in the amount of the premiums mysteriously deducted, together with interest thereon.

The statute, 29 U.S.C. § 1444, provides that, with exceptions not here applicable, "the provisions of . . . this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described . . ." in the statute. Plaintiff suggests that the complaint contains only state law causes of action, that this court is without jurisdiction to hear them and that they do not "relate to any employer benefit plan" within the ambit of ERISA and are not, therefore, preempted by ERISA. The difficulty with plaintiff's argument is that he is seeking to recover "lost insurance benefits," precisely what the plans provide. Although styled as claims for breach of contract and fiduciary duty and negligence, plaintiff's claims relate to the VNA Care Network plans because they derive from those plans and reference them. Paragraph 5 of the complaint, for example, alleges that plaintiff "elected to purchase long-term disability insurance through his position with the Defendant." It may be, as plaintiff states, that if his claims are preempted, he is left without any remedy, but that cannot change the operation of ERISA.

The motion for summary judgment is allowed. Judgment may be entered for defendant.

　　　　　　　　　　　　　　　　　　　　　/s/ Rya W. Zobel
　　　　　　　　　　　　　　　　　　　　　RYA W. ZOBEL
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE