UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD HELLER,<br>        Plaintiff,<br><br>v.<br><br>CAP GEMINI ERNST & YOUNG WELFARE PLAN (RE: ACCIDENTAL DEATH BENEFITS), AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK, AND CAPGEMINI U.S. LLC,<br>        Defendant. | CIVIL ACTION NO. 04-11875-WGY |

**LOCAL RULE 56.1 STATEMENT OF UNDISPUTED AND MATERIAL FACTS**

This is an ERISA benefits action brought by the plaintiff Edward Heller to recover accidental death benefits he alleges were wrongfully denied upon the death of his wife. The plaintiff has named Cap Gemini Ernst & Young Welfare Plan, Cap Gemini U.S. LLC, (collectively referred to as "CGE&Y") and American International Life Assurance Company of New York ("AIG") as defendants. AIG provides the following proposed material and undisputed facts in accordance with Local Rule 56.1.

I.    <u>The Plan Documents and Provisions</u>

    1.    CGE&Y is the Plan Administrator and named fiduciary of the Cap Gemini Ernst & Young U.S. Accidental Death & Dismemberment Plan ("the Plan"). (Zimm. Aff. ¶¶ 6, 9.)

    2.    The Plan authorizes CGE&Y to delegate its fiduciary responsibility. (Zimm. Aff. ¶¶ 7, 9.)

3.      CGE&Y delegated it authority to AIG through the SPD, which provides that AIG is responsible for evaluating claims and paying benefits under the Plan.  (Zimm. Aff. ¶¶ 7, 9.)

4.      Under the delegation of authority, "AIG ha[d] the sole discretionary authority to determine eligibility for benefits and to interpret the terms of the insurance policy." (Zimm. Aff. ¶¶ 7, 11.)

5.      The pertinent provisions dealing with participant eligibility are as follows:

> *Accidental Death Benefit*.  If injury to the Insured Person results in death within
> 365 days of the date of the accident that caused the Injury, the Company will pay 100% of the Principal Sum.
>
> *Injury* – means bodily injury caused by an accident occurring while this policy is in force as to the person whose injury is the basis of claim and resulting directly and independently of all other causes in a covered loss.
>
> *Classification of Eligible Person*
> *Class   Description of Class*
> 1.      All active full-time employees working an average of 30 hours per week, all active part-time employees working an average of 20 hours per week and all retirees of Cap Gemini Ernst & Young US LLC
>
> *Insured's Termination Date*.  An Insured's coverage under this Policy ends on the earliest of: (1) the date this Policy is terminated; (2) the premium due date if premiums are not paid when due; (3) the date the Insured requests, in writing, that his or her coverage be terminated; or (4) the date the Insured ceases to be a member of any eligible class(es) of persons as described in the Classification of Eligible Persons section of the Master Application.
>
> *Conversion Privilege Rider*:  If an Insured Person's coverage ends (prior to age 80) because he or she is no longer a member of any eligible class of persons as described in the Classification of Eligible Persons section of the Master Application, coverage may be converted to an individual accidental death and dismemberment policy (herein called an Individual Policy).
>
> The Company must receive a written application and payment of the required premium within 31 days after coverage ends under the Policy. No evidence of insurability is required to obtain the Individual Policy.

> The Individual Policy will be a type the Company regularly makes available on its effective date. The initial premium for the Individual policy will be based on the Insured Person's attained age, risk class, and amount of insurance provided, at the time of the application for the Individual Policy.
>
> Coverage under the Individual Policy will take effect on the later of: (1) the date the application and required premium payment are received by the Company; or (2) the date that the Insured Person's coverage under the Policy ends. In the event that the application and required premium are not received prior to termination of coverage under the Policy, coverage is not provided from the date coverage ends under the Policy until the date coverage under the Individual Policy becomes effective. Coverage under the Individual Policy may not be less than $100,000 and may not exceed the greater of: (1) the amount for which the Insured Person was covered under the Policy; or (2) $250,000.

(Zimm. Aff. ¶¶ 7, 8, 12-15.)

6.  If an employee's coverage ended or his/her dependent's coverage ended for any reason other than non-payment of premiums, coverage could be converted to an individual accidental death and dismemberment policy provided AIG received a written application and premium payment within thirty-one (31) days after coverage ended under the Plan. (Zimm. Aff. ¶¶ 7, 8, 16.)

II.  Patricia Heller's Employment With CGE&Y

7.  In March 1991, Patricia Heller ("Patricia"), the plaintiff's deceased wife, began working as a consultant for co-defendant Ernst & Young, which is now known as Cap Gemini Ernst & Young ("CGE&Y"). (Zimm. Aff. ¶ 17.)

8.  As an employee of CGE&Y, Patricia participated in a Group Accident Insurance Plan, ("the Plan") which became effective on July 1, 2001. (Zimm. Aff. ¶ 18.)

9.  In January 2003, Patricia resigned from CGE&Y. (AIG00036; Zimm. Aff. ¶ 19.)

10. Patricia's last day of work was January 24, 2004. (AIG00036; Zimm. Aff. ¶ 20.)

11. Although Patricia had the option of converting her group policy to an individual policy within thirty-one (31) days of her separation from CGE&Y, she did not exercise this option. (AIG00032, 34, 38; Zimm. Aff. ¶ 21.)

12. On January 29, 2003, five days after severing her employment relationship with CGE&Y, Patricia was killed while riding in a taxi cab that crashed into a tree in Atlanta, Georgia. (AIG00043-44; Zimm. Aff. ¶ 22.)

13. At the time of her death Patricia was traveling for her new employer Bearing Point. (Zimm. Aff. ¶ 23.)

14. Two days after her death, on January 31, 2003, CGE&Y issued Patricia's final paycheck. (Mark. Aff. ¶ 2; Zimm. Aff. ¶ 24.)

15. CGE&Y deducted $12 from Patricia's final paycheck for payment of the premium for Patricia's Accidental Death and Dismemberment policy. (AIG00025, 27, 37; Zimm. Aff. ¶ 29.)

III. Edward Heller's Claim for Accidental Death Benefits

16. On February 27, 2003, the plaintiff submitted a Proof of Loss Claim form seeking the $1,000,000.00 accidental death benefits he alleges he is entitled to. (AIG00042-44; Zimm. Aff. ¶ 26.)

17. After AIG requested various information from the plaintiff, AIG determined that the policy no longer covered Patricia on her date of death and therefore denied the claim for benefits on June 23, 2003. (AIG00028-30, 36, 39-41; Zimm. Aff. ¶¶ 27-29.)

18. On August 20, 2003, the plaintiff appealed the denial of benefits. On December 11, 2003, AIG informed the plaintiff that it intended to uphold the denial of benefits. (AIG00015-23; Zimm. Aff. ¶ 30.)

19. AIG denied the plaintiff's claim for benefits because it determined that on January 25, 2003, Patricia "ceased being a member of an eligible class of persons as described in the Classification of Eligible Persons section of the Master Application and on January 29, 2003, when the accident occurred, her coverage was no longer in force." (Zimm. Aff. ¶ 29.)

IV. The Plaintiff's Claims

20. The plaintiff filed this action asserting five (5) Counts. (Mark. Aff. ¶ 2.)

21. The plaintiff has agreed to dismiss Counts IV and V. (Mark. Aff. ¶ 4.)

22. In support of Counts I through III the plaintiff alleges that because CGE&Y deducted the full $12 premium from Patricia's final paycheck, he is entitled to $1,000,000.00 in accidental death and dismemberment benefits. (Mark. Aff. ¶ 2.)

Respectfully Submitted,

**AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK**
By its attorney,

/s/ Jennifer L. Markowski
_____
Robert T. Gill, BBO#192080
Jennifer L. Markowski, BBO #655927
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

## CERTIFICATE OF SERVICE

    I, hereby certify that on April 8, 2005 I caused to be electronically filed the preceding LOCAL RULE 56.1 STATEMENT OF UNDISPUTED AND MATERIAL FACTS in Civil Action No. 04-11875-WGY with the Clerk of Court using the CM/ECF system.

                                            /s/ Jennifer L. Markowski
                                            _____
                                            Jennifer L. Markowski