UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD HELLER,<br>　　　　　　Plaintiff,<br><br>v.<br><br>CAP GEMINI ERNST & YOUNG<br>WELFARE PLAN (RE: ACCIDENTAL<br>DEATH BENEFITS), AMERICAN<br>INTERNATIONAL LIFE ASSURANCE<br>COMPANY OF NEW YORK, AND<br>CAPGEMINI U.S. LLC,<br>　　　　　　Defendants. | CIVIL ACTION NO. 04-11875-WGY |

## AFFIDAVIT OF MYRA ZIMMERMAN

I, Myra Zimmerman, hereby depose under oath and state as follows:

1.　　I am a Manager in the Accidental Death and Dismemberment ("AD&D") Claims Department at American International Life Insurance Company of New York ("AIG").

2.　　AIG was the underwriter for an accidental death policy issued to Cap Gemini Ernst & Young Employee Welfare Benefit Plan ("the Plan").

3.　　My duties and responsibilities with respect to the Plan include reviewing and deciding claims for benefits submitted by Plan beneficiaries.

4.　　I was personally involved in reviewing the claim for benefits that was submitted by Edward Heller in 2003.

5.　　I make this affidavit based upon my personal knowledge and/or based upon a review of the administrative record maintained by AIG in this matter, which AIG's counsel

informs me has been bates labeled as AIG00001 through AIG00162 and filed with the Court in relation to this matter.

6.      A true and accurate copy of the Cap Gemini Ernst & Young Welfare Benefit Plan Administrative Document that was in effect on January 29, 2003, is attached as Exhibit A.

7.      A true and accurate copy of the Cap Gemini Ernst & Young Accidental Death & Dismemberment Summary Plan Description ("SPD") that was in effect on January 29, 2003, is attached as Exhibit B.

8.      A true and accurate copy of the AIG Group Accident Insurance Policy No. 8060643 ("the Policy"), which insured the Plan on January 29, 2003, is attached as Exhibit C.

I.      The Plan Documents and Their Provisions

9.      Cap Gemini Ernst & Young U.S. LLC ("CGE&Y") is the Plan Administrator and named fiduciary under the Plan and is authorized to delegate its fiduciary responsibility. (Exhibit B, p. 2; Exhibit A, p. 5, ¶ 8.5.)

10.     The Plan delegated it authority to AIG through the SPD, which provided that AIG was responsible for evaluating claims and paying benefits under the Plan.  (Exhibit B, p. 2.)

11.     Under the delegation of authority, "AIG has the sole discretionary authority to determine eligibility for benefits and to interpret the terms of the insurance policy."  (Exhibit B, p. 13.)

12.     In order to be eligible to participate in the Plan, an individual has to be "[a]n active, permanent, full-time employee, . . . or [a]n active, permanent, part-time employee." (Exhibit B, p. 3.)

13.     Eligible dependents include an eligible employee's spouse.  (Id.)

2

14.    All claims must be submitted to AIG in writing and, in the case of an employee death, must be accompanied by an original death certificate. (<u>Exhibit B</u>, p. 9.)

15.    <u>An employee's coverage under the Plan ceases on the day in which</u> one of the following occurs: 1) <u>the employee is no longer employed by CGE&Y</u>; 2) the Plan terminates or is amended to exclude the class of individuals that includes the employee or the employee's dependents; 3) if the employee becomes eligible for coverage under a plan intended to replace this coverage; 4) if AIG terminates the policy; 5) if CGE&Y discontinues the Plan; or 6) if premiums due under the insurance policy have not been timely paid. (Emphasis added.) (<u>Id.</u>)

16.    If an employee's coverage ends or his/her dependent's coverage ends for any reason other than non-payment of premiums, coverage may be converted to an individual accidental death and dismemberment policy provided AIG receives a written application and payment of the premium within (thirty-one) 31 days after coverage ends under the Plan. (<u>Exhibit B</u>, p. 10.)

II.    <u>Patricia Heller's Employment with CGE&Y</u>

17.    In March 1991, Patricia Heller ("Patricia"), the plaintiff's deceased wife, began working as a consultant for co-defendant Ernst & Young, which is now known as Cap Gemini Ernst & Young ("CGE&Y").

18.    As an employee of CGE&Y, Patricia participated in a Group Accident Insurance Plan, ("the Plan") which became effective on July 1, 2001.

19.    In January 2003, Patricia resigned from CGE&Y.

20.    Patricia's last day of work was January 24, 2003.

21.    Patricia did not convert her accidental death benefits to an individual policy.

22.    On January 29, 2003, just five days after severing her employment relationship with CGE&Y, Patricia was killed while riding in a taxi cab that crashed into a tree in Atlanta, Georgia.

23.    At the time of her death she was traveling for her new employer Bearing Point.

24.    Two days after her death, on January 31, 2003, CGE&Y issued Patricia's final paycheck.

25.    CGE&Y deducted $12 from Patricia's final paycheck for payment of the premium for Patricia's Accidental Death and Dismemberment policy.

III.    AIG's Denial of Edward Heller's Claim for Accidental Death Benefits

26.    On February 27, 2003, the plaintiff submitted a Proof of Loss Claim form seeking $1,000,000.00 in accidental death benefits.

27.    On April 14, 2003, AIG wrote to the plaintiff requesting additional information to determine the reason why Patricia was no longer actively employed at CGE&Y on January 24, 2003.

28.    After learning that Patricia had resigned from CGE&Y prior to her date of death and was not employed by CGE&Y on her date of death, we informed the plaintiff by a letter dated June 23, 2003, that we had concluded his claim was not covered.

29.    Specifically, AIG denied the claim because we determined that on January 25, 2003, Patricia "ceased being a member of an eligible class of persons as described in the Classification of Eligible Persons section of the Master Application and on January 29, 2003, when the accident occurred, her coverage was no longer in force."

30.    On August 20, 2003, the plaintiff appealed the denial of benefits. On December 11, 2003, AIG informed the plaintiff that we were upholding the denial of benefits.

Signed under the pains and penalties of perjury this 3rd day of March 2005.

Myra Zimmerman, Manager AD&D
Claim, AIG Claim Services, Inc.