## CLAIMS PROVISIONS

**Notice of Claim.** Written notice of claim must be given to the Company within 20 days after an Insured Person's loss, or as soon thereafter as reasonably possible. Notice given by or on behalf of the claimant to the Company at American International Companies®, Accident and Health Claims Division, 80 Pine Street, 13th Floor, New York, NY 10005, with information sufficient to identify the Insured Person, is deemed notice to the Company.

**Claim Forms.** The Company will send claim forms to the claimant upon receipt of a written notice of claim. If such forms are not sent within 15 days after the giving of notice, the claimant will be deemed to have met the proof of loss requirements upon submitting, within the time fixed in this Policy for filing proof of loss, written proof covering the occurrence, the character and the extent of the loss for which claim is made. The notice should include the Insured's name, the Policyholder's name and the Policy number.

**Proof of Loss.** Written proof of loss must be furnished to the Company within 90 days after the date of the loss. If the loss is one for which this Policy requires continuing eligibility for periodic benefit payments, subsequent written proofs of eligibility must be furnished at such intervals as the Company may reasonably require. Failure to furnish proof within the time required neither invalidates nor reduces any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible.

**Payment of Claims.** Upon receipt of due written proof of death, payment for loss of life of an Insured Person will be made to the Insured Person's beneficiary as described in the Beneficiary Designation and Change provision of the General Provisions section.

Upon receipt of due written proof of loss, payments for all losses, except loss of life, will be made to (or on behalf of, if applicable) the Insured Person suffering the loss. If an Insured Person dies before all payments due have been made, the amount still payable will be paid to his or her beneficiary as described in the Beneficiary Designation and Change provision of the General Provisions section.

If any payee is a minor or is not competent to give a valid release for the payment, the payment will be made to the legal guardian of the payee's property. If the payee has no legal guardian for his or her property, a payment not exceeding $1,000 may be made, at the Company's option, to any relative by blood or connection by marriage of the payee, who, in the Company's opinion, has assumed the custody and support of the minor or responsibility for the incompetent person's affairs.

Any payment the Company makes in good faith fully discharges the Company's liability to the extent of the payment made.

**Time of Payment of Claims.** Benefits payable under this Policy for any loss other than loss for which this Policy provides any periodic payment will be paid immediately upon the Company's receipt of due written proof of the loss. Subject to the Company's receipt of due written proof of loss, all accrued benefits for loss for which this Policy provides periodic payment will be paid at the expiration of each month during the continuance of the period for which the Company is liable and any balance remaining unpaid upon termination of liability will be paid immediately upon receipt of such proof.

C11960NY

CAP

## GENERAL PROVISIONS

**Entire Contract; Changes.** This Policy, the Master Application, and any attached papers make up the entire contract between the Policyholder and the Company. In the absence of fraud, all statements made by the Policyholder or any Insured Person will be considered representations and not warranties. No written statement made by an Insured Person will be used in any contest unless a copy of the statement is furnished to the Insured Person or his or her beneficiary or personal representative.

No change in this Policy will be valid until approved by an officer of the Company. The approval must be noted on or attached to this Policy. No agent may change this Policy or waive any of its provisions.

**Incontestability.** The validity of this Policy will not be contested after it has been in force for [two][1] year(s) from the Policy Effective Date, except as to nonpayment of premiums.

After an Insured Person has been insured under this Policy for two year(s) during his lifetime, no statement made by the Insured Person, except a fraudulent one, will be used to contest a claim under this Policy. The Company may only contest coverage if the misstatement is made in a written instrument signed by the Insured Person and a copy is given to the Policyholder, the Insured Person or the beneficiary.

**Certificates of Insurance.** The Company will provide certificates of insurance for delivery to each Insured describing the coverage provided, any limitations, reductions, and exclusions applicable to the coverage, and to whom benefits will be paid.

**Insured's Beneficiary Designation and Change.** The Insured's designated beneficiary(ies) is (are) the person(s) so named by the Insured for the Policyholder's group life insurance policy as shown on the Policyholder's records kept on that policy, unless the Insured has named a beneficiary specifically for this Policy as shown on the Company's or, if agreed upon in advance by the Company, the Policyholder's records kept on this Policy.

An Insured over the age of majority and legally competent may change his or her beneficiary designation at any time, unless an irrevocable designation has been made, without the consent of the designated beneficiary(ies), by providing the Company or, if agreed upon in advance by the Company, the Policyholder with a written request for change. When the request is received by the Company or, if agreed upon in advance by the Company, the Policyholder, whether the Insured is then living or not, the change of beneficiary will relate back to and take effect as of the date of execution of the written request, but without prejudice to the Company on account of any payment made by it prior to receipt of the request.

If there is no designated beneficiary or no designated beneficiary is living after the Insured's death, the benefits will be paid, in equal shares, to the survivors in the first surviving class of those that follow: the Insured's (1) spouse; (2) children; (3) parents; or (4) brothers and sisters. If no class has a survivor, the beneficiary is the Insured's estate.

**Physical Examination and Autopsy.** The Company at its own expense has the right and opportunity to examine the person of any individual whose loss is the basis of claim under this Policy when and as often as it may reasonably require during the pendency of the claim and to make an autopsy in case of death where it is not forbidden by law.

C11960NY

CAP

**Legal Actions.** No action at law or in equity may be brought to recover on this Policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this Policy. No such action may be brought after the expiration of three years after the time written proof of loss is required to be furnished.

**Noncompliance with Policy Requirements.** Any express waiver by the Company of any requirements of this Policy will not constitute a continuing waiver of such requirements. Any failure by the Company to insist upon compliance with any Policy provision will not operate as a waiver or amendment of that provision.

**Conformity With State Statutes.** Any provision of this Policy which, on its effective date, is in conflict with the statutes of the state in which this Policy is delivered is hereby amended to conform to the minimum requirements of those statutes.

**Workers' Compensation.** This Policy is not in lieu of and does not affect any requirements for coverage by any Workers' Compensation Act or similar law.

**Clerical Error.** Clerical error, whether by the Policyholder or the Company, will not void the insurance of any Insured Person if that insurance would otherwise have been in effect nor extend the insurance of any Insured Person if that insurance would otherwise have ended or been reduced as provided in this Policy.

**Records.** The Company has the right to inspect at any reasonable time, any records of the Policyholder that may have a bearing on this insurance.

**Assignment.** This Policy is non-assignable. An Insured may assign all of his or her rights, privileges and benefits under this Policy without the consent of his or her designated beneficiary. The Company is not bound by an assignment until the Company receives and files a signed copy. The Company is not responsible for the validity of assignments. The assignee only takes such rights as the assignor possessed and such rights are subject to state and federal laws and the terms of this Policy.

**New Entrants.** This Policy will allow from time to time, that new eligible Insured Persons of the Policyholder be added to the class(es) of Insured Persons originally insured under this Policy.

**Misstatement of Age.** If premiums for the Insured Person are based on age and the Insured Person has misstated his or her age, there will be a fair adjustment of premiums based on his or her true age. If the benefits for which the Insured Person is insured are based on age and the Insured Person has misstated his or her age, there will be an adjustment of said benefit based on his or her true age. The Company may require satisfactory proof of age before paying any claim.

C11960NY

CAP



**American International Life Assurance
Company of New York**
Home Office: 70 Pine Street
New York, New York 10270
(212) 770-7000
(Herein called the Company)

Policyholder: **Cap Gemini Ernst & Young US LLC**
Policy Number: **PAI 8060643**

### CONVERSION PRIVILEGE RIDER

This Rider is attached to and made part of the Policy as of the Policy Effective Date shown in the Policy's Master Application. It applies only with respect to individual coverage that ends on or after that date. It is subject to all of the provisions, limitations and exclusions of the Policy except as they are specifically modified by this Rider.

**Conversion Privilege (Applies to the Accidental Death Benefit and Accidental Dismemberment Benefit only.)** If an Insured Person's coverage ends (prior to age 80) because he or she is no longer a member of any eligible class of persons as described in the Classification of Eligible Persons section of the Master Application, coverage may be converted to an individual accidental death. and dismemberment policy (herein called an Individual Policy).

The Company must receive a written application and payment of the required premium within 31 days after coverage ends under the Policy. No evidence of insurability is required to obtain the Individual Policy. The Individual Policy will be a type the Company regularly makes available on its effective date. The initial premium for the Individual Policy will be based on the Insured Person's attained age, risk class, and amount of insurance provided, at the time of application for the Individual Policy.

Coverage under the Individual Policy will take effect on the later of: (1) the date the application and required premium payment are received by the Company; or (2) the date that the Insured Person's coverage under the Policy ends. In the event that the application and required premium are not received prior to termination of coverage under the Policy, coverage is not provided from the date coverage ends under the Policy until the date coverage under the Individual Policy becomes effective. Coverage under the Individual Policy may not be less than $100,000 and may not exceed the greater of: (1) the amount for which the Insured Person was covered under the Policy; or (2) $250,000.

The President and Secretary of American International Life Assurance Company of New York witness this Rider:

*[signature]*          *[signature]* Elizabeth M. Tuck

C11971                                    1                                    CAP

®

**American International Life Assurance Company of New York**
Home Office: 70 Pine Street
New York, New York 10270
(212) 770-7000
(Herein called the Company)

Policyholder: **Cap Gemini Ernst & Young US LLC**
Policy Number: **PAI 8060643**

### WAIVER OF PREMIUM BENEFIT RIDER

This Rider is attached to and made part of the Policy as of the Policy Effective Date shown in the Policy's Master Application. It applies only with respect to an Insured receiving disability benefits under a disability plan provided through the Policyholder where the Insured's disability begins on or after the later of: (1) the effective date of this Rider; or (2) the date coverage under the Policy begins for that Insured. It is subject to all of the provisions, limitations and exclusions of the Policy except as they are specifically modified by this Rider.

**Waiver of Premium Benefit.** Subject to the Policy remaining in force, all premiums due under the Policy on behalf of an Insured who is receiving disability benefits under a disability plan provided through the Policyholder, will be waived. Premiums will be waived from the first premium due date on or after the date the disability benefits begin. Premium payments must be resumed on the premium due date next following: (1) the date the Insured returns to work; or (2) the date when such disability benefits are stopped, whichever occurs first. If premium payments are not resumed on that date, the Insured's coverage under the Policy ends on that date.

The Principal Sum amount that applies during the time premiums are waived is (1) $1,000,000; or (2) the Principal Sum in force on the Insured on the date the disability began.

The President and Secretary of American International Life Assurance Company of New York witness this Rider:

President                                Secretary

 ®    **American International Life Assurance Company of New York**
Home Office: 70 Pine Street
New York, New York 10270
(212) 770-7000
(Herein called the Company)

Policyholder: **Cap Gemini Ernst & Young US LLC**
Policy Number: **PAI 8060643**

## TUITION AND GROUP MEDICAL/DENTAL PREMIUM CONTINUATION REIMBURSEMENT BENEFIT RIDER

This Rider is attached to and made part of the Policy as of the Policy Effective Date shown in the Policy's Master Application. It applies only with respect to accidents that occur on or after that date. It is subject to all of the provisions, limitations and exclusions of the Policy except as they are specifically modified by this Rider.

**Tuition and Group Medical/Dental Premium Continuation Reimbursement Benefit.** If an Insured suffers accidental death such that an Accidental Death benefit is payable under the Policy, and the Insured had Family Coverage in effect under the Policy on the date of the accident causing death, the Company will pay the following benefit:

[A.]    **For the Insured Dependent Children under Age 25.** The Company will pay a benefit to or on behalf of any Insured Dependent Child under age 25 who was insured under the Policy on the date of the accident causing death and who, on the date of the Insured's death: (1) is a full-time student in any Institution of Higher Learning above grade 12; or (2) is in grade 12 and subsequently enrolls as a full-time student in an Institution of Higher Learning within 365 days after the date of the Insured's death. The benefit will be paid for each year of the Insured Dependent Child's continuous enrollment as a full-time student in an Institution of Higher Learning, to a maximum of four (4) consecutive years. The total amount of the benefit each year is equal to the least of:

1.    the actual tuition (exclusive of room and board) charged by that institution for enrollment during that year for that Insured Dependent Child;
2.    5% of the Insured's Principal Sum on the date of the accident causing death; or
3.    $5,000.

The applicable portion of the yearly benefit for each term of enrollment is payable upon receipt of proof of enrollment for that term.

An Insured Dependent Child who ceases to be enrolled as a full-time student becomes permanently ineligible for the benefit, even if he or she reenrolls at a later date. The benefit is not payable for any term of enrollment as a full-time student that begins before the date of the Insured's death. If there is no Insured Dependent Child under age 25 eligible for this benefit, the Company will pay a one-time lump sum benefit of $1,000 to the Insured's designated beneficiary.

C11992NY

1

.CAP

**[B.]**  **For the Insured Spouse.**  The Company will pay a benefit to or on behalf of any Insured Spouse who was insured under the Policy on the date of the accident causing death and who, for the purpose of obtaining an independent source of support or to enrich his or her ability to earn a living: (1) is enrolled in any Institution of Higher Learning or professional or trade training program on the date of the Insured's death; or  (2) subsequently enrolls in an Institution of Higher Learning or professional or trade training program within 30 months after the date of the Insured's death.  The benefit will be paid for each year of the Insured Spouse's continuous enrollment in an Institution of Higher Learning or professional or trade training program, to a maximum of four (4) consecutive years.  The total amount of the benefit for all institutions and programs combined each year is equal to the least of:

1.  the total actual tuition (exclusive of room and board) charged by those institutions or programs for enrollment during that year for the Insured Spouse;
2.  5% of the Insured's Principal Sum on the date of the accident causing death; or
3.  $5,000.

The applicable portion of the yearly benefit for each term of enrollment is payable upon receipt of proof of enrollment for that term.

An Insured Spouse who ceases to be enrolled as described above becomes permanently ineligible for the benefit, even if he or she reenrolls at a later date. The benefit is not payable for any term of enrollment that begins before the date of the Insured's death. If there is no Insured Spouse eligible for the benefit within 30 months after the date of the Insured's death, the Company will pay a one-time lump sum benefit of $1,000 to the Insured's designated beneficiary.

**[C.]**  **For the Insured Dependent.**  The Company will pay a benefit to or on behalf of the Insured Dependents who were insured under the Policy on the date of the accident causing death and who: (1) had dependent group medical and/or dental coverage in effect under a group medical and/or dental plan provided through the Policyholder continuously from the date of the accident to the date of the Insured's death; and (2) within 60 days after the date of the Insured's death, elect to continue that coverage.  The benefit is payable for each consecutive year of continued coverage to a maximum of three (3) consecutive years, but is subject to earlier termination as described below.  The total amount of the benefit each year is equal to the least of:

1.  The actual cost of the premium charged and paid for the continued medical and/or dental coverage for those Insured Dependents for that year;
2.  5% of the Insured's Principal Sum on the date of the accident causing death; or
3.  $5,000.

The applicable portion of the yearly benefit for each period of coverage is payable upon receipt of due proof of enrollment for that period of coverage, but not more frequently than monthly.

This benefit is not payable for any period of coverage under the Policyholder's group medical and/or dental plan before the date of the Insured's death.  It is not payable with respect to any Insured Dependent for any period of time after the earliest of:

1.  The date the Policyholder ceases to make available the group medical and/or dental plan under which that Insured Dependent continues coverage;
2.  If that Insured Dependent becomes covered under any other group medical and/or dental plan without a pre-existing condition limitation, the date the coverage begins;

C11992NY

2

CAP

3. If that Insured Dependent becomes covered under any other group medical and/or dental plan with a pre-existing condition limitation, the date that limitation no longer applies;

4. The date that Insured Dependent becomes eligible for Medicare;

5. The date the Insured Spouse remarries (in which case this benefit ends for all Insured Dependents);

6. The date that Insured Dependent otherwise ceases to be a member of an eligible class of persons as described in the Classification of Eligible Persons section of the Master Application; or

7. The date the continued coverage under the Policyholder's group medical and/or dental plan terminates with respect to that Insured Dependent.

The Group Medical/Dental Premium Continuation Reimbursement Benefit does not provide for the continuation of any coverage or benefits under the Policy, and does not provide for any other Policy benefits otherwise applicable to Insured Dependents under the Policy. It provides a benefit only with respect to premiums for continuation of coverage under the Policyholder's group medical and/or dental plan.

**Institution of Higher Learning -** as used in this Rider, means any accredited institution that provides education or training beyond the 12th grade level, including, but not limited to, any state university, private college, or trade school.

The President and Secretary of American International Life Assurance Company of New York witness this Rider:

President                                   Secretary

 ®

**American International Life Assurance
Company of New York**
Home Office: 70 Pine Street
New York, New York 10270
(212) 770-7000
(Herein called the Company)

Policyholder: **Cap Gemini Ernst & Young US LLC**
Policy Number: **PAI 8060643**

### SEAT BELT AND AIR BAG BENEFIT RIDER

This Rider is attached to and made part of the Policy as of the Policy Effective Date shown in the Policy's Master Application. It applies only with respect to accidents that occur on or after that date. It is subject to all of the provisions, limitations and exclusions of the Policy except as they are specifically modified by this Rider.

**Seat Belt Benefit (Percentage of Principal Sum Amount).** The Company will pay a benefit under this Rider when the Insured Person suffers accidental death such that an Accidental Death benefit is payable under the Policy and the accident causing death occurs while the Insured Person is operating, or riding as a passenger in, an Automobile and wearing a properly fastened, original, factory-installed seat belt. The amount payable under this Rider is the lesser of: (1) $25,000; or (2) 10% of the Insured Person's Principal Sum.

**Air Bag Benefit (Percentage of Principal Sum Amount).** The Company will pay an additional benefit under this Rider if a Seat Belt Benefit is payable under this Rider and if the Insured Person is positioned in a seat protected by a properly functioning, original, factory-installed Supplemental Restraint System that inflates on impact. The additional amount payable under this Rider is the lesser of: (1) $10,000 or (2)10% of the Insured Person's Principal Sum.

Verification of the actual use of the seat belt, at the time of the accident, and that the Supplemental Restraint System inflated properly upon impact must be a part of an official report of the accident or be certified, in writing, by the investigating officer(s).

**Automobile -** as used in this Rider, means a self-propelled private passenger motor vehicle with four or more wheels which is of a type both designed and required to be licensed for use on the highways of any state or country. Automobile includes, but is not limited to, a sedan, station wagon, or jeep-type vehicle and, if not used primarily for occupational, professional or business purposes, a motor vehicle of the pickup, panel, van, camper or motor home type. Automobile does not include a mobile home or any motor vehicle which is used in mass or public transit.

C11991                                    1                                    CAP

**Supplemental Restraint System** - as used in this Rider, means an air bag which inflates for added protection to the head and chest areas.

The President and Secretary of American International Life Assurance Company of New York witness this Rider:

*[Signature]*

President

*[Signature: Elizabeth M. Tuck]*

Secretary

 ®    **American International Life Assurance Company of New York**
Home Office: 70 Pine Street
New York, New York 10270
(212) 770-7000
(Herein called the Company)

Policyholder: **Cap Gemini Ernst & Young US LLC**
Policy Number: **PAI 8060643**

### DAY CARE BENEFIT RIDER

This Rider is attached to and made part of the Policy as of the Policy Effective Date shown in the Policy's Master Application. It applies only with respect to accidents that occur on or after that date. It is subject to all of the provisions, limitations and exclusions of the Policy except as they are specifically modified by this Rider.

**Day Care Benefit.** If an Insured suffers accidental death such that an Accidental Death benefit is payable under the Policy and the Insured had Family Coverage in effect under the Policy on the date of the accident causing death, the Company will pay a benefit on behalf of any Insured Dependent Child under age 13 who was insured under the Policy on the date of the accident causing death and who: (1) is enrolled in a Day Care Center on the date of the Insured's death; or (2) enrolls in a Day Care Center within 90 days after the Insured's death. The benefit is payable for each year of the Insured Dependent Child's enrollment in a Day Care Center. The total amount of the benefit each year is equal to the least of:

1.    the actual cost of care for that Insured Dependent Child charged by that Day Care Center for that year;
2.    5% of the Insured's Principal Sum on the date of the accident causing death; or
3.    $5,000.

The applicable portion of the yearly benefit for each period of enrollment is payable upon receipt of due proof of enrollment, but not more frequently than monthly.

The benefit is not payable for any period of enrollment in a Day Care Center before the date of the accident that caused the Insured's death. The benefit is not payable for any period of enrollment after the earlier of: (1) the date the Insured Dependent Child reaches 13 years of age; or (2) the date four (4) years after the later of the date of the Insured's death or the date the Insured Dependent Child first enrolls in a  Day Care Center. If there is no Insured Dependent Child eligible for this benefit, the Company will pay a one-time lump sum benefit of $1,000 to the Insured's designated beneficiary.

**Day Care Center -** as used in this Rider, means a facility that is duly licensed, certified or accredited by the jurisdiction in which it is located to provide child care and is operating in compliance with applicable laws and regulations of the jurisdiction.

The President and Secretary of American International Life Assurance Company of New York witness this Rider:

President                                        Secretary

 ®

**American International Life Assurance
Company of New York**
Home Office: 70 Pine Street
New York, New York 10270
(212) 770-7000
(Herein called the Company)

---

Policyholder: **Cap Gemini Ernst & Young US LLC**
Policy Number: **PAI 8060643**

### AMENDATORY ENDORSEMENT
### FOR DOMESTIC PARTNERS

This Endorsement is attached to and made part of the Group Accident Insurance Certificate as of the Effective Date of Coverage shown in the Schedule. It applies only with respect to coverage on or after that date. All of the provisions, limitations and exclusions of the Policy as described in the certificate remain in full force and effect except as they are specifically modified by this Endorsement.

It is hereby understood and agreed that the definition of Eligible Spouse, within the DEFINITIONS section is deleted in its entirety and replaced with the following:

> **Eligible Spouse** - means the Insured's legal spouse or Domestic Partner.

It is hereby understood and agreed that the following term and its accompanying definition is added to the DEFINITIONS section:

> **Domestic Partner -** means an opposite or same sex partner who has met all of the following requirements for at least 12 months: (1) resides with the Insured; (2) shares financial assets and obligations with the Insured; (3) is not related by blood to the Insured to a degree of closeness that would prohibit a legal marriage; (4) is at least the age of consent in the state in which they reside; and (5) neither the Insured or Domestic Partner is married to anyone else, nor has any other Domestic Partner. The Company requires proof of the Domestic Partner relationship in the form of a signed and completed Affidavit of Domestic Partnership.

The President and Secretary of American International Life Assurance Company of New York witness this Rider:

President                                            Secretary

C11660                                    1                                    CAP