# EXHIBIT B

# (MARK. AFF.)

*HELLER V. CAP GEMINI ERNST & YOUNG, ET AL.*
*C.A. NO. 04-11875-WGY*



AIG C(...n Services, Inc.®
A&H Claims Department
P. O. Box 15701
Wilmington, DE 19850-5701
800.551.0824

On behalf of:
**American International Life
Assurance Company of New York**

December 11, 2003

Mr. Edward Heller
20 Indian Hill Road
Weston, MA 02493

RE: <u>Patricia Heller</u>
Policy Number: <u>PAI 8060643</u>
Policyholder: <u>Cap Gemini Ernst & Young US LLC</u>

Dear Mr. Heller:

On December 10, 2003, the ERISA Appeals Committee (the "Committee") of American International Life Assurance Company of New York (the "Company") carefully reviewed this claim. The reasons for the Committee's decision to uphold the denial are summarized in this letter and in our letter of June 23, 2003.

### Factual Considerations

Your spouse was a participant in the Cap Gemini Ernst & Young US LLC employee accidental death and dismemberment benefit plan (the "Plan"). This Plan provides coverage for certain losses under specific circumstances. The terms of this coverage appear in the policy of insurance (the "Policy") which is provided by this Company under the Plan. Relevant to this claim, the Policy provides:

### Pertinent Policy Provisions

*Accidental Death Benefit. If Injury to the Insured Person results in death within 365 days of the date of the accident that caused the Injury, the Company will pay 100% of the Principal Sum.*

*Injury – means bodily injury caused by an accident occurring while this Policy is in force as to the person whose injury is the basis of claim and resulting directly and independently of all other causes in a covered loss.*

A Member Company of
American International Group, Inc.

AIG 00015

Page 2. Mr. Heller

*Classification of Eligible Persons*

| Class | Description of Class |
|---|---|
| 1. | All active full-time employees working an average of 30 hours per week, all active part-time employees working an average of 20 hours per week and all retirees of Cap Gemini Ernst & Young US LLC |

*Insured's Termination Date.* An Insured's coverage under this Policy ends on the earliest of: (1) the date this Policy is terminated; (2) the premium due date if premiums are not paid when due; (3) the date the Insured requests, in writing, that his or her coverage be terminated; or (4) the date the Insured ceases to be a member of any eligible class(es) of persons as described in the Classification of Eligible Persons section of the Master Application.

*Conversion Privilege Rider:* If an Insured Person's coverage ends (prior to age 80) because he or she is no longer a member of any eligible class of persons as described in the Classification of Eligible Persons section of the Master Application, coverage may be converted to an individual accidental death and dismemberment policy (herein called an Individual Policy).

*The Company must receive a written application and payment of the required premium within 31 days after coverage ends under the Policy. No evidence of insurability is required to obtain the Individual Policy. The Individual Policy will be a type the Company regularly makes available on its effective date. The initial premium for the Individual Policy will be based on the Insured Person's attained age, risk class, and amount of insurance provided, at the time of application for the Individual Policy.*

*Coverage under the Individual Policy will take effect on the later of: (1) the date the application and required premium payment are received by the Company; or (2) the date that the Insured Person's coverage under the Policy ends. In the event that the application and required premium are not received prior to termination of coverage under the Policy, coverage is not provided from the date coverage ends under the Policy until the date coverage under the Individual Policy becomes effective. Coverage under the Individual Policy may not be less than $100,000 and may not exceed the greater of: (1) the amount for which the Insured Person was covered under the Policy; or (2) $250,000.*

### Summary of Pertinent Facts

Your spouse voluntarily resigned from Cap Gemini Ernst & Young. Her last day actively at work was Friday, January 24, 2003. On Wednesday, January 29, 2003, she was a passenger in a Taxicab that was involved in an accident. She subsequently died from the injuries that she sustained in the accident.

### Conclusion

The Committee reviewed the entire administrative record of this claim and concluded that the record contains substantial evidence that at the time of the accident, your spouse was no longer a member of an eligible class of persons as described in the Classification of Eligible Persons section of the Master Application. Her coverage under the Policy terminated on the date that she separated from the company as that was the date that she ceased to meet the eligibility requirements.

AIG 00016

Page 3. Mr. Heller

In addition, your spouse did not submit written application and payment of the required premium to convert her group coverage to an individual policy. Therefore, at the time of the accident she was not covered under the Conversion Privilege Rider.

### Reservation of Rights and Defenses

On behalf of the Plan and this Company, as we have previously done, we reserve all rights and defenses concerning this benefit claim. Nothing in this letter or any other communication that you may receive from us in the future should be interpreted as waiving or prejudicing any of our rights and defenses to this claim. While we remain willing to consider new, relevant information concerning this claim, please understand that the Committee's denial of this appeal is a final plan administration decision. In this regard, you should not construe this letter or any past or future communication from us, or any action taken by us, including our review of further information, as a withdrawal, waiver or abandonment of our denial of this claim, or of any right or defense that we may have with regard to this claim.

If you have any questions, do not hesitate to contact our office at the above telephone number.

Sincerely,


Jill Y. Vivian
Sr. AD&D Claims Examiner
302.661.8920

cc:  CGEY Benefit Center

AIG 00017



AIG Claim Services, Inc.®
A&H Claims Department
P. O. Box 15701
Wilmington, DE 19850-5701
800.551.0824

On behalf of:
**American International Life
Assurance Company of New York**

October 28, 2003

Mr. Edward Heller
20 Indian Hill Road
Weston, MA 02493

RE: <u>Patricia Heller</u>
Policy Number: <u>PAI 8060643</u>
Policyholder: <u>Cap Gemini Ernst & Young US LLC</u>
Date of Accident: <u>January 29, 2003</u>

Dear Mr. Heller:

This letter is to advise you that your appeal will be heard by the ERISA Appeals Committee at their meeting on December 10, 2003.

We will advise the Committee's decision on your appeal once it is communicated to us. In the interim, if you have any questions, do not hesitate to contact our office at the above telephone number.

American International Life Assurance Company of New York reserves all rights and defenses concerning this claim for plan benefits. Nothing in this letter or any other communication that you have received or will receive from us should be interpreted as waiving or prejudicing any of the rights and defenses of ourselves or the plan, which we specifically reserve.

Sincerely,


Jill Y. Vivian
Sr. AD&D Claims Examiner
302.661.8920

cc: CGEY Benefit Center

A Member Company of
American International Group, Inc.



AIG Claim Services, Inc.®
*A&H Claims Department*
P. O. Box 15701
Wilmington, DE 19850-5701
800.551.0824

On behalf of:
**American International Life
Assurance Company of New York**

October 7, 2003

Mr. Edward Heller
20 Indian Hill Road
Weston, MA 02493

RE:                Patricia Heller
Policy Number:     PAI 8060643
Policyholder:      Cap Gemini Ernst & Young US LLC
Date of Accident:  January 29, 2003

Dear Mr. Heller:

We are writing with regard to your claim for accidental death benefits under the above-referenced Policy.

Legal counsel has completed their review of this claim. We are currently reviewing their opinion letter and will advise the status of your appeal once our review is complete.

If you have any questions, do not hesitate to contact our office at the above telephone number.

American International Life Assurance Company of New York reserves all rights and defenses concerning this claim for plan benefits. Nothing in this letter or any other communication that you have received or will receive from us should be interpreted as waiving or prejudicing any of the rights and defenses of ourselves or the plan, which we specifically reserve.

Sincerely,


Jill Y. Vivian
Sr. AD&D Claims Examiner
302.661.8920

cc:  CGEY Benefit Center

A Member Company of
American International Group, Inc.

AIG 00019



AIG Claim Services, Inc.®
**A&H Claims Department**
P. O. Box 15701
Wilmington, DE 19850-5701
800.551.0824

On behalf of:
**American International Life
Assurance Company of New York**

September 10, 2003

Margaret Hurley
Mirick, O'Connell, DeMallie & Lougee
1700 Mechanics Bank Tower
100 Front Street
Worcester, MA 01608

RE: Patricia Heller
Policy Number: PAI 8060643
Policyholder: Cap Gemini Ernst & Young US LLC
Date of Accident: January 29, 2003

Dear Ms. Hurley:

Thank you for agreeing to review this claim for accidental death benefits. The claim was denied on June 23, 2003. The claimant is appealing the denial.

Enclosed are copies of the claim documents, the Policy, the Summary Plan Description and the claimant's appeal. Please review this information and advise whether the decedent was eligible for coverage under this Policy on January 29, 2003, when her accident occurred.

Thank you for your assistance. If you require additional information, please advise us as soon as possible. Also, we would appreciate receiving the results of your review within two to three weeks from receipt of this request.

If you have any questions, do not hesitate to contact me at 302.661.8920.

Sincerely,


Jill Y. Vivian
Sr. AD&D Claims Examiner

A Member Company of
American International Group, Inc.



AIG Claim Services, Inc.®
**A&H Claims Department**
P. O. Box 15701
Wilmington, DE 19850-5701
800.551.0824

On behalf of:
**American International Life
Assurance Company of New York**

September 10, 2003

Mr. Edward Heller
20 Indian Hill Road
Weston, MA 02493

RE:              Patricia Heller
Policy Number:   PAI 8060643
Policyholder:    Cap Gemini Ernst & Young US LLC
Date of Accident: January 29, 2003

Dear Mr. Heller:

We are forwarding copies of the claim documents, the Policy, the Summary Plan Description and your appeal to legal counsel for review and opinion regarding whether your spouse was eligible for coverage under this Policy on January 29, 2003 when her accident occurred.

Upon receipt of the results of counsel's review, we will advise the status of your appeal. If you have any questions, do not hesitate to contact our office at the above telephone number.

American International Life Assurance Company of New York reserves all rights and defenses concerning this claim for plan benefits. Nothing in this letter or any other communication that you have received or will receive from us should be interpreted as waiving or prejudicing any of the rights and defenses of ourselves or the plan, which we specifically reserve.

Sincerely,


Jill Y. Vivian
Sr. AD&D Claims Examiner
302.661.8920

cc:  CGEY Benefit Center


A Member Company of
American International Group, Inc.

AIG 00021



AIG C( ) Services, Inc.®
A&H Claims Department
P. O. Box 15701
Wilmington, DE 19850-5701
800.551.0824

On behalf of:
American International Life
Assurance Company of New York

August 29, 2003

Mr. Edward Heller
20 Indian Hill Road
Weston, MA 02493

RE: Patricia Heller
Policy Number: PAI 8060643
Policyholder: Cap Gemini Ernst & Young US LLC
Date of Accident: January 29, 2003

Dear Mr. Heller:

We are writing to acknowledge receipt of your letter dated August 20, 2003, advising that you are appealing the denial of your claim for accidental death benefits.

We are currently reviewing your letter and the information that you submitted with your letter. Once our review is complete, we will advise the status of your appeal.

If you have any questions, do not hesitate to contact our office at the above telephone number.

American International Life Assurance Company of New York reserves all rights and defenses concerning this claim for plan benefits. Nothing in this letter or any other communication that you have received or will receive from us should be interpreted as waiving or prejudicing any of the rights and defenses of ourselves or the plan, which we specifically reserve.

Sincerely,


Jill Y. Vivian
Sr. AD&D Claims Examiner
302.661.8920

cc: CGEY Benefit Center

A Member Company of
American International Group, Inc.

AIG 00022

August 20, 2003

Ms. Myra Zimmerman, Claim Manager
AIG Claims Services, Inc.
Accident and Health Division
Claims Department
1 Alico Plaza
600 King St – 5th floor
Wilmington, DE 19801

RECEIVED

AUG 2 2 2003

A&H CLAIMS
AIGCS

RECEIVED

[illegible date stamp]

AD&O UNIT

Re:            Patricia Heller
Policy Number: PAI 8060643
Policy Holder:  Cap Gemini Ernst & Young US LLC

Dear Myra Zimmerman:

Please consider this letter a formal appeal under the ERISA Act regarding the decision by AIG to deny coverage of the above referenced claim communicated to me in a letter dated June 23, 2003.

I believe the decision to deny coverage to be incorrect, because not all of the facts were available for consideration.

Patricia's coverage under the AIG policy was supported by bimonthly payroll deductions of $12 each. Because full payroll deductions were made from both of Patricia's payroll checks for the month of January 2003 (see attached letter from Lynne Oldham, CGEY dated August 13, 2003), my contention is that she was fully covered by the insurance policy throughout January. Patricia had 31 days during which she was entitled to extend coverage under the policy. Because the premium had been paid for all of January, she met the requirement that, for insurance coverage to be in force during the 31-day period, the premium must be paid. Therefore, I contend that Patricia was fully covered under the AIG policy at the time of her death on January 29, 2003.

I am hereby requesting full payment of the claim under this policy based on Patricia's date of death of January 29, 2003 occurring during the premium-covered period.

Regards,

*[signature: Edward E. Heller, Jr.]*

Edward E. Heller, Jr.
20 Indian Hill Rd.
Weston, MA 02493-2115

781-891-0701
781-891-5190/fax
617-510-5276/cell

AIG 00023



August 13, 2003

Ed Heller
20 Indian Hill Road
Weston, MA 02493

Dear Mr. Heller:

In follow up to my letter dated July 31, 2003, I am writing today to further clarify for your records that Cap Gemini Ernst & Young ("CGE&Y") did indeed take two full payroll deductions from both of your wife's paychecks in January 2003. For paycheck dated January 15, 2003 as well as the paycheck dated January 31, 2003, CGE&Y deducted $12.00 to cover your wife's contribution for the Accidental Death and Dismemberment Plan ("AD&D Plan).

If you have any further questions or comments, please do not hesitate to contact me at 201-872-6811.

Sincerely,


Lynne A. Oldham

cc:   Deborah Giles (AIG)
      Jill Vivian (AIG)
      Laurie Jadick-Geiger (CGE&Y)

AIG 00025



July 31, 2003

Ed Heller
20 Indian Hill Road
Weston, MA 02493

Dear Mr. Heller:

As we discussed, Cap Gemini Ernst & Young ("CGE&Y") has previously communicated with AIG, the insurer underlying the Accidental Death and Dismemberment Plan ("AD&D Plan") with respect to your wife's last payroll deductions for such insurance. The purpose of this letter is to confirm to you that we did so and to provide you with the content of that communication.

On April 28, 2003, Carolyn Berish (CGE&Y Employee Benefits) responded to a standard question posed by AIG with regard to final payroll deduction. Carolyn's email was sent to Jill Vivian (AIG) with a copy to Deborah Giles (AIG). The email indicated the following:

> "Patricia had payroll deductions of $12.00 for the period 1/1/03 – 1/15/03 and the $12.00 full premium for the period 1/16/03 – last date worked. There was no rebate of any premium, although her coverage ended on last date worked, which was 1/24/03. This is standard payroll practice."

In a subsequent email, Tracey McGee (CGE&Y Employee Benefits) clarified to Deborah Giles (AIG) that the last day of employment was actually 1/25/03.

If you have any further questions or comments, please do not hesitate to contact me at 201-872-6811.

Sincerely,


Lynne A. Oldham

cc:   Deborah Giles (AIG)
      Jill Vivian (AIG)


AIG 00027



AIG C[...] Services, Inc.®
**A&H Claims Department**
P. O. Box 15701
Wilmington, DE 19850-5701
800.551.0824

On behalf of:
*American International Life
Assurance Company of New York*

June 23, 2003

Mr. Edward Heller
20 Indian Hill Road
Weston, MA 02493

RE: <u>Patricia Heller</u>
Policy Number: <u>PAI 8060643</u>
Policyholder: <u>Cap Gemini Ernst & Young US LLC</u>

Dear Mr. Heller:

We are writing with regard to your claim for accidental death benefits under the above-referenced Policy. Again, please accept our sincere condolences on your loss.

We have completed our review of this claim, taking into consideration the following information.

- Your letter dated March 15, 2003
- Two print-outs from the "Health & Other Benefits System – Internet Explorer provided by fisg" system
- The Health and Welfare Beneficiary Designation Form
- The Proof of Loss-Accidental Death claim form dated February 27, 2003
- The certified Certificate of Death
- Additional information provided by the Policyholder by facsimile on April 29, 2003
- Additional information provided by the Policyholder by electronic mail on May 12, 2003 and May 13, 2003
- Additional information provided by Reuben Warner Associates, the Company that handles the conversions, by electronic mail on April 15, 2003

The information reviewed indicates that your spouse died from injuries sustained in a single vehicle accident. Apparently, she was a passenger in a taxi that lost control and struck a tree. The accident occurred on January 29, 2003.

According to information provided by the Policyholder, your spouse's last day actively at work at Cap Gemini Ernst & Young was Friday, January 24, 2003. The Policyholder advised that her reason for separation was a voluntary resignation. They confirmed that premiums for this coverage were paid through her last day worked and her coverage under this Policy ended on her last day worked. Also, they advised that your spouse did not contact them to inquire about converting her coverage to an individual policy. Finally, Reuben Warner Associates confirmed that they did not receive written application and payment of the required premium from your spouse to convert her coverage to an individual policy.

A Member Company of
American International Group, Inc