UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

EDWARD HELLER,
Plaintiff,

v.

CAP GEMINI ERNST & YOUNG WELFARE PLAN (RE: ACCIDENTAL DEATH BENEFITS), AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK, AND CAP GEMINI U.S. LLC,
Defendant.

CIVIL ACTION NO. 04-11875-WGY

**DEFENDANT AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

**PARTIES**

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.

**BACKGROUND FACTS**

6. Admitted.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.
11. Admitted.
12. Admitted.

## **GENERAL PROVISIONS**

13. Admitted in part and qualified in part.  AIG admits that the Administrative record contains no indication as to whether Patricia Heller was provided with a copy of the certificate of insurance, but AIG qualifies this admission stating that the purported statement of fact is misleading and wholly immaterial to the issues presently before this Court.  See AIG's Motion to Strike, ¶ 2.

14. Admitted in part, denied in part, and qualified.  AIG admits that the SPD indicates it was prepared by Fidelity and that the effective date was July 1, 2002.  AIG denies Heller's characterization that the SPD contained the "main provisions" of the AD&D Plan or that the SPD superseded any prior AD&D plans or programs.  AIG qualifies this Statement of fact as follows:  The SPD booklet contained "*part of the plan* document for the AD&D Plan and the *AD&D Plan* supersede[d] and replace[d] any prior group AD&D plans or programs."  (*Emphasis added*.)  (AIG00084-100.)

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Objection.  AIG objects to this statement of fact as it is not properly supported by admissible evidence.  See AIG's Motion to Strike, ¶ 3.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted and qualified. In order to give full context to the plaintiff's factual statement, AIG qualifies this statement as follows: Jill Vivian also requested that Maryanne verify the following: 1. The specific reason Patricia Heller was not actively at work after January 24, 2003. Was she on a temporary lay-off or leave of absence? Was she on an authorized family or medical leave? Was she on vacation? Did she terminate her employment with Cap Gemini Ernst and Young? Was her employment with Cap Gemini Ernst & Young terminated by E&Y? Did she retire from Cap Gemini Ernst and Young? . . . 3. If she terminated her employment or her employment was terminated, please advise if she inquired about converting her Accidental Death and Dismemberment coverage to an Individual Policy." (AIG000149.)

32. Admitted and qualified. In order to give full context to the plaintiff's factual statement, AIG qualifies this statement as follows: In AIG's April 14, 2003 letter to Heller, AIG stated "[o]nce we determine the reason your spouse was not actively at work after January 24, 2003, we will advise you of the status of this claim." (AIG00150.)

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Objection. AIG moves to strike this proposed fact as it is misleading and constitutes commentary, not fact. See AIG's Motion to Strike, ¶¶ 1, 2.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Objection. AIG moves to strike this proposed fact as it constitutes commentary, not fact. See AIG's Motion to Strike, ¶ 1.

44. Admitted.

45. Admitted.

46. Objection. AIG moves to strike, in part, this proposed fact as it is not supported by the record. See AIG's Motion to Strike, ¶ 4. Subject to the following objection, AIG

3

admits that it did inform the plaintiff that the plaintiff was not covered on January 29, 2003, because she did not submit her conversion application.

47. <u>Objection</u>. AIG moves to strike, in part, this proposed fact as it is not supported by the record. See AIG's Motion to Strike, ¶ 4. Subject to the foregoing objection, AIG admits the remaining allegations.

48. <u>Objection</u>. AIG moves to strike this proposed fact as it constitutes commentary, not fact. See AIG's Motion to Strike, ¶ 1.

49. Admitted and qualified. AIG admits that allegations contained in paragraph 49 and qualifies the statement in that Heller's appeal of the denial of benefits was also based upon his contention that since full payroll deduction were made "Patricia had 31 days during which she was entitled to extend coverage under the policy. Because the premium had been paid for all of January, she met the requirement that, for insurance coverage to be in force during the 31-day period, the premium must be paid." (AIG00127.)

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. <u>Objection</u>. AIG moves to strike this proposed fact as it constitutes commentary, not fact. See AIG's Motion to Strike, ¶ 1.

55. Admitted.

56. Admitted.

57. Admitted.

58. Admitted in part and denied in part. AIG denies that the plaintiff's record citation supports his claim that Capgemini (*sic*) stated "notwithstanding the SPD."

59. <u>Objection</u>. AIG moves to strike this proposed fact as it constitutes commentary contains assertions not supported by record citation, and is wholly immaterial to the issues presently before the court.

## **MISCELLANEOUS PLAN PROVISIONS**

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

                Respectfully Submitted,

                **AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK**
By its attorney,

/s/ Jennifer L. Markowski
_____
Robert T. Gill, BBO#192080
Jennifer L. Markowski, BBO #655927
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

## CERTIFICATE OF SERVICE

    I, hereby certify that on April 8, 2005, I caused to be electronically filed the preceding DEFENDANT AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED in Civil Action No. 04-11875-WGY with the Clerk of Court using the CM/ECF system.

                                        /s/ Jennifer L. Markowski
                                        _____
                                        Jennifer L. Markowski