UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

EDWARD HELLER,
Plaintiff,

v.

CAP GEMINI ERNST & YOUNG WELFARE PLAN (RE: ACCIDENTAL DEATH BENEFITS), AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK, AND CAP GEMINI U.S. LLC,
Defendant.

CIVIL ACTION NO. 04-11875-WGY

**DEFENDANT AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK'S MOTION TO STRIKE PLAINTIFF'S STATEMENT OF THE MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

Pursuant to Local Rules 7.1 and 56.1 and the inherent authority of this Court to regulate matters before it, the defendant American International Life Assurance Company of New York ("AIG") moves for an order striking certain portions of the Plaintiff's Statement of the Material Facts as to Which There is no Genuine Issue to be Tried.  In support of this Motion, AIG states as follows:

1. The plaintiff has used his statement of facts as vehicle for offering unsupported commentary about the facts.

    a. Fact No. 38 offers no additional factual information.  It attempts to compare Facts 37 and 33 and contains the inaccurate assertion that the statement attributed to AIG in Fact No. 37 is "at odds" with the information provided to AIG.  In Fact No. 38 the plaintiff goes on to state, "[t]his is surprising in view of Mr. Heller's direct inquiry on June 9, 2003."  This is commentary not fact and proposed Fact No. 38 should therefore be stricken.

    b.    Fact No. 43 also offers no additional factual information and only seeks to add commentary. Again, the plaintiff claims AIG's representations to the plaintiff were "at odds" with information it had received. And again, the plaintiff claims, "[t]his is surprising in view of Mr. Heller's direct inquiry and AIG's internal notes three days earlier." This purported fact should be stricken.

    c.    In large part, Fact No. 48 is commentary about a letter written by CGE&Y. The only "factual information" in the paragraph is the content of the letter – the remainder of the "Fact" should also be stricken.

    d.    Fact No. 54 is commentary, not fact.

2.    Some of the plaintiff's purported facts are misleading.

    a.    Fact No. 13 implies that the Administrative Record *should* contain some indication that a copy of the certificate referenced in the General Provisions of the Group Policy was provided to Patricia Heller. Whether the certificate of insurance was provided was not an issue in this benefits determination and there is no reason to assume that its absence from the Administrative Record has any meaning whatsoever. This purported fact is wholly immaterial to the issues currently before this Court.

    b.    Fact No. 38 states that on June 9, 2003, AIG told Heller that the premiums had *only* been paid through January 24, 2003. This statement is both inaccurate and misleading. The plaintiff's supporting reference states that the premiums had been "paid through the last day worked." The supporting document does not contain the term "only." The use of the term "only" implies that AIG affirmatively represented to the

2

plaintiff that no premiums were paid for the time period between January 25, 2003 and January 31, 2003 – the record upon which the plaintiff relies does not support this inference.

3.   The plaintiff's statement of facts contains impermissible hearsay.  In proposed Fact No. 25, the plaintiff states "[a]t no time has either CGE&Y or AIG offered to refund or rebate the unearned premium for Patricia's coverage for the period January 25, 2003 to January 31, 2003."  The plaintiff cites to the parties' Joint Statement and Proposed Discovery Plan to support his claim.  As an initial point, the Joint Statement does not indicate that AIG and CGE&Y have not *offered* to refund the premium, only that the premium has not been refunded.  But setting aside the inaccurate representation as to the content of the Joint Statement, the statement is hearsay and Fact No. 25 should be stricken.

4.   Several of the plaintiff's Facts are not supported by the record citations.

   a.   Fact No. 46 indicates that Heller told AIG that he believed it had "retained' an "unearned premium."  The plaintiff does provide any support for his claim that the plaintiff ever made this representation to AIG.

   b.   The first sentence of Fact No. 47 is unsupported by any record citation.

WHEREFORE, for the foregoing reasons, the defendant American International Life Assurance Company of New York respectfully requests this Court strike the portions of plaintiff's Rule 56.1 statement that contain inaccurate, unsupported, or misleading statements, and/or that constitute plaintiff's own commentary on the facts.

Respectfully Submitted,

**AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK**
By its attorney,

/s/ Jennifer L. Markowski
_____
Robert T. Gill, BBO #192080
Jennifer L. Markowski, BBO #655927
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

### CERTIFICATE OF SERVICE

I, herby certify that on April 8, 2005 I caused to be electronically filed the preceding Defendant American International Life Assurance Company of New York's Motion to Strike Plaintiff's Statement of the Material Facts as to which There is No Genuine Issue to be Tried in Civil Action No. 04-11875-WGY with the Clerk of Court using the CM/ECF system.

/s/ Jennifer L. Markowski

_____
Jennifer L. Markowski