UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| EDWARD HELLER,                )<br>                                             )<br>       Plaintiff,                    )<br>vs.                                        )<br>                                             )<br>CAP GEMINI ERNST & YOUNG WELFARE        )<br>PLAN (RE: ACCIDENTAL DEATH BENEFITS),   )<br>AMERICAN INTERNATIONAL LIFE ASSURANCE)<br>COMPANY OF NEW YORK, and CAPGEMINI      )<br>U.S. LLC                               )<br>                                             )<br>       Defendants | CIVIL ACTION<br>FILE NO. 04-11875 - WGY |

**PLAINTIFF'S RESPONSE TO DEFENDANT AIG'S STATEMENT OF THE MATERIAL FACTS ON SUMMARY JUDGMENT AND PLAINTIFF'S STATEMENT OF ADDITONAL MATERIAL FACTS**

Pursuant to Fed.R.Civ.P. 56 and Local Rule 56.1, the plaintiff Edward Heller responds to defendant American International Life Assurance Company of New York's (**AIG's**) Local Rule 56.1 Statement of the Material Facts on summary judgment.

1) Admitted.

2) Admitted. But, Plaintiff contends that the Plan lacked procedures for such delegation as required by ERISA (Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment at p. 2)

3) Denied. Plaintiff contends that: (i) the Plan lacked procedures for such delegation required by ERISA; (ii) there is no evidence the procedures were followed and (iii) the SPD was not properly furnished to Patricia Heller, so for the purposes of

1

this case there was no effective delegation. (Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment at pp. 2-4).

4) Denied. (See Response to Fact #3 above and Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment at pp 2-4)

5) Admitted. But, Plaintiff contends the relevant provisions of the Group Policy are ambiguous (Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment at pp 5-6)

6) Admitted. But, plaintiff contends Patricia's coverage never ended, therefore the conversion provisions of the Plan are irrelevant to plaintiff's claim. (Plaintiff's Memorandum in Support of His Motion for Summary Judgment and Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment.)

7) Admitted.

8) Admitted.

9) Admitted.

10) Admitted.

11) Admitted. But, Plaintiff contends Patricia's coverage never ended, therefore the conversion provisions of the Plan are irrelevant to plaintiff's claim. (Plaintiff's Memorandum in Support of His Motion for Summary Judgment and Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment.)

12) Admitted. But plaintiff objects to the use of the phrase "severing her employment relationship" The materials cited by AIG do not establish this fact. The Administrative Record pages establish that Patricia died as a result of injuries she suffered when the taxi cab she was riding in crashed into a tree in Atlanta,

Georgia. The affidavit of Ms. Zimmerman adds nothing because she has no personal knowledge.

13) Admitted.

14) Admitted.

15) Admitted. Plaintiff further notes that both defendants admit that the $12.00 represented the premium for the period January 16, 2003 to January 31, 2003, and no refund or rebate was ever provided of the unearned premium for the period January 25, 2003 through January 31, 2003. (AIG's Memorandum in Support of Summary Judgment at p. 4; Capgemini's Summary Judgment Facts #8-10; A.R. p. CG00047; Plaintiff's Facts #21-25))

16) Admitted.

17) Plaintiff admits AIG reached such a decision, and communicated the decision by letter dated June 23, 2003, but plaintiff contends that the decision was unreasonable and erroneous, and further, that by retaining the unearned premium for Patricia's coverage for the period January 25, 2003 to January 31, 2003, AIG waived its right to claim that Patricia's coverage terminated prior to her January 29, 2003 accidental death. (Plaintiff's Memorandum in Support of His Motion for Summary Judgment and Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment.)

18) Plaintiff admits that he filed an appeal of AIG's June 23, 2003 decision denying him the AD&D benefits, and that by letter dated December 11, 2003 AIG denied his appeal;, but Plaintiff contends that because AIG completely ignored the basis for Mr. Heller's appeal, its decision was unreasonable, and in any event, because

3

it failed to rebate the unearned premium for Patricia's coverage for the period January 25, 2003 to January 31, 2003, AIG waived the right to claim that Patricia's coverage terminated prior to her January 29, 2003 accidental death. (Plaintiff's Memorandum in Support of His Motion for Summary Judgment and Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment.)

19) Plaintiff admits that AIG has quoted the reasons for its denial but Plaintiff contends that because AIG completely ignored the basis for Mr. Heller's appeal, its decision was unreasonable, and in any event, because it failed to rebate the unearned premium for Patricia's coverage for the period January 25, 2003 to January 31, 2003, AIG waived the right to claim that Patricia's coverage terminated prior to her January 29, 2003 accidental death. (Plaintiff's Memorandum in Support of His Motion for Summary Judgment and Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment.)

20) Admitted

21) Admitted.

22) Admitted. (See Plaintiff's Memorandum in Support of his Motion for Summary Judgment and Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment)

### ADDITIONAL FACTS DEMONSTRATING THAT PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AND DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT SHOULD BE DENIED

Plaintiff hereby incorporates his Rule 56.1 Statement of Material Facts in Support of his Motion for Summary Judgment (as amended to include the additional facts

established by Ex. 7 of CGE&Y's Submission and CGE&Y's June 13, 2003 letter to

Mr. Heller, all as discussed in Plaintiff's response to CGE&Y's Fact #13).

>
> EDWARD HELLER
> By his attorney,
>
> /s/ JHSkerry, III
> _____
> Joseph H. Skerry, III
> BBO# 544124
> 237 Lexington Street
> Woburn, Massachusetts 01801
> 781-938-1301
> 781-938-1344
> jayskerry@rcn.com

CERTIFICATE OF SERVICE

I Joseph H. Skerry, III hereby certify that I served the forgoing by mail on counsel of record.

March 25, 2005                                 /s/ JHSkerry, III
                                               Joseph H. Skerry, III