UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| EDWARD HELLER, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>CAP GEMINI ERNST & YOUNG WELFARE )<br>PLAN (RE: ACCIDENTAL DEATH BENEFITS), )<br>AMERICAN INTERNATIONAL LIFE ASSURANCE)<br>COMPANY OF NEW YORK, and CAPGEMINI )<br>U.S. LLC )<br>)<br>Defendants | CIVIL ACTION<br>FILE NO. 04-11875 - WGY |

**PLAINTIFF'S RESPONSE TO DEFENDANT CAPGEMINI'S STATEMENT OF THE MATERIAL FACTS ON SUMMARY JUDGMENT AND PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**

Pursuant to Fed.R.Civ.P. 56 and Local Rule 56.1, the plaintiff Edward Heller responds to Defendant **Capgemini's** Statement of the Material Facts on summary judgment.

1) Admitted.

2) Admitted. But, Plaintiff contends that because CGE&Y failed to properly furnish the SPD to Patricia Heller as required by ERISA, the SPD should be ignored in deciding this case. (See Plaintiff's Fact #15 (no written copy provided- merely made available electronically on websites); Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment- at pp. 3-5--ERISA requires active transmission, not passive making material available).

1

3) Admitted But, Plaintiff contends that because Patricia's coverage never ended prior to her January 29, 2003 accidental death (because, among other things, premiums were paid through January 31, 2003), the conversion provisions of the Plan are irrelevant to plaintiff's claim. (Plaintiff's Memorandum in Support of His Motion for Summary Judgment and Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment).

4) Admitted. But, Plaintiff contends that the terms of the Group Policy are ambiguous. (Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment at pp 5-6)

5) Admitted. But, the undisputed facts demonstrate that AIG, not CGE&Y, made and communicated the decisions denying benefits, hence this language is irrelevant. (Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment at p. 2)

6) In all other instances in its Facts, Capgemini has quoted the relevant document. This does not appear to be a quote, but plaintiff admits the terms of the Master Application speak for themselves. Plaintiff further notes that the provisions of the Group Policy are ambiguous. (Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment at pp5-6)

7) Admitted.

8) Admitted.

9) Admitted.

10) Admitted.

11) Admitted

12) Admitted.

13) Admitted. And further responding, plaintiff notes that by e mail dated June 10, 2003 Mr. Heller informed Laurie Jadick-Geiger, Associate Director of CGE&Y, of his conversation with AIG the day before about the likely denial of his claim for benefits. (See Capgemini's Summary Judgment Submission Ex. 7- For the convenience of the Court a copy of Capgemini's Ex 7 is attached hereto; see also Plaintiff's Facts #37-38) In his June 10, 2003 e mail, Mr. Heller informed CGE&Y that AIG was basing its decision on erroneous information. (CGE&Y Submission Ex. 7) The AIG representative told Mr. Heller "that she had been told the insurance premiums has (sic) stopped prior to Pat's death." (See Capgemini's Ex7 and Plaintiff's Facts #37-38.) Mr. Heller informed CGE&Y " That is clearly not the case if one looks at Pat's last pay stub." (CGE&Y Submission Ex. 7; see also Plaintiff's Facts #37-38)) Upon receipt of the e mail from Mr. Heller, Ms. Jadick-Geiger (Associate Director of CGE&Y) forwarded the e mail to Josephine Hughes (CGE&Y HR Director), and Jodie Kontowicz (acting Chief People Officer), stating that she needed their advice because Mr. Heller was not satisfied with what he was being told. (Capgemini Submission Ex. 7) Josephine Hughes asked Tracy McGee (Associate Director of CGE&Y) to review the issue and to set up a conference call with Josephine Hughes, Laurie Jadick-Geiger and Tracy McGee to "discuss and agree upon our unified approach to communicating with ED (sic)" (Capgemini Submission Ex. 7)  Three days later, on June 13, 2003, Josephine Hughes sent a letter to Mr. Heller, (copy attached hereto) which among other things, stated that:

3

  a. "As you know, CGE&Y does not determine eligibility for benefits once a claim has been submitted. That responsibility, per the AD&D Plan, is within the sole discretionary authority of AIG." [This statement appears to be at odds with AIG's June 23, 2003 letter which stated that CGE&Y had both determined when premiums were paid through and when Patricia's coverage terminated. (Plaintiff's Fact #42)]

  b. "The payroll deduction taken from her final pay in the amount of $12.00 was for the period of coverage fro January 16, 2003 through January 25, 2003, her last day of employment." [This statement is at odds with CGE&Y's April 28, 2003 e mail to AIG (Plaintiff's Fact #33), its July 31, 2003 letter to Mr. Heller (Plaintiff's Fact #47); its May 28, 2004 letter to counsel for Heller (AR p. CG00047), and its proposed Summary Judgment Facts #8-10). This earlier letter also explains why, in August 2003, CGE&Y insisted that Ms. Oldham issue a modified (and "softened") letter to Mr. Heller on August 13, 2003, attempting to alter her more candid July 31, 2003 letter to him. (Plaintiff's Facts #47-48). Plaintiff would like to be able to inform the Court of Ms. Oldham's job title and role in the handling of this claim. Capgemini has objected to providing such information as irrelevant and inadmissible. (See exchange of e mails between counsel dated February 26, 2005 and February 28, 2005, copy attached hereto)

14) Admitted.

15) Admitted.

16) Admitted.

17) Admitted.

18) Admitted. Plaintiff notes that AIG did not provide responses to all inquires. (See Plaintiff's Fact #56.)

19) Admitted

20) Admitted Plaintiff notes that Capgemini did not provide a response to all inquiries. For example, the April 2, 2004 letter sought a description of the manner in which premiums were collected by CGE&Y and transmitted to AIG. A.R. p. CG0043- item #8. Capgemini's May 28, 2004 letter provided an inadequate response. (See also Plaintiff's Facts #58)

21) Admitted. But plaintiff contends that CGE&Y's attempt in the December 20, 2004 letter to alter the administrative record as to Patricia Heller's (non) receipt of a VP Continuation of Benefits Summary should be denied. See Plaintiff's Motion to Strike the affidavit of Ms. Jadick-Geiger. Plaintiff also disputes that CGE&Y properly furnished a copy of the SDP to Patricia Heller. (Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment at pp. 3-4)

22) Admitted. But, Plaintiff contends that because Patricia's coverage never ended, the conversion provisions of the Plan are irrelevant to plaintiff's claim. (Plaintiff's Memorandum in Support of His Motion for Summary Judgment and Memorandum in Opposition to Defendants' Motions for Summary Judgment)

**ADDITIONAL FACTS DEMONSTRATING THAT PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED**

Plaintiff hereby incorporates his Rule 56.1 Statement of Material Facts in Support of his Motion for Summary Judgment (as amended to include the additional facts established by Ex. 7 of Capgemini's Summary Judgment Submission and CGE&Y's

June 13, 2003 letter to Mr. Heller discussed above in response to Capgemini Fact #13)

        EDWARD HELLER
        By his attorney,

        /s/ JHSkerry, III
_____
        Joseph H. Skerry, III
        BBO# 544124
        237 Lexington Street
        Woburn, Massachusetts 01801
        781-938-1301
        781-938-1344
        jayskerry@rcn.com

CERTIFICATE OF SERVICE

I Joseph H. Skerry, III hereby certify that I served the forgoing by mail on counsel of record.

March 25, 2005                /s/ JHSkerry, III
                              Joseph H. Skerry, III