
**CAP GEMINI ERNST & YOUNG**

Cap Gemini Ernst & Young U.S. LLC
750 Seventh Avenue
New York, NY 10019
Direct: 212-314-8200

June 13, 2003

Mr. Edward Heller
20 Indian Hill Road
Weston, MA 02493

Dear Mr. Heller:

We are responding to the questions you have regarding the status of your claim for benefits under the Cap Gemini Ernst & Young U.S. Accidental Death & Dismemberment Plan ("AD&D Plan"). As you know, CGE&Y does not determine eligibility for benefits once a claim has been submitted. That responsibility, per the AD&D Plan, is within the sole discretionary authority of AIG. However, we provide the information below as a guide to our understanding of AIG's position on your claim.

According to the provisions of the AD&D Plan, coverage under the Plan ends as follows.

### TERMINATION OF COVERAGE

Coverage under the AD&D Plan will cease on the day in which one of the following occurs:

- **You are no longer employed by a participating employer**
- The AD&D Plan terminates or is amended to exclude the class of individuals that includes you or your dependents
- If you become eligible for coverage under a plan intended to replace this coverage
- If AIG terminates the policy
- If the Company discontinues the Plan
- If premiums due under the insurance policy have not been timely paid.

Based on your wife's last day of employment, her coverage under the AD&D Plan ended on January 25, 2003. The payroll deduction taken from her final pay in the amount of $12.00 was for the period of coverage from January 16, 2003 through January 25, 2003, her last day of employment.

Please be advised that you have certain rights under the Employee Retirement Income Security Act of 1974 ("ERISA") in the event your claim is denied. Below is a summary of your right to file an appeal with AIG in the event that you do not agree with the



determination made on your claim. This information can also be found in the attached AD&D Summary Plan Description.

| Review of Claim | AIG has the sole discretionary authority to determine eligibility for benefits and to interpret the terms of the insurance policy. All determinations and interpretations made by AIG are conclusive and binding on all parties. <br><br> A decision on a claim will be made within 90 working days after receipt by AIG of a properly executed, complete proof of loss. Complete proof of loss includes any investigation by AIG necessary to determine its liability under the insurance policy. <br><br> If your claim is denied in whole or in part, AIG will provide written notice of the denial to you. The notice will contain: (1) the specific reason or reasons for the denial; (2) specific references to pertinent provisions of the policy upon which the decision is based; (3) a description of any additional material or information needed to perfect the claim and an explanation of why it is necessary; and (4) an explanation of the Plan's claim review procedures. <br><br> You may request a review of the denied claim. The request must be submitted in writing within 60 days after you receive written notice of the denial. You have the right to review, upon request and free of charge, copies of all documents, records, and other information relevant to your claim for benefits, and you may submit written comments, documents, records and other information relating to your claim. You should submit your request for review to the office of AIG to which you submitted your initial request for benefit payment. <br><br> AIG will review your claim and ordinarily notify you of its final decision within 60 days of receipt of your request. If special circumstances require an extension of time (of up to an additional 60 days), you will be notified of such extension during the 60 days following receipt of your request. The decision on review will be in writing, and it will include the specific reasons for the decision and the specific references to the pertinent provisions of the policy upon which the decision is based. |
|---|---|

We have confirmed with AIG that they are still in the process of making a determination on your claim for benefits.

Regards,

*Josephine Hughes*

Josephine Hughes – HR Director

**Joseph Skerry**

| | |
|---|---|
| **From:** | Epstein, Emily [eepstein@orrick.com] |
| **Sent:** | Monday, February 28, 2005 8:20 PM |
| **To:** | 'Joseph Skerry' |
| **Cc:** | 'gerry.silver@capgemini.com'; 'neal.stern@capgemini.com'; Edmundson, D.Barclay; D'Ambrosio, Alan A. |
| **Subject:** | Capgemini/Heller Job Titles |

Jay,

Hello. As we have discussed with you on several occasions, you are not entitled to discovery. A claim based on a denial of benefits is limited to the administrative record. See *Liston v. UNUM Corp. Officer Severance Plan*, 330 F.3d 19, 23 (1st Cir. 2003); *see also Curtin v. UNUM Life Ins. Co. of Am.*, 298 F.Supp.2d 149 (D. ME 2004). We provided you a list of job titles as a courtesy, although we were not required to do so. You have now requested additional information that does not appear to be either relevant nor admissible in this matter. While we want to be as cooperative as possible, we will be unable to provide you with the additional information you requested. I would note, however, that much of the information regarding the job positions of personnel can be found in the Administrative Record. In fact, that is where most of our information came from. Moreover, the information you have requested does not relate to claims #4 or #5 (both of which claims you stated you would drop upon receiving the affidavit).

Thank you.

Emily

> -----Original Message-----
> **From:** Joseph Skerry [mailto:jayskerry@rcn.com]
> **Sent:** Saturday, February 26, 2005 5:10 AM
> **To:** Emily Epstein
> **Subject:** Job Titles
>
> Emily- I am in receipt of your February 25, 2005 letter. Thank you.
>
> Could you please provide sufficient information (such as their department, and the reporting hierarchy in the department(s)) so that I can determine the role of each of the listed individuals in the claim? Simply saying someone was an "Associate" or an "Associate Director" provides little guidance- an Associate Director of what?. I am not sure if you participated in the telephone call with Jim Baker about this topic, but as I informed Jim, my purpose in asking for job titles was so that I could evaluate who was participating/making decisions. At the time Jim, I was surprised to hear Jim argue that it did not make a difference who made the various decisions.
>
> Also- could you provide similar information for Lynne Oldham, the author of the July 31, 2003 (AR AIG 00133) and August 13, 2003 I(AR AIG 00128) letters? I neglected to include her in my December 23, 2004 e mail request.
>
> Thank you
> Jay Skerry

3/20/2005