IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD HELLER,<br>Plaintiff,<br><br>v.<br><br>CAP GEMINI ERNST & YOUNG WELFARE PLAN (RE: ACCIDENTAL DEATH BENEFITS), AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK, AND CAPGEMINI U.S. LLC,<br>Defendant. | CIVIL ACTION NO. 04-11875-WGY |

**DEFENDANTS CAP GEMINI ERNST & YOUNG WELFARE PLAN AND CAPGEMINI U.S. LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Plaintiff Edward Heller ("Plaintiff" or "Heller") filed this Complaint on August 27, 2004. Heller and defendants Capgemini Ernst & Young Welfare Plan, and Capgemini U.S. LLC (collectively "Capgemini") and AIG agreed to file Rule 9A packets, consistent with Massachusetts state court rules. All parties served on each other cross-motions for summary judgment on March 4, 2005. Capgemini hereby replies to Plaintiff's Opposition to Capgemini's Motion for Summary Judgment (the "Opposition").

Capgemini's motion demonstrated, clearly and simply, that Heller is not entitled to benefits because Ms. Heller was not a plan participant at the time of her unfortunate death. Heller's Opposition fails to offer any meaningful rebuttal to this simple argument. Instead, he attempts to confuse the issue by asserting a variety of irrelevant and unsupported arguments based on incomplete facts and misconstruction of ERISA's requirements. Because he fails to demonstrate that Ms. Heller was a plan participant at the time of her death, the denial of benefits under the express terms of the plan should be upheld.

II.  ANALYSIS

    A.  **CAPGEMINI PROPERLY GRANTED AIG DISCRETIONARY AUTHORITY**

In reviewing denial of benefit claims under 29 U.S.C. § 1132(a)(1)(B), courts apply an arbitrary and capricious standard to a plan administrator's actions if the plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the plan's terms. *Campbell v. BankBoston, N.A.*, 327 F.3d 1, 5 (1st Cir. 2003); *see Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) (courts must review an ERISA administrator's actions *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," in which case review is under the arbitrary and capricious standard).

Here, Plaintiff admits that the Plan Administrative Document gave Capgemini discretionary authority. (Heller Opposition, p. 2). However, Plaintiff claims that Capgemini did not properly give AIG discretionary authority. (Heller Opposition, p. 2). In making this argument, Heller ignores the fact that the Summary Plan Description ("SPD") specifically provided AIG with such discretion. The SPD provides that

> AIG has the sole discretionary authority to determine eligibility for benefits and to interpret the terms of the insurance policy. All determinations and interpretations made by AIG are conclusive and binding on all parties.

(AR AIG 00084)[1]. The language of the SPD could not be much clearer on this point – AIG has been delegated discretionary authority to decide this claim.

Plaintiff also states that, even if the SPD properly granted AIG discretionary authority, Capgemini did not follow proper delegating procedures. Plaintiff cites to *Rodriguez-Abreu v. Chase Manhattan Bank*, 986 F.2d 580, 584 (1st Cir. 1993), for the proposition that "ERISA

---

[1] Throughout this reply brief, AR refers to the Administrative Record.

allows named fiduciaries to delegate responsibilities . . . through express procedures provided in the plan." (Heller Opposition, p. 2). Capgemini does not disagree with this statement. In fact, for that reason, the Cap Gemini Ernst & Young Welfare Benefit Plan Administrative Document specifically provides that

> The Plan Administrator shall be authorized, to the extent deemed advisable, to designate persons or entities to carry out fiduciary responsibilities allocated to each, and to rely upon such information, data, statistics, or analysis provided by such person or entities who perform functions under the Component Plans.

AR CG 00030. Capgemini properly provided AIG discretionary authority. Evidence of this can be found in the SPD. The SPD states

> The Company [Capgemini] provides benefits under this Plan through an insurance policy purchased from American International Life Assurance Company ("AIG"). The Company forwards the premiums you pay to the insurance company. The insurance company provides coverage under the terms of the insurance policy, which is the legal document that governs whether benefits will be payable in any situation. AIG is solely responsible for evaluating claims and for paying benefits under this Plan.

(AR AIG 00085). Thus, Capgemini followed the necessary procedures described in *Rodriguez-Abreu*, as required by 29 U.S.C. § 1105(c)(1).[2]

### B. CAPGEMINI PROPERLY FURNISHED TO MS. HELLER THE SPD

Plaintiff's argument that Capgemini failed to properly furnish the SPD to Patricia Heller as required by ERISA is a classic red herring for two reasons. First, there is no requirement to give a participant a physical document SPD where, as here, the relevant plan documents are readily available on line. Second, contrary to Heller's position, there is no authority that the

---

[2] 29 U.S.C. § 1105(c)(1) provides:

> The instrument under which a plan is maintained may expressly provide for procedures (A) for allocating fiduciary responsibilities (other than trustee responsibilities) among named fiduciaries, and (B) for named fiduciaries to designate persons other than named fiduciaries to carry out fiduciary responsibilities (other than trustee responsibilities) under the plan.

Court must ignore the SPD language even were it true that Patricia Heller did not have access to the SPD.

Plaintiff admits that Capgemini prepared an SPD for the AD&D Plan (Heller Opposition, p. 3; AR AIG 00084-00100) but disputes whether Capgemini properly furnished the SPD to Ms. Heller. (Heller Opposition, p. 3). SPDs may be distributed using electronic media so long as proper procedures are followed. Delivery requirements are met if participants can access written documents at the work site or readily print them at no charge. Notice must be provided to each participant in electronic or non-electronic form, at the time a document is furnished electronically, which apprises the individual of the significance of the document when it is not otherwise readily evident as transmitted, and of the right to request and obtain a paper version of the document.[3] 29 C.F.R. § 2520.104b-1(c)(B)(iii).

In the present case, during annual enrollment, repeated reminder voicemails were sent to employees referring them to the resources available to them regarding their benefits. (AR CG 00047). In addition, emails were also sent to plan participants during the annual enrollment period. (AR CG 00051-56; 00077-85). Thus, Defendant properly complied with 29 C.F.R. § 2520.104b-1(c).

In short, Capgemini properly provided the SPD, which moots plaintiff's argument. Even had it not been provided, however, there is no basis under ERISA to "ignore the language of the SPD in deciding these motions," as urged by Heller. (Heller Opposition, p. 5). The SPD sets out the terms of the plan, whether or not it was available to Ms. Heller. How does Heller propose to decide the issue of eligibility for benefits other than by reference to the SPD? There is simply no authority for the argument that the Court should ignore the SPD and decide on its own whether it believes that benefits should be awarded.

---

[3] We believe Plaintiff meant to cite to 29 C.F.R. § 2520.104b-1(b)(1) instead of 29 C.F.R. § 2510.104b-1(b)(1) in his opposition brief as no such section 29 C.F.R. § 2510.104b-1(b)(1) exists.

#524762                                4

### C. MS. HELLER'S COVERAGE TERMINATED ON JANUARY 24, 2003

Finally, Plaintiff alleges that Defendants have failed to demonstrate that Patricia Heller's coverage terminated on January 24, 2003. Nothing can be further from the truth. Both the SPD and the Group Policy state that when an insured is no longer an employee, coverage ceases. Plaintiff, in an attempt to overcome the evidence that clearly shows that, at the time of her death, Ms. Heller was not a plan participant, objects to the fact that the SPD and the Group Policy use different wording. Plaintiff alleges there is a conflict as to the date coverage terminates. The Group Policy provides that coverage ceases "the date the Insured ceases to be a member of any eligible class(es) of persons as described in the Classification of Eligible Persons section of the Master Application." (AR AIG 00060). The SPD states that coverage terminates when "You are no longer employed by a participating employer." (AR AIG 00092). This is a distinction without a difference; the only reasonable interpretation of *both* provisions is that coverage ceases when one is no longer an employee. Heller does not show how either provision can reasonably mean anything else.

Even if an ambiguity did exist, Plaintiff cites to no First Circuit opinion that states that, where an ambiguity exists concerning the active employee requirement, the employee is considered covered under the policy. Rather this is simply a question of interpretation of Plan language, a task that has been delegated to AIG. AIG interpreted the relevant plan provisions to mean that one is not entitled to benefits if one is not an employee at the date of death. This is clearly a reasonable interpretation of the relevant documents; Heller may believe that the **better** interpretation would be to provide benefits under these circumstances. However, under the applicable abuse of discretion standard, the Court is not entitled to substitute its judgment for that of AIG, even if the Court disagrees with AIG's reasonable interpretation of the plan documents. *Coleman v. Metro. Life Ins. Co.*, 919 F.Supp. 573, 581 (D.R.I. 1996) ("When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious."); *Goncalves v. NMU Pension Trust*, 818 A.2d 678, 683 (R.I. 2003) ("The administrator's decision need not be the only logical one nor even the best one. It need

#524762                                    5

only be sufficiently supported by facts within their knowledge to counter a claim that it was arbitrary and capricious."). For this reason, the decision must be upheld.

## III. CONCLUSION

For the reasons stated above as well as the reasons set forth in Defendant Capgemini's Motion for Summary Judgment, Mr. Heller has failed to present any cognizable claim for relief and Capgemini is entitled to summary judgment on the entire action.

Respectfully Submitted,

CAPGEMINI U.S. LLC AND CAP GEMINI ERNST & YOUNG WELFARE PLAN
By their attorney,

/s/ Brian E. Lewis
Brian E. Lewis (BBO#643717)
Hinckley Allen Snyder LLP
28 State Street
Boston, MA  02109

(Tel) 617-345-9000

- and –
D. Barclay Edmundson (SBN 89481),
admitted *pro hac vice*
Orrick, Herrington & Sutcliffe, LLP
777 S. Figueroa Street
Los Angeles, CA 90017
(Tel) 213-629-2020

Emily Epstein, Esq. (SBN 215654),
admitted *pro hac vice*
Orrick, Herrington & Sutcliffe, LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
(Tel) 415-773-5700

Dated: April 8, 2005