UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| EDWARD HELLER,                )<br>                                                       )<br>     Plaintiff,                          )<br>vs.                                              )<br>                                                       )<br>CAP GEMINI ERNST & YOUNG WELFARE  )<br>PLAN (RE: ACCIDENTAL DEATH BENEFITS),  )<br>AMERICAN INTERNATIONAL LIFE ASSURANCE )<br>COMPANY OF NEW YORK, and CAPGEMINI  )<br>U.S. LLC                                    )<br>                                                       )<br>     Defendants | CIVIL ACTION<br>FILE NO. 04-11875 - WGY |

### PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF LAURIE JADICK-GEIGER SUBMITTED BY GAPGEMINI

Pursuant to Fed.R.Civ.P 56(e), the plaintiff Edward Heller moves to strike the affidavit of Laurie Jadick-Geiger submitted by the defendant Capgemini in support of its attempt to change the administrative record concerning Patricia Heller's (non) receipt of a VP Continuation of Benefits Summary Sheet upon her departure from CGE&Y in January of 2003.

In support of this Motion, plaintiff states the following:

1. The administrative record establishes that CGE&Y's customary practice was to provide executives such as Patricia Heller with a VP Continuation of Benefits Summary Sheet during their exit interview. An example of the form can be found at A.R. p. AIG00099. The administrative record further establishes that, in a departure from CGE&Y's customary practice, Pat Heller did not receive a VP Continuation of Benefits Summary Sheet upon her

1

departure from CGE&Y in January 2003. In particular, the administrative record establishes that:

a. by e mail dated May 12, 2003 Carolyn Berish of CGE&Y provided Jill Vivian of AIG with a copy of the SPD for the AD&D Plan and a copy of a VP Continuation of Benefits Summary Sheet. (AR AIG 00144). Ms. Berish stated that the VP Continuation of Benefits Summary Sheet was provided to departing employees, but that she was researching further to confirm the date and exact version of the form given to Patricia Heller, apparently because the form was in the process of being updated at the time of Patricia Heller's departure. (AR p. AIG 00144).

b. By e mail dated the next day (May 13, 2003) Carolyn Berish of CGE&Y followed up on her earlier e mail message to AIG and informed Jill Vivian of AIG that "[i]t was determined that Pat Heller *did not* receive the Continuation of Benefits VP Summary sheet upon her termination, although it was available to her via our HR Portal." (emphasis added) (AR p. AIG 00142).

c. By letter dated April 2, 2004 counsel for Heller asked CGE&Y for an explanation of CGE&Y's ordinary practice of providing Continuation of Benefit Summaries to departing personnel; confirmation that Patricia was NOT provided with such a Continuation of Benefits VP Summary Sheet; and an explanation of why Patricia was NOT

2

       provided with a Continuation of Benefits VP Summary. (AR p.CG00044)

   d. In its May 28, 2004 response, Capgemini chose not to respond with details; its letter merely stated that the continuation of benefits form was not mailed to Pat Heller, but was available on the HR Portal. (AR p. CG 00048)

2. By letter dated December 20, 2004 counsel Capgemini wrote to counsel for plaintiff seeking to change the administrative record as to Patricia Heller's (non) receipt of the VP Benefits Summary Sheet upon her separation from CGE&Y. (AR p. CG 00049-50). Contrary to the facts established by the administrative record (discussed above), in its December 20, 2004 letter, Capgemini contended that "Mrs. Heller *was* provided with a Continuation of VP Benefits Summary Sheet *at her exit interview on January 24, 2003*." (emphasis added) (AR p. CG 00050)

3. By e mail letter dated December 22, 2004 (copy attached), Counsel for Heller objected to Capgemini's attempt to change the administrative record, and requested that an appropriate affidavit be provided justifying such an extraordinary change to the administrative record (more than eighteen months after the original inquiry). Counsel for Capgemini agreed to provide an affidavit justifying its attempt to change the administrative record. [Counsel for Heller later stated that if an affidavit of a person with personal knowledge (i.e an attendee at the exit interview) were provided, (together with an explanation of why that person did not provide the correct answer in May

2003), Plaintiff would waive Count V of the Complaint (concerning failure to adequately inform of conversion rights).] On Tuesday March 2, 2005 (two days before the March 4, 2005 stipulated deadline for services of summary judgment motions) Capgemini provided the disputed affidavit of Laurie Jadick-Geiger, signed on February 16, 2005.

4. Ms. Jadick-Geiger's affidavit should be stricken because, among other shortcomings, Ms. Jadick-Geiger's affidavit does not assert that she attended (or otherwise has personal knowledge of) the January 24, 2003 exit interview with Patricia Heller. Rather, Ms. Jadick-Geiger asserts that it was CGE&Y's standard human resource practice to provide the Continuation of Benefits VP Summary Sheet to departing employees on their last day of employment.(¶1) In this regard her statement is the same as the May 12, 2003 preliminary assertion by Ms. Berish (AR AIG p. 00144). More importantly, after further (relatively contemporaneous) research in May of 2003, Ms. Berish informed AIG by e mail on May 13, 2003 that CGE&Y's ordinary human resource practice had not been followed as to Patricia Heller- "[i] was determined that Pat Heller did *not* receive the continuation of benefits VP Summary Sheet upon her termination, although it was available to her via our HR Portal." (emphasis added) (AR p. AIG 00142). Ms. Jadick-Geiger's affidavit does nothing to contradict Ms. Berish's May 2003 statement. In particular Ms Jadick Geiger does not affirmatively state that she attended (or otherwise has personal knowledge of) the January 24, 2003 exit interview. She does not state that she or any other employee of CGE&Y physically handed the Summary

4

Sheet to Patricia Heller on January 24, 2003 (or at any other time). Nor does she provide any explanation for why Capgemini is now contradicting Ms. Berish, the CGE&Y employee who researched the matter in May of 2003 and determined that Patricia Heller did not receive the form.

5. As such, Ms. Jadick-Geiger's affidavit does nothing to justify Capgemini's attempt to change the administrative record on this issue, and should therefore be stricken.

EDWARD HELLER
By his attorney,

/s/ JHSkerry, III

Joseph H. Skerry, III
BBO# 544124
237 Lexington Street
Woburn, Massachusetts 01801
781-938-1301
781-938-1344
jayskerry@rcn.com

CERTIFICATE OF SERVICE

I Joseph H. Skerry, III hereby certify that I served the forgoing by mail on counsel of record.

March 25, 2005                          /s/ JHSkerry, III
                                        Joseph H. Skerry, III

5