IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD HELLER,<br>Plaintiff,<br><br>v.<br><br>CAP GEMINI ERNST & YOUNG WELFARE PLAN (RE: ACCIDENTAL DEATH BENEFITS), AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK, AND CAPGEMINI U.S. LLC,<br>Defendant. | CIVIL ACTION NO. 04-11875-WGY |

### DEFENDANT CAP GEMINI ERNST & YOUNG WELFARE PLAN AND CAPGEMINI U.S. LLC'S MOTION TO STRIKE PLAINTIFF'S STATEMENT OF THE MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

Pursuant to Local Rules 7.1 and 56.1 and the inherent authority of this Court to regulate matters before it, the defendants Capgemini U.S. LLC and Cap Gemini Ernst & Young Welfare Plan (collectively "Capgemini") moves for an order striking certain portions of the Plaintiff's Statement of the Material Facts as to Which There is no Genuine Issue to be Tried. In support of this Motion, AIG states as follows:

1. The plaintiff has used his statement of facts as vehicle for offering unsupported commentary about the facts.

   a. Fact No. 38 offers no additional factual information. It attempts to compare Facts 37 and 33 and contains the inaccurate assertion that the statement attributed to AIG in Fact No. 37 is "at odds" with the information provided to AIG. In Fact No. 38 the plaintiff goes on to state, "[t]his is surprising in view of Mr. Heller's

#524237

direct inquiry on June 9, 2003." This is commentary not fact

should therefore be stricken.

  b. Fact No. 43 also offers no additional factual in[formation]

add commentary. Again, the plaintiff claims AIG's represent[ative]

"at odds" with information it had received. And again, the

surprising in view of Mr. Heller's direct inquiry and AIG's

earlier." This purported fact should be stricken.

  c. In large part, Fact No. 48 is commentary

CGE&Y. The only "factual information" in the paragraph is

the remainder of the "Fact" should also be stricken.

  d. Purported Fact No. 51 contains commentary ab[out]

the statement that reads "As discussed at Facts 37-38 and 42-4[3]

at odds with CGE&Y's April 28, 2003 email to AIG – see Fact

AIG notes – Fact 39, and AIG's apparent attempt to avoid and

47-48." should be stricken.

  e. Fact No. 54 is commentary, not fact.

2. Some of the plaintiff's purported facts are misleading.

  a. Fact No. 13 implies that the Administrative R[ecord]

indication that a copy of the certificate referenced in the Gene[ral]

Policy was provided to Patricia Heller. Whether the certificate

was not an issue in this benefits determination and there is n[o]

#524237  2

absence from the Administrative Record has any meaning w

fact is wholly immaterial to the issues currently before this Co

  b. Fact No. 38 states that on June 9, 2003, AIG to

had *only* been paid through January 24, 2003. This statem

misleading. The plaintiff's supporting reference states that th

through the last day worked." The supporting document

"only." The use of the term "only" implies that AIG affirr

plaintiff that no premiums were paid for the time period betv

January 31, 2003 – the record upon which the plaintiff re

inference.

 3. The plaintiff's statement of facts contains impermiss

Fact No. 25, the plaintiff states "[a]t no time has either CGE&Y o

rebate the unearned premium for Patricia's coverage for the period J

31, 2003." The plaintiff cites to the parties' Joint Statement and P

support his claim. As an initial point, the Joint Statement does

CGE&Y have not *offered* to refund the premium, only that the premi

But setting aside the inaccurate representation as to the content o

statement is hearsay and Fact No. 25 should be stricken.

 4. Several of the plaintiff's Facts are not supported by the

  a. A portion of Fact No. 15 is unsupported by ar

claims "CGE&Y say that although it has no evidence that P

copy, the SPD was made available to employees on CGE&Y's

#524237  3

Benefits website." Plaintiff's record citation only provides

statement that the SPD was made available to employees.

purported fact that CGE&Y says that it has no evidence P

summary.

    b.    Fact No. 46 indicates that Heller told AIG

"retained" an "unearned premium." The plaintiff does provid

that the plaintiff ever made this representation to AIG.

    c.    The first sentence of Fact No. 47 is unsupported

WHEREFORE, for the foregoing reasons, the defendant Capge

this Court strike the portions of plaintiff's Rule 56.1 statement that co

unsupported, or misleading statements, and/or that constitute plaintiff

facts.

Respectfully Subr

**CAP GEMINI E**
**WELFARE PLA**
**U.S. LLC**
By its attorney,

__/s/ Brian E. Lev
Brian E. Lewis (B
Hinckley Allen Sr
28 State Street
Boston, MA 021(

(Tel) 617-345-90(

- and –

Date: April 8, 2005

D. Barclay Edmu
admitted *pro hac*

#524237                                                        4

Orrick, Herringto[n]
777 S. Figueroa S[t]
Los Angeles, CA
(Tel) 213-629-20[..]

Emily Epstein, E[sq.]
admitted *pro hac* [vice]
Orrick, Herringto[n]
The Orrick Build[ing]
405 Howard Stre[et]
San Francisco, C[A]
(Tel) 415-773-57[..]

CAPGEMINI U.S[.]
GEMINI ERNST [&amp; YOUNG]
PLAN