UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD HELLER,<br>            Plaintiff,<br><br>v.<br><br>CAP GEMINI ERNST & YOUNG<br>WELFARE PLAN (RE: ACCIDENTAL<br>DEATH BENEFITS), AMERICAN<br>INTERNATIONAL LIFE ASSURANCE<br>COMPANY OF NEW YORK, AND<br>CAPGEMINI U.S. LLC,<br>            Defendant. | CIVIL ACTION NO. 04-11875-WGY |

**DEFENDANT AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
_____

The Defendant, American International Life Assurance Company of New York ("AIG"), hereby replies to plaintiff's opposition to its motion for summary judgment. AIG replies as follows (1) there is no authority to support the plaintiff's claim that this Court should ignore the SPD based upon his allegation that his former wife Patricia Heller ("Patricia") did not receive the SPD; and (2) as stated in AIG's motion for summary judgment there is no ambiguity in the Plan provisions and the plaintiff cannot rely upon the "unique fact of this case" to create an ambiguity in the Plan.

I.   <u>There is no Authority to Support the Plaintiff's Claim That This Court Should Ignore the SPD Because the Plaintiff Has Alleged His Former Wife Patricia Heller ("Patricia") did not Receive the SPD.</u>

The plaintiff urges this court to "ignore" the SPD because "there is no evidence that CGE&Y transmitted the SPD to Patricia Heller." As an initial point, the plaintiff does not

dispute that the SPD was made available to CGE&Y's employees, including Patricia, on the HR Portal. He also does not set forth any affirmative evidence that Patricia did not receive a copy of the SPD; he simply claims there is no evidence that she did receive it. But irrespective of how the SPD was made available to Patricia – whether it was in a hard copy form or through the HR Portal – the plaintiff does not cite to any case law or statute that supports his claim that this Court should simply "ignore" the SPD. Even assuming Patricia did not receive the SPD, there is absolutely no basis for the plaintiff's suggestion that the SPD should be ignored.

II.     There is no Ambiguity With Respect to the Date that Coverage Terminated and the Plaintiff Cannot Look to the "Facts of the Case" to Create an Ambiguity.

The policy language is plain and unambiguous with respect to the date on which coverage terminated. In his opposition the plaintiff claims that "the unique facts of this case . . .create an ambiguity" and the ambiguity should be construed against the drafter." The Court does not look to the "facts of the case" to determine whether the policy contains an ambiguity. Rather, the Court looks to the language of the document itself. AIG respectfully refers the Court to AIG's memorandum of law in support of its motion for summary judgment for an explicit statement as to why the terms of the plan are, on their face, plain and unambiguous.

For the reasons stated herein as well as the reasons stated in it motion for summary judgment and memorandum of law in support thereof, AIG respectfully requests that this Court grant its Motion for Summary Judgment on Counts I, II and III of the plaintiff's Complaint.

Respectfully Submitted,

**AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK**
By its attorney,

/s/ Jennifer L. Markowski
_____
Robert T. Gill, BBO#192080
Jennifer L. Markowski, BBO #655927
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

## CERTIFICATE OF SERVICE

      I, hereby certify that on April 8, 2005, I caused to be electronically filed the preceding DEFENDANT AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT in Civil Action No. 04-11875-WGY with the Clerk of Court using the CM/ECF system.

      /s/ Jennifer L. Markowski

      _____

      Jennifer L. Markowski