UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| EDWARD HELLER,                              ) | |
| ) | |
|     Plaintiff,                              ) | |
| vs.                                              ) | CIVIL ACTION |
| ) | FILE NO. 04-11875 - WGY |
| CAP GEMINI ERNST & YOUNG WELFARE ) | |
| PLAN (RE: ACCIDENTAL DEATH BENEFITS), ) | |
| AMERICAN INTERNATIONAL LIFE ASSURANCE ) | |
| COMPANY OF NEW YORK, and CAPGEMINI ) | |
| U.S. LLC                                         ) | |
| ) | |
|     Defendants | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S RULE 56.1 STATEMENT OF MATERIAL FACTS**

Each defendant has objected to certain aspects of Plaintiff's Rule 56.1 Statement of the Material Facts, and served a Motion to Strike in support thereof. Because the defendant's objections largely mirror each other, this Memorandum will address the objections raised by each defendant.

**Plaintiff's Fact #13** –AIG and Capgemini objected to (but did not move to strike) Plaintiff's Fact # 13 because they claim that the fact is misleading and immaterial. Plaintiff's Fact #13 points out that in its group insurance contract, AIG agreed to provide certificates to CGE&Y for distribution to employees such as Patricia Heller, and that there is no evidence that AIG ever complied with this contractual commitment. The fact that AIG failed to satisfy its contractual obligation to provide information is relevant and

1

material. Furthermore, discovery could reveal that the non-distributed certificate contained provisions relevant to the issue raised by this case.

**Plaintiff's Fact #14** – AIG and Capgemini objected to but did not move to strike Plaintiff's Fact #14. Plaintiff's Fact #14 quotes directly from the SDP, (A.R. p. AIG00085), so Plaintiff does not understand AIG/Capgemini's objection.

**Plaintiff's Fact #15-** Capgemini objects to Plaintiff's Fact #15, denying that it said it had no evidence Patricia was given a written copy of the SPD. The undisputed facts are that in his April 2, 2004 letter to CGE&Y, Plaintiff's counsel asked for "all evidence of the manner in which the applicable Summary Plan Description … was distributed to Patricia…" (A.R. p. CG 00044 (item a)). In its May 28, 2004 response (and its later December 20, 2004 letter) Capgemini noted the electronic availability of the SPD, but mentioned no evidence that a written copy of the SPD was provided to Patricia. (A.R. p. CG00047 and CG00049; see also December 22, 2004 e mail letter to counsel for defendants, attached as exhibit to Plaintiff's Motion to Strike the affidavit of Laurie Jadick-Geiger). Certainly, Capgemini proffers no current proof that a written copy of the SPD was provided to Patricia, and as explained in Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment, ERISA regulations required CGE&Y to furnish Patricia with a copy of the SPD, not simply make it available electronically, without any means of ensuring actual receipt by Patricia.

**Plaintiff's Fact #25**- AIG and Capgemini objected to and moved to strike (AIG and Capgemini Motions to Strike ¶3) Plaintiff's Fact # 25. Defendants contend that the fact is not properly supported. However, Rule 56 permit reference to admissions on file, and the Joint Statement qualifies as an admission on file. 10A Wright, Miller and Kane Federal

Practice and Procedure Civil 3d §2722 at pp. 376-377 (1998). Furthermore, Plaintiff submits herewith an affidavit of Edward Heller stating that at no time has either defendant offered to refund the unearned premium, or actually refund the premium.

**Plaintiff's Fact #31**- No genuine dispute- AIG/Capgemini simply quote more of the e mail cited by Plaintiff.

**Plaintiff's Fact #32**-No genuine dispute – AIG/Capgemini simply quote more of the letter cited by Plaintiff.

**Plaintiff's Fact #38** –AIG and Capgemini objected to and moved to strike (AIG and Capgemini Motions to Strike ¶1(a), 2(b)) Plaintiff's Fact #38. Defendants contend that Plaintiff's proposed Fact #38 contains misleading commentary. Defendants object to the plaintiff's use of the word "only". Plaintiff contends that comparison of the documents supporting Facts 33 and 37 (and Ex. 7 of Capgemini's Summary Judgment Submission) reveals a discrepancy between what CGE&Y told AIG in its April 28, 2003 e mail about premium deductions for Patricia[1], and what AIG asserted to Plaintiff it had been told by CGE&Y, in its June 9, 2003 conversation with Mr. Heller.[2] Compare Lauder v. First Unum Life Ins. Co., 284 F.3d 375, 382 (2d Cir. 2002 ("'candid' statements by the insurer should be encouraged") As to the defendants lack of candor, Plaintiff also refers the Court to the additional facts set forth in ¶ 13 of Plaintiff's Rule 56 response to

---

[1] The April 28, 2003 e mail stated, among other things: "Patricia had payroll deductions of $12.00 for the period 1/1/03 – 1/15/03 and the $12.00 full premium for the period 1/16/03 – last date worked. There was no rebate of any premium, although her coverage ended on last date worked, which was 1/24/03. This is standard payroll practice. …." Plaintiff's Fact # 33; A.R. p. AIG00146

[2] AIG's file note states, among other things, Mr. Heller "advised…pre was paid to end of month. Advised that according to CGE&Y, premiums were paid to last day worked." A.R. p. AIG 00006A; see also Ex 7 to Capgemini Summary Judgment submission- e mail from Edward Heller to CGE&Y the next day (June 10, 2003) , which stated, among other things-"Yesterday I received word from Jill Vivian at AIG Claims Services that she had recommended that the AD&D claim under Pat's insurance throiugh (sic) CGEY be denied….This recommendation was based at least on part on information that is erroneous. She stated that she had been told the insurance premiums has (sic) stopped prior to Pat's death. That is clearly not the case if one looks at Pat's last pay stub…"

3

Capgemini's Summary Judgment Facts. In any event, the underlying documents, which are not disputed have been presented to this Court to make its own judgment.

**Plaintiff's Fact #43** – AIG and Capgemini objected to and moved to strike (AIG and Capgemini Motions to Strike ¶1(b)) Plaintiff's Fact #43 as unsupported commentary. In its June 23, 2003 letter denying the plaintiff's claim AIG stated that CGE&Y "confirmed that premiums were paid through her last day worked…". (A.R.p. AIG00136) Comparison of CGE&Y's April 28, 2003 e mail (quoted in footnote 1 above) reveals a disparity, between AIG's statement and the April 28, 2003 e mail, especially in view of the June 9, 2003 conversation between Mr. Heller and AIG expressly raising the topic. (see quoted portions in footnote 2 above. ) The Plaintiff otherwise incorporates its response to Fact #38 above.

**Plaintiff's Fact #46**- AIG and Capgemini objected to and moved to strike (AIG and Capgemini's Motions to Strike ¶4(a)) Plaintiff's Fact #46 as unsupported. Plaintiff will not quarrel with the exact wording of the June 9, 2003 conversation between Mr. Heller and AIG, but relies upon the administrative record, as supplemented by Mr. Heller's e mail the next day (June 10, 2003) to CGE&Y for the "gist" of the conversation between Mr. Heller and AIG on June 9, 2003, in which Mr. Heller alerted AIG to his contention that AIG was operating on erroneous information because Patricia's premium had been paid to the end of the month, not merely through her last day worked (January 24, 2003). (See footnotes 1 and 2 above)

**Plaintiff's Fact #47** AIG and Capgemini objected to and moved to strike (AIG and Capgemini's Motions to Strike ¶4(b))the first sentence of Plaintiff's Fact #47 as unsupported. First, the July 31, 2003 letter supports the assertion- "As we discussed…"

(A.R.P. AIG 00133). Furthermore, Plaintiff has submitted the Affidavit of Edward Heller to clarify this point.

**Plaintiff's Fact #48** AIG and Capgemini objected to and moved to Strike (AIG and Capgemini's Motions to Strike ¶1(c)) Plaintiff's Fact #48 as containing commentary. Comparison of CGE&Y's April 28, 2003 e mail, the June 10-13-03 CGE&Y e mails (See Ex. 7 to Capgemini's Summary Judgment Submission), CGE&Y's June 13, 2003 letter to Edward Heller (a copy of which was attached to Plaintiff's Response to Capgemini's Statement of Summary Judgment Facts; see also Ex. 1to Heller Affidavit); CGE&Y's July 31, 2003 letter to plaintiff (Plaintiff's Fact 47; A.R.p. AIG00133) and CGE&Y's August 13, 2003 letter to Plaintiff (Plaintiff's Fact #48; A.R. p. AIG00131) all establish that, with the exception of the July 31, 2003 letter, CGE&Y personnel attempted to "swerve" or mislead the plaintiff about the date premiums were paid through. Compare Lauder v. First Unum Life Ins. Co., 284 F.3d 375, 382 (2d Cir. 2002 ("'candid' statements by the insurer should be encouraged"). In any event the underlying documents are all before this Court.

**Plaintiff's Fact #49** –No genuine dispute- Defendants simply quote more of the letter cited by plaintiff. .

**Plaintiff's Fact #51** –Capgemini objected to and moved to strike (¶1) Plaintiff's Fact #51 as commentary. As with Facts discussed above, the documents upon which plaintiff relies are before this Court and the Court can make its own judgment as to whether AIG personnel were being "candid".

**Plaintiff's Fact #54** AIG and Capgemini objected to and moved to strike (AIG and Capgemini's Motions to Strike ¶1(d)) Plaintiff's Fact # 54 as commentary. Plaintiff's

Fact #54 merely points out the undisputed fact that although Mr. Heller's basis for appeal was that Patricia's premiums had been paid for the full month of January, AIG's December 11, 2003 letter failed to discuss (or even mention) this issue. Defendants may not like these undisputed facts, but they cannot dismiss them as commentary.

**Plaintiff's Fact #58** AIG and Capgemini objected to but did not move to strike Plaintiff's Fact #58. It is undisputed that the SPD states that "You have the right to have the Plan Administrator [CGE&Y] review and reconsider your claim. (A.R.p. AIG 00097). It is undisputed that in its letters dated June 23, 2003 and December 11, 2003 AIG never offered plaintiff further review of its decision by CGE&Y. It is undisputed that in his April 2, 2004 letter to CGE&Y, counsel for Heller's inquired about "the apparent inconsistency…as to review of denied claims" in light of the SPD statement (quoted above) and AIG's failure to offer such review and reconsideration.(A.R. p. CG 00044-45-item k). It is undisputed that in its May 28, 2004 response Capgemini stated "In response to item k of your letter, consistent with the December 11, 2003 letter from AIG, there is no further review and consideration. " (A.R.p. CG00048).

**Plaintiff's Fact #59** AIG and Capgemini objected to and moved to strike Plaintiff's Fact #59 as unsupported commentary. Plaintiff stands on his fact and the supporting documentation. Capgemini was trying to change the administrative record without any factual basis for doing so.

WHEREFORE, the plaintiff Edward Heller respectfully requests that Defendants' Motions to Strike portions of Plaintiff's Rule 56.1 Statement of Material Fact be **DENIED.**

EDWARD HELLER
By his attorney,

/s/ JHSkerry, III

Joseph H. Skerry, III
BBO# 544124
237 Lexington Street
Woburn, Massachusetts 01801
781-938-1301
781-938-1344
jayskerry@rcn.com

CERTIFICATE OF SERVICE

I Joseph H. Skerry, III hereby certify that I served the forgoing by electronic mail on counsel of record.

April 8, 2005                   /s/ JHSkerry, III
                                Joseph H. Skerry, III