UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| EDWARD HELLER,                                )<br>                                                          )<br>    Plaintiff,                                    )<br>vs.                                                       )<br>                                                          )<br>CAP GEMINI ERNST & YOUNG WELFARE )<br>PLAN (RE: ACCIDENTAL DEATH BENEFITS), )<br>AMERICAN INTERNATIONAL LIFE ASSURANCE)<br>COMPANY OF NEW YORK, and CAPGEMINI )<br>U.S. LLC                                          )<br>                                                          )<br>    Defendants | CIVIL ACTION<br>FILE NO. 04-11875 - WGY |

**PLAINTIFF'S *REPLY* MEMORANDUM IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT (AND IN OPPOSITION TO THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT)**

The Plaintiff Edward Heller submits this Reply Memorandum in support of his contention that his Motion for Summary Judgment should be **ALLOWED**, and the Defendants' Motions for Summary Judgment should be **DENIED**.

*This Case Is Ripe For Disposition on Summary Judgment*

This case involves a claim for benefits under an employee benefit plan governed by ERISA. The defendant AIG filed with this Court the agreed upon administrative record. Plaintiff moved for summary judgment. In support of his Motion, plaintiff set forth the material facts upon which he contends there is no genuine issue to be tried, fully supported by citations to the administrative record. While the defendants have objected to what they characterize as some stray "commentary" included among the plaintiff's facts, (See AIG and Capgemini's Motions to Strike, and Plaintiff's Memorandum in

1

Opposition), review of the plaintiff's moving papers, and the defendants' opposition materials demonstrates that this case presents only a legal issue, on undisputed facts, established by the administrative record. In particular, review of the defendants' opposition materials establishes that neither defendant argues to this Court that there is a triable issue of fact on plaintiff's complaint. (AIG's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment at p 5- "there are no material facts in dispute"). Therefore, this case is ripe for disposition by summary judgment.

*Defendants' Arguments About Federal Preemption Are Simply Wrong*

Defendants argue that plaintiff's claim is preempted, or otherwise barred by ERISA. (See Capgemini's Opposition Brief to Plaintiff's Motion for Summary Judgment at pp. 2-6; AIG's Opposition to Plaintiff's Motion for Summary Judgment at pp. 10-11) As demonstrated in Plaintiff's Memorandum in Support of his Motion for Summary Judgment, these arguments are simply wrong. Plaintiff is seeking payment of benefits under the plan. He does not seek to create a separate cause of action Cf. Andrews-Clarke v. Travelers, 984 F.Supp. 49 (D. Mass. 1997) (where plaintiff sought to obtain damages for wrongful death arising from the wrongful denial of health insurance benefits under ERISA governed plan, "Court had no choice but to pluck [plaintiff's] case out of the state court in which she sought redress (and where relief to other litigants is available) and then slam the courthouse doors in her face and leave her without any remedy."). Rather, plaintiff is asking this Court to use its authority to fashion a body of federal common law governing ERISA plans to apply waiver principles to prevent the defendants "accepting the benefit of [Patricia's] enrollment—that is, [her] premiums, without simultaneously accepting the burdens…" Russo v. Abington Mem'l Hosp. No. Civ. A. 94-195, 2002 WL

1906963 at *12  (E.D. Pa. Aug. 1, 2002); Rodriguez-Abreu v. Chase Manhattan Bank, 986 F.2d 580, 587 (1st Cir. 1993) ("Issues of relinquishment of rights and waiver are governed by federal common law developed in ERISA…").  This case presents an appropriate opportunity to develop federal common law to ensure that ERISA participants and beneficiaries are protected from ERISA decision-makers who intentionally charge premiums for coverage they have no intention of providing.

*CGE&Y's Assertion that This Court Should Review the Premium Payment Issue Under a Deferential Standard of Review is Erroneous*

At pages 6-9 of its Brief, Capgemini argues that it should be entitled to a deferential standard of review on the waiver issue. This is erroneous for three reasons. First, as demonstrated in Plaintiff's Opposition to the Defendants' Motions for Summary Judgment at pp. 2-4, because AIG made the decision, and the SPD (containing the discretionary language relied upon by AIG) was not furnished to Patricia Heller as required  by ERISA, the defendants' decision is not entitled to any deference. Second, none of the relevant ERISA decisions discussing the federal common law concerning waiver accorded deference to the decision-maker in analyzing the claims of waiver. See cases cited in Plaintiff's Memorandum in Support of His Motion for Summary Judgment at pp  4-9. Third, deference is only accorded to decisions actually made by ERISA decision-makers. As demonstrated in Plaintiff's Memorandum in Support of Summary Judgment (pp. 14-20), although Mr. Heller repeatedly tried to raise the issue that Patricia's premiums had been paid for the entire month of January 2003, AIG's June 23, 2003 denial letter, and December 11, 2003 letter denying the appeal, both completely ignored Mr. Heller's premium argument. This Court should not defer to a decision that AIG studiously avoided making. Lastly, deference is accorded to ERISA decision-makers

3

who follow the rules and decide claims in good faith. As demonstrated in Plaintiff's Memorandum in Support of Summary Judgment at pp. 14-20, rather than honestly and directly addressing the issue of when premiums were paid through when Mr. Heller raised it, (and timely refunding the unearned premiums), AIG/CGE&Y repeatedly made misleading statements to obfuscate and confuse the premium payment issue. Having tried to mislead Mr. Heller on several occasions during claims handling about when premiums were paid through, defendants cannot seek deferential review of their evasion.

*Defendants Mis-state and Mis-apply the Law Concerning Waiver*

The defendants correctly note that in many states[1] waiver cannot be used to create coverage where none existed, or to modify the terms of the plan. (Capgemini's Brief in Opposition to Plaintiff's Motion for Summary Judgment at pp.; AIG's Opposition to Plaintiff's Motion for Summary Judgment at pp. 10-11) The defendants however, mis-state and mis-apply the law of waiver to the facts of this case. As explained in Plaintiff's Memorandum in Support of his Motion for Summary Judgment:

> Waiver can be found where there is an intentional, voluntary relinquishment of a known right [**or**] intentional conduct inconsistent with claiming that right …[because an] insurer cannot treat a contract as valid for the purpose of collecting premiums, and invalid for the purpose of indemnity.

5 E.M. Holmes, Appleman on Insurance 2d §28.2 at p. 324, §30.4 at p. 455 (1998); see also 17 Lee R. Russ, Couch on Insurance §239:95 at p. 103 (3d ed. 2000). Some cases frame the latter issue in terms of an "unjust benefit circumstance". Bowers v. Blue Cross Blue Shield of Georgia, 16 F.Supp. 2d 1374, 1378 (N.D. Ga. 1998) quoting Glass v. United Omaha Life Ins Co. 33 F.3d 1341, 1348 (11th Cir. 1994). Hence waiver has been

---

[1] It is not the law of Massachusetts that is controlling in this case. The Courts are to develop a body of federal common law governing ERISA plans. Hence, to the extent Capgemini's cites to Massachusetts state law as controlling, such citations are inapposite.

4

defined more broadly than merely an intentional relinquishment. As a matter of theory, waiver principles do not modify the terms of the plan, which remain intact. Lamb v. Provident Insurance Company, 1994 WL 1890828 (N.D. Miss. 1994) ("Waiver does not involve oral modification of the policy and is not contrary to any mandate or rationale underlying ERISA.") Rather, the decision-maker, like any party, by their inconsistent conduct, simply waives their right to insist on certain terms. Russo v. Abington Mem'l Hosp. No. Civ. A. 94-195, 2002 WL 1906963 at *12 (E.D. Pa. Aug. 1, 2002). Compare Blum v. Spectrum Restaurant Group Inc. (et.al), 261 F. Supp 2d 697, 714-718 (E.D. Tex 2003), (Fifth Circuit does not recognize estoppel under ERISA, but does recognize waiver). Furthermore, in this case, as in Lauder v. First Unum Life Ins. Co., 284 F.3d 375, 381 (2d Cir. 2002), and Russo v. Abington Mem'l Hosp. No. Civ. A. 94-195, 2002 WL 1906963 at *12 (E.D. Pa. Aug. 1, 2002), there is no question that Mr. Heller is seeking exactly the type of benefits expected to be paid under the plan, namely, accidental death benefits. [This is in contrast to cases where the plaintiff is seeking for him or her self, benefits that no other participant would be entitled; for example where the pension participant in a self funded plan, claims a benefit that no other participant would be entitled.] This case, involving fully insured benefits, simply does not raise any issue of exhausting the plan assets, or of claims arising years later. Compare cases cited by AIG ---Nachwalter v. Christie, 805 F.2d 956, 960 (11th Cir. 1986) (estoppel claim against pension fund denied due to concern about stability of pension fund, and depleting pension trust funds to the detriment of remaining participants, arising from claims made many years after representations); Straub v. Western Union Telegraph Co., 851 F.2d 1262, 1265-1266 (10th Cir. 1988); (estoppel claim against pension fund denied because

recognition could deplete the fund and claims may arise years after the representations); Davidian v. Southern California Meat Cutters Union and Food Employees Benefit Fund, 859 F.2d 134, 136 (9th Cir. 1988) (while 9th Circuit will not permit estoppel claim against plan fund because to do so might diminish the fund, where claim does not diminish the fund, such claims possible); see also Thomason v. Aetna Life Insurance Company, 9 F.3d 645, 649-650 (7th Cir. 1993) (7th Circuit permits estoppel where no danger of exhausting trust fund). Furthermore, even those circuits refusing to recognize estoppel claims where the plan is unambiguous, often will entertain such claims where the plan provisions are ambiguous, apparently because in the latter situation the plan's terms are being clarified, not modified. Cf. Glass v. United Omaha Life Ins Co. 33 F.3d 1341, 1348 (11th Cir. 1994) (11th Circuit permits estoppel where representations constitute oral interpretation of ambiguous plan).

*The Undisputed Facts Demonstrate that the Defendants' Charging and Retaining Unearned Premium Was Not Accidental*

AIG asserts that at most the defendants mistakenly overcharged the plaintiff. (AIG Opposition Memorandum at p. 15, n.2)  As explained in Russo v. Abington Mem'l Hosp. No. Civ. A. 94-195, 2002 WL 1906963 at *12  (E.D. Pa. Aug. 1, 2002). Russo v. Abington Mem'l Hosp. No. Civ. A. 94-195, 2002 WL 1906963 at *12  (E.D. Pa. Aug. 1, 2002) it is difficult for an insurer to claim that the acceptance of premiums was "mistaken", when, as in this case (Plaintiff's Facts 21-24) , it was the regular business practice to deduct the full premium from the final paychecks of departing employees. Furthermore, any claim to "mistake" ceased at least when Mr. Heller brought the issue to light during his June 9, 2003 telephone call with AIG (Plaintiff's Fact 37), and certainly

no later than his August 20, 2003 appeal letter (Plaintiff's Fact 49). Moreover, AIG's claims to mistake wring hollow given its attempt to duck rather than address the issue. (Plaintiff's Memorandum in Support of His Motion for Summary Judgment pp. 14-20). Lastly, AIG's attempt to minimize its conduct by characterizing the overcharging "nominal" should be rejected. AIG was willing to insure Patricia for accidental death for $24.00 per month (approximately $6.00 per week). AIG received the full $24.00 premium for January 2003. Now AIG and Capgemini only want to provide three weeks coverage, but at the same time keep the full premium, for Patricia, and to continue to charge departing employees the full premium. The law does not (and should not) permit this.

## CONCLUSION

Based on the foregoing points and authorities, and those contained in Plaintiff's Memorandum in Support of His Motion for Summary Judgment, and in Opposition to Defendants' Motions for Summary Judgment, Plaintiff respectfully requests that his Motion be **ALLOWED**, and Defendants' Motions be **DENIED.**

By his attorney,

/s/ JHSkerry

Joseph H. Skerry, III
BBO# 544124
237 Lexington Street
Woburn, Massachusetts 01801
781-938-1301
781-938-1344
jayskerry@rcn.com

CERTIFICATE OF SERVICE
I Joseph H. Skerry, III hereby certify that I served the forgoing by electronic mail on counsel of record.

April 8, 2005                    /s/JHSkerry_____
                                  Joseph H. Skerry, III