IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EDWARD HELLER,

    Plaintiff,

v.

CAP GEMINI ERNST & YOUNG WELFARE PLAN
(RE: ACCIDENTAL DEATH BENEFITS),
AMERICAN INTERNATIONAL LIFE ASSURANCE
COMPANY OF NEW YORK AND CAPGEMINI U.S.
LLC

    Defendants

CIVIL ACTION
FILE NO. 04-11875-WGY

## OPPOSITION BRIEF TO PLAINTIFF EDWARD HELLER'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Plaintiff Edward Heller ("Heller" or "Plaintiff") filed a motion for summary judgment on March 4, 2005. On the same day, Capgemini U.S. LLC and Cap Gemini Ernst & Young Welfare Plan (the "Plan" and, collectively with Capgemini U.S. LLC, "Capgemini") and defendant American International Life Assurance Company of New York ("AIG") filed their respective motions for summary judgment.

No one denies that Mr. Heller applied for benefits under the Capgemini Accidental Death and Dismemberment ("AD&D") policy. (Complaint ¶ 30.) AIG, acting for the Plan, denied the claim because, under the clear and unambiguous terms of the Plan, benefits are payable only to current employees. (Complaint ¶ 35.) It is undisputed that Ms. Heller was no longer an employee of Capgemini U.S. LLC on the date of her untimely death. Because Ms. Heller was clearly not a plan participant at the time of her death, Mr. Heller now seeks to have the Court ignore the Plan's eligibility requirements and to overrule the sound decision made by AIG in denying benefits.

Plaintiff's whole argument is that, under a common law theory of waiver, he is entitled to benefits. He contends that because defendants Capgemini and AIG (collectively "Defendants") deducted the full premium from his wife's pay for the AD&D policy for January and did not refund any portion of it, they cannot now deny coverage. As Capgemini pointed out in their Memorandum of Points and Authorities in Support of its Motion for Summary Judgment, in virtually the same fact situation as here, the Eight Circuit soundly rejected an estoppel theory because there, as here, the unambiguous language of the ERISA-governed plan required the plan participant to be an employee at the time of death. *Sippel v. Reliance Standard Life Ins. Co.*, 128 F.3d 1261 (8th Cir. 1997). The court held that estoppel cannot be used to change the plan terms. Similarly, waiver cannot be used to change the plan terms. *See Alan Corp. v. International Surplus Lines Ins.*, 823 F.Supp. 33, 42 (D. Mass. 1993), affirmed 22 F.3d 339 (1st Cir. 1994) ("Waiver cannot be used to extend coverage of an insurance policy or create a primary liability.").

Even if this claim was proper under ERISA, the elements of this claim are not present here. Waiver requires an intentional relinquishment of a known right. Mr. Heller has failed to show this. For these reasons, Plaintiff Edward Heller is not entitled to summary judgment.

II. **ARGUMENT**

   A. **Plaintiff's First Argument Must Fail Because His Waiver Claim Is Preempted By ERISA, Waiver Is Not Allowed Under ERISA In The First Circuit, And Plaintiff Has Not Proven The Elements Of Waiver**

Mr. Heller asserts that because Capgemini deducted twelve dollars for payment of the group premium rather than prorating Ms. Heller's final group premium, Defendants have waived the defense that Ms. Heller was no longer a participant in the Plan at the date of her death and Mr. Heller is entitled to $1,000,000 in accidental death benefits. Plaintiff is wrong for three main reasons. First, his state common law waiver claim is preempted by ERISA. Second, even if Plaintiff's claim is not preempted, it is not cognizable as ERISA has only six enforcement

mechanisms. Finally, even if waiver were allowed under the circumstances, Mr. Heller has not proven the elements necessary for a waiver claim.

    1.    <u>**Waiver is Preempted by ERISA**</u>

Plaintiff argues that federal courts have the authority to fashion a federal common law remedy. While in certain circumstances, a federal court may indeed fashion a federal common law remedy, they rarely do so and only act where ERISA has not spoken on the issue. The Supreme Court, in *Pilot Life v. Dedeaux*, held that the state common law causes of action asserted in the complaint, each based on alleged improper processing of a benefit claim under an employee benefit plan, "related to" an employee benefit plan and therefore fell under ERISA's preemption clause. *Pilot Life v. Dedeaux*, 481 U.S. 41 (1987), citing *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985); *Shaw v. Delta Air Lines*, 463 U.S. 85, 96-100 (1983). In addition, the Supreme Court observed that "the express preemption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" *Pilot Life*, 481 U.S. at 45, 46. (Internal citations omitted.)

The First Circuit is in accord with the United States Supreme Court's view. In *Kodes v. Warren Corp.*, 24 F.Supp.2d 93 (D. Mass. 1998), the court found that state common law theories of promissory estoppel and waiver were preempted by ERISA. The court noted that the Supreme Court has specifically held that state common law breach of contract and tort claims that relate to an ERISA-covered plan are preempted. *Id.* at 100, citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 1333 (1990); *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985). Because Mr. Heller's waiver claim "relates to" an ERISA-governed plan, it is preempted. To hold otherwise would allow this court to provide an enforcement mechanism other than those allowed under ERISA. *See Kodes*, 24 F.Supp.2d at 100.

As both the Supreme Court and the First Circuit have made clear, where state law claims "relate to" an ERISA plan, they will be preempted. Plaintiff's state law claim should be preempted and dismissed.

2. **If This Claim Is Based on Federal Law, It Is Not Cognizable Because ERISA Has Only Six Enforcement Mechanisms**

Mr. Heller attempts to avoid preemption by arguing that his causes of action are brought, not under state law, but under federal common law. This characterization, however, does not avoid preemption. Simply stating that a cause of action is based on federal law instead of state law does not make it so. *See Singer v. Black & Decker Corp.*, 964 F.2d 1449, 1453 (4th Cir. 1992) (Wilkinson, J., concurring) ("The device of federal common law does not authorize federal courts to smuggle state common law principles into ERISA without regard for the statutory text."). The Supreme Court has made clear that

> The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted, however, provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a "comprehensive and reticulated statute.

*Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985). The Supreme Court explained that the "language and structure of [ERISA's civil enforcement provisions] support the conclusion that they were intended to provide exclusive remedies for ERISA-plan participants and beneficiaries asserting improper processing of benefit claims." *Pilot Life v. Dedeaux*, 481 U.S. at 42. The Supreme Court went on to state that Congressional policy choices reflected by the inclusion of certain remedies and the exclusion of others would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain other remedies. "The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies

embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive." *Id.* at 54.

Similarly, the First Circuit has noted "The Supreme Court has directed that federal courts may engage in interstitial rule-making when it is in the interests of justice." *Mauser v. Raytheon Co. Pension Plan for Salaried Employees*, 239 F.3d 51, 57 (1st Cir. 2001), quoting *Bruch*, 489 U.S. at 110; *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. at 56; *Kwatcher v. Mass. Serv. Employees Pension Fund*, 879 F.2d 957, 966 (1st Cir. 1989); *Vartanian v. Monsanto Co.*, 14 F.3d 697, 703 (1st Cir. 1994). However, the *Mauser* court also stated that "we should only act when there is, in fact, a gap in the structure of ERISA or in the existing federal common law relating to ERISA." *Id.* at 57. See *O'Connor v. Commonwealth Gas Co.*, 251 F.3d 262, 265 n. 4 (1st Cir. 2001) (The First Circuit dismissed plaintiffs' federal common law claims of equitable estoppel, fraud, and negligent misrepresentation as duplicative of the ERISA claim, noting that "Although we have recognized our equitable powers to fashion a common law remedy through "interstitial lawmaking" where ERISA does not provide one this is not the appropriate case in which to do so.") (Internal citation omitted.) As the First Circuit made clear in *State Street Bank & Trust Co. v. Denman Tire Corp.*, "[C]ourts are careful not to allow federal common law to rewrite ERISA's carefully crafted statutory scheme, and recognize that federal common law will only give rise to a claim pursuant to ERISA in the limited class of cases where the issue in dispute is of central concern to the federal statute." *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 89 (1st Cir. 2001) (citation and internal quotation marks omitted; quoting with approval from *United McGill Corp. v. Stinnett*, 154 F.3d 168, 171 (4th Cir. 1998).

Because Mr. Heller's waiver claim is virtually indistinguishable from a denial of benefits claim under 29 U.S.C. § 1132(a)(1)(B), there is already an adequate avenue of relief for him. While "appropriate equitable relief" is one of the enforcement mechanisms allowed under ERISA, 29 U.S.C. § 1132(a)(3), Plaintiff's claim is for legal damages – $1,000,000 in AD&D benefits – and, as such, cannot be recovered under 29 U.S.C. § 1132(a)(3). Even if Mr. Heller

sought equitable relief, because Plaintiff has a claim under 29 U.S.C. § 1132(a)(1)(B) he cannot recover under (a)(3). *See Corsini v. United Healthcare Corp.*, 51 F.Supp.2d 103, 106 (D.R.I. 1999) ("Subsection (a)(3) does not [however] create an alternative theory upon which suits alleging denial of benefits . . . under (a)(1)(B) may be brought.").

### 3. Even If ERISA Permitted A Waiver Claim Here, Mr. Heller Has Not Proven The Elements Necessary for Such a Claim

Were Mr. Heller's claim of waiver valid, he still would be required to prove each of the following elements: (1) a relinquishment of a known right; and (2) the relinquishment must be intentional and voluntary. *Alan Corp. v. International Surplus Lines Ins.*, 823 F.Supp. 33 (D. Mass. 1993), affirmed 22 F.3d 339 (1st Cir. 1994). No evidence has been presented that either AIG or Capgemini relinquished a known right and that they did so intentionally.

Instead, the evidence demonstrates that it is Capgemini's standard payroll practice to deduct the full premium from the last paycheck when an employee separates from Capgemini. (R. 56.1, Exh. 8, p.1; R. 56.1, Exh. 14, p. 1). While Mr. Heller may believe this is unfair, Defendants' interpretation of the Plan is subject to a review under the abuse of discretion standard. Here, there are two plausible interpretations of the Plan. The one Plaintiff espouses is that once a premium payment is made, it covers a plan participant for the entire month. Defendants, on the other hand, believe that once a premium payment is made, it covers a plan participant up until the day that employee is no longer eligible under the terms of the Plan. Defendants interpretation is certainly reasonable and, because it is not an abuse of discretion, must be upheld. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) (courts must review an ERISA administrator's actions *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," in which case review is under the arbitrary and capricious standard); *Terry v. Bayer Corp.*, 145 F.3d 28, 35 (1st Cir. 1998) (same); *Gannon v. Metro. Life. Ins. Co.*, 360 F.3d 211, 212-213 (1st Cir. 2004); *Lopes v. Metropolitan Life Ins. Co.*, 332 F.3d 1, 4 (1st Cir. 2003); *Liston v. UNUM Corp. Officer Severance Plan*, 330 F.3d 19, 22 (1st Cir.

2003). Here, the Plan provides the decision maker with discretionary authority to determine eligibility for benefits. The Summary Plan Description provides that

> AIG has the sole discretionary authority to determine eligibility for benefits and to interpret the terms of the insurance policy. All determinations and interpretations made by AIG are conclusive and binding on all parties.

(R. 56.1, Exh. 1, p. 13). In addition, the language of the Cap Gemini Ernst & Young Welfare Benefit Plan Administrative Document, which governs the Plan, is more than sufficient to grant discretion needed for an arbitrary and capricious review. The administrative document governing the AD&D Plan provides:

> The Plan Administrator shall have **sole and absolute discretion** (a) **to interpret the provisions of the Component Plans...; (b) to make factual findings with respect to any issue arising under the Component Plans; (c) to determine the rights and status under the Component Plans of Participants, Beneficiaries and other persons**; and (d) to decide disputes arising under the Component Plans and **to make determinations and findings (including factual findings) with respect to the benefits payable thereunder and the persons entitled thereto, as may be required for purposes of the Component Plans**. In furtherance thereof, but without limiting the foregoing, the Plan Administrator is hereby granted the following specific authorities, which it shall discharge in its sole and absolute discretion in accordance with the terms of the Component Plans (as interpreted, to the extent necessary, by the Plan Administrator): (a) to resolve all questions (including factual questions) arising under the Component Plans as to any individual's entitlement to become a Participant; (b) **to determine the amount of benefits payable with respect to any person under the Component Plans (including, to the extent necessary, making any factual findings with respect thereto)**; and (c) to conduct the claims and reviews procedures, to the extent specified herein. **All decisions of the Plan Administrator as to the facts of any case and the application thereof to any case, as to the interpretation of any provision of the Component Plans or its application to any case, and as to any other interpretative matter or other determination or question related to the Component Plans, shall be final and binding on all parties affected thereby, subject to the claims and review procedures, to the extent specified herein.**

(R. 56.1, Exh. 18, pp. 3-4.) (Emphasis added). Because the Plan contains the necessary language to allow an abuse of discretion standard, and because Defendants' interpretation was rational, the decision to deny benefits must be upheld.

In *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S. Ct. 948 (1989), the Supreme Court approved giving the administrator for an ERISA-regulated plan the fiduciary authority to determine eligibility for benefits or to construe the terms of the plan. Under the settlor doctrine, plan sponsors (here Capgemini), like the settlors of a trust, are free to design, amend, and even terminate their plans as they see fit, subject only to limited minimum standards not at issue here. *See Hughes Aircraft Company v. Jacobson,* 525 U.S. 432, 443-445 (1999); *Lockheed Corp. v. Spink,* 517 U.S. 882, 890-91 (1996). The settlor doctrine reflects the fact that ERISA's employee benefit plan system is voluntary in nature – it does not require employers to create an employee benefit plan at all or to provide any specific level of benefits. *Spink,* 517 U.S. at 887 ("nothing in ERISA requires employers to establish employee benefits plans"); *Curtiss-Wright Corp. v. Schoonejongen,* 514 U.S. 73, 78 (1995) ("We are mindful that ERISA does not create any substantive entitlement to employer-provided health benefits or any other kind of welfare benefits.").

Moreover, as the court in *Alan Corp.* explained, "the doctrine of waiver does not control where an insured argues that an insurance company has waived the limits of coverage defined in an insurance policy." *Alan Corp. v. International Surplus Lines Ins.,* 823 F.Supp. at 42. (Internal citation omitted.) The court explained that "Waiver cannot be used to extend coverage of an insurance policy or create a primary liability." *Id.* at 42. (Internal citation omitted.) In the present case, Mr. Heller seeks to extend coverage of an insurance policy. However, he cannot do this. The terms of the Plan makes clear that Mrs. Heller was not a participant in the Plan on the day she died. Ms. Heller's last day of work was January 24, 2003. (Complaint ¶20.) Under the terms of the Plan, Ms. Heller's

Accidental Death Policy terminated on January 25, 2003 because, as of that date, she no longer met the eligibility requirements.[2]

The only way a person can continue to be covered after he or she terminates employment is by converting their group policy coverage into individual coverage.[3] At no point did anyone submit a written application nor provide payment of the required premium to receive an individual policy. (R. 56.1, Exh. 16, p.1). Consequently, her policy had not been converted into an Individual Policy. Therefore, Ms. Heller was not in a class of eligible persons for purposes of the Plan and, under the terms of the plan, the denial of benefits was proper. Capgemini in no way relinquished any rights. Capgemini simply followed its payroll practices of deducting the full premium from the last paycheck of a former employee.

### B.  Plaintiff's Second Argument Must Fail Because It Is Irrelevant Whether Waiver and Estoppel Are Distinct Theories

In Mr. Heller's Complaint, he failed to make clear what causes of action he sued under. He now faults Defendants for believing his claim was made under an estoppel theory and asks the court to ignore Defendants' arguments in this regard. Mr. Heller's points out that although waiver and estoppel principles are often discussed interchangeably, they are separate and distinct legal theories. While this may be true, it disguises the true problem. Mr. Heller's Complaint

---

[2]  The Group Accident Insurance Policy states that

An Insured's coverage under this Policy ends on the **earliest of**: (1) the date this Policy is terminated; (2) the premium due date if premiums are not paid when due; (3) the date the Insured requests, in writing, that his or her coverage be terminated; or **(4) the date the Insured ceases to be a member of any eligible class(es) of persons as described in the Classification of Eligible Persons section of the Master Application.** (Emphasis added.) (R. 56.1, Exh. 2, p.3)

For the definition of Classification of Eligible Persons, see Defendant Capgemini's Statement of Material Facts (R. 56.1, Exh. 17, p. 1).

[3]  An Insured Person whose coverage ends because he or she is no longer a member of any eligible class of persons as described in the Classification of Eligible Persons section of the Master Application, may convert his group policy into an individual accidental death and dismemberment policy. The company must receive a written application and payment of the required premium within 31 days after coverage ends under the Policy. Coverage under the Individual Policy will take effect on the later of: (1) the date the application and required premium payment are received by the Company; or (2) the date that the Insured Person's coverage under the Policy ends. (R. 56.1, Exh. 3, p.1).

was poorly constructed with regards to defining what each cause of action was for. Mr. Heller should not now be allowed to essentially amend his Complaint without leave of this Court.[4]

### C. Mr. Heller's Third Argument Must Fail Because While Other Circuits May Allow Waiver, The First Circuit Does Not Allow Such A Cause Of Action In An ERISA Action

Mr. Heller argues that First Circuit decisions support relief on the facts of this case. This is patently untrue. The first case he cites, *Glista v. UNUM Life Insurance Co. of America*, 378 F.3d 113 (1st Cir. 2004), is very different from the case at bar. There, the insurer denied coverage for one articulated reason and then, later, sought to deny the coverage under another provision. This is an express violation of ERISA principles that, in denying a claim, the insurer must clearly identify the rationale behind the denial. This is very different from the present case where Defendants always gave Plaintiff the same, consistent answer for why he was not entitled to the proceeds of his wife's AD&D policy – she was no longer a participant in the Plan at the time of her death. Moreover, the *Glista* court pointed out that some courts have held that state common law doctrines of waiver have no place in review of ERISA claims. *Glista v. UNUM Life Ins. Co. of America*, 378 F.3d at 131.[5] In addition, in *Radford Trust v. First UNUM Life Ins. Co. of America*, 321 F.Supp.2d 226, 243 (D. Mass. 2004), another case Plaintiff cites, the Court does not even address the availability of any waiver argument. This case does not stand for the proposition that waiver is allowed under the First Circuit, but only that waiver would not be applied in *Radford Trust*.

---

[4] It is noteworthy that both AIG and Capgemini both assumed his claim was one under a theory of estoppel.

[5] In *Glista*, the court noted that there was a split in authority amongst the circuits regarding waiver.
>  [O]ther courts have held that state common law doctrines of waiver have no place in review of ERISA claims, see *White v. Provident Life & Accident Ins. Co.*, 114 F.3d 26, 29 (4th Cir. 1997), or that if such doctrines apply, they did not bar ERISA plan administrators, on the facts of those particular cases, from raising new bases for the denial of benefits in litigation. *Farley v. Benefit Trust Ins. Co.*, 979 F.2d 654, 659-60 (8th Cir. 1992); *Loyola Univ. of Chicago v. Humana Ins. Co.*, 996 F.2d 895, 901 (7th Cir. 1993); *see also Juliano*, 221 F.3d at 288 (waiver not applicable where new argument involves existence of coverage rather than application of policy conditions).

*Glista v. UNUM Life Ins. Co. of America*, 378 F.3d at 131.

Because there are no First Circuit cases that support his position, Mr. Heller relies almost entirely on out of circuit opinions. For example, he relies on the Fifth Circuit's decision in *Pitts v. Amer. Security Life Ins. Co.*, 931 F.2d 351 (5th Cir. 1991). In *Pitts*, the Fifth Circuit did allow waiver under the federal common law of ERISA. In that case, a company bought a group insurance policy that required a minimum of ten employees. Despite knowing that the company had only one enrolled employee, the insurer continued to accept coverage. The court focused on the "unilateral action of the insurer in failing to raise at the outset a known defense to the claim." *Id.* at 357.[6] In granting relief in *Pitts*, the court did not have to change the terms of the plan to allow coverage whereas in the present case the court would be required to tamper with the terms of the plan itself to allow Mr. Heller to recover. Thus, it is not certain that the Fifth Circuit would allow a waiver argument where the court was forced to use the drastic remedy of changing the terms of a plan. Even if the Fifth Circuit permits waiver claims, the First Circuit will not allow waiver claims under the circumstances of this case. In *Alan Corp. v. East Side Oil Company*, the First Circuit specifically rules out the recovery under a waiver theory for a case like *Pitts*. The First Circuit stated

> In Massachusetts, the doctrine of waiver does not control where an insured argues that any insurance company has waived the limits of coverage defined in an insurance policy. *Merrimack Mutual Fire Ins. Co.*, 414 Mass. 187, 191 (1993). Waiver cannot be used to extend coverage of an insurance policy of create a primary liability. *Palumbo v. Metro. Life Ins. Co.*, 293 Mass. 35, 37-38 (1935) ("whatever may be the scope of waiver in the law of insurance, it does not extend to the broadening of coverage, so as to make the policy cover a risk not within its terms. That would require a new contract, and cannot be accomplished by a waiver."); 16B Appleman, Insurance Law & Practice, § 9090.

*Alan Corp. v. East Side Oil Co.*, 823 F.Supp. at 42. Here, Plaintiff is asking this court to make changes to the terms of the Plan to allow coverage where none exists. As the *Alan Corp.* court makes clear, this is impermissible in the First Circuit.

---

[6] Similarly, *Rhorer v. Raytheon Eng'rs and Constructors Inc.*, 181 F.3d 634, 644-45 (5th Cir. 1999), the Court reversed a motion for summary judgment on a waiver claim.

Plaintiff also cites to *Lauder v. First UNUM Life Ins. Co.*, 284 F.3d 375, 381-82 (2nd Cir. 2002). Like in *Glista*, the Second Circuit in *Lauder* determined that an insurer had waived its right to defend against payment for a participant where it had denied coverage on one basis and later chose to deny coverage on another ground. However, the *Lauder* court noted that

> Other circuits have similarly left open the larger question of whether waiver might apply in the ERISA context while concluding that it did not in the specific case. *See Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1348 (11th Cir. 1994); *Thomason v. Aetna Life Ins. Co.*, 9 F.3d 645, 650 (7th Cir. 1993).

*Lauder v. First UNUM Life Ins. Co.*, 284 F.3d at 381. The *Lauder* court also stated that the Fourth Circuit has held that federal common law under ERISA "does not incorporate the principles of waiver and estoppel." *Lauder v. First UNUM*, 284 F.3d at 381. As is clear from the holdings in these various cases, the circuit courts are not in agreement as to whether waiver is allowed under ERISA. Even those circuits that do allow waiver arguments, do so only on a case-by-case analysis. However, the First Circuit has never allowed waiver in an ERISA case like this one. Moreover, as explained above, in *Alan Corp. v. East Side Oil Co.*, 823 F.Supp. at 42, the court specifically stated that waiver was not allowed to extend coverage of an insurance policy, which is what Mr. Heller is asking this court to do. He wants his wife's AD&D Policy not to end on the day she was no longer a plan participant but rather a week later so that Mr. Heller will be entitled to benefits. This is not permissible.

### III. CONCLUSION

Plaintiff's whole argument is premised on the fact that Defendants did not refund a portion of the premium that Capgemini deducted from Ms. Heller's paycheck. He believes Defendants have waived their defense that their denial of Mr. Heller's claim was proper because his wife was no long a plan participant. Unfortunately, neither the Supreme Court nor the First Circuit will create federal common law where a cause of action and remedy already exist. Here a remedy exists under 29 U.S.C. 1132(a)(1)(B).

In a case like this one, that involves accidental death benefits, where the covered individual left employment without electing to continue individual coverage, and where the policy language is clear about the effect of a failure to make a timely election, the benefits denial must be upheld. In addition, Plaintiff's state law claim is preempted under ERISA. Finally, even if Plaintiff's waiver claim were valid, Mr. Heller has failed to state any of the elements necessary to win under a waiver cause of action. Thus, Mr. Heller has failed to present any cognizable claim for relief and his motion for summary judgment should be dismissed with prejudice.

Respectfully submitted,

CAPGEMINI U.S. LLC AND
CAP GEMINI ERNST & YOUNG
WELFARE PLAN

Defendants

By their attorney,

_____
Brian E. Lewis (BBO#643717)
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109
(Tel) 617-345-9000

Dated: March 25, 2005

- and –

D. Barclay Edmundson (SBN 89481),
admitted *pro hac vice*
Orrick, Herrington & Sutcliffe, LLP
777 S. Figueroa Street
Los Angeles, CA 90017
(Tel) 213-629-2020

Emily Epstein, Esq. (SBN 215654),
admitted *pro hac vice*
Orrick, Herrington & Sutcliffe, LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
(Tel) 415-773-5700

CAPGEMINI U.S. LLC AND
CAP GEMINI ERNST & YOUNG
WELFARE PLAN

## CERTIFICATE OF SERVICE

I, Brian E. Lewis, hereby certify that on this 25th day of March, 2005, I served an original and a copy of the foregoing *Opposition Brief to Plaintiff Edward Heller's Motion for Summary Judgment* by overnight mail to the following counsel of record:

Joseph H. Skerry, III
237 Lexington Street
Woburn, MA 01801

Jennifer L. Markowski
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110

_____
Brian E. Lewis