IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD HELLER,<br>Plaintiff,<br><br>v.<br><br>CAP GEMINI ERNST & YOUNG WELFARE PLAN (RE: ACCIDENTAL DEATH BENEFITS), AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK, AND CAPGEMINI U.S. LLC,<br>Defendant. | CIVIL ACTION NO. 04-11875-WGY |

**DEFENDANT CAP GEMINI ERNST & YOUNG WELFARE PLAN AND CAPGEMINI U.S. LLC'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

### PARTIES

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.

### BACKGROUND FACTS

6. Admitted.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.

#524234

11. Admitted.

12. Admitted.

## GENERAL PROVISIONS

13. Admitted in part and qualified in part. Capgemini U.S. LLC and Cap Gemini Ernst & Young Welfare Plan (collectively "Capgemini") admit that the Administrative record contains no indication as to whether Patricia Heller was provided with a copy of the certificate of insurance, but Capgemini qualifies this admission stating that the purported statement of fact is misleading and wholly immaterial to the issues presently before this Court. See Capgemini's Motion to Strike, ¶ 2.

14. Admitted in part, denied in part, and qualified. Capgemini admits that the SPD indicates it was prepared by Fidelity and that the effective date was July 1, 2002. Capgemini denies Heller's characterization that the SPD contained the "main provisions" of the AD&D Plan or that the SPD superseded any prior AD&D plans or programs. Capgemini qualifies this Statement of fact as follows: The SPD booklet contained "*part of the plan* document for the AD&D Plan and the *AD&D Plan* supersedes and replaces any prior group AD&D plans or programs." (*Emphasis added.*) (AR AIG 00085.)[1]

15. Admitted in part, denied in part. Capgemini admits that the SPD was made available to employees on CGE&Y's HR Portal and the Fidelity Benefits website. (AR CG 00047). Capgemini denies saying that "it has no evidence that Patricia was given a written copy." (AR CG 00047; 00049.)

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Objection. Capgemini objects to this statement of fact as it is not properly supported

---

[1] AR refers to the Administrative Record.

#524234                            2

by admissible evidence. See Capgemini's Motion to Strike, ¶ 3.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted and qualified. In order to give full context to the plaintiff's factual statement, Capgemini qualifies this statement as follows: Jill Vivian also requested that Maryanne verify the following: 1. The specific reason Patricia Heller was not actively at work after January 24, 2003. Was she on a temporary lay-off or leave of absence? Was she on an authorized family or medical leave? Was she on vacation? Did she terminate her employment with Cap Gemini Ernst and Young? Was her employment with Cap Gemini Ernst & Young terminated by E&Y? Did she retire from Cap Gemini Ernst and Young? . . . 3. If she terminated her employment or her employment was terminated, please advise if she inquired about converting her Accidental Death and Dismemberment coverage to an Individual Policy." (AIG 00149.)

32. Admitted and qualified. In order to give full context to the plaintiff's factual statement, Capgemini qualifies this statement as follows: In AIG's April 14, 2003 letter to Heller, AIG stated "[o]nce we determine the reason your spouse was not actively at work after January 24, 2003, we will advise you of the status of this claim." (AIG 00150.)

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Objection. Capgemini moves to strike this proposed fact as it is misleading and constitutes commentary, not fact. See Capgemini's Motion to Strike, ¶¶ 1, 2.

39. Admitted.

40. Admitted.

41. Admitted.

#524234

3

42. Admitted.

43. Objection. Capgemini moves to strike this proposed fact as it constitutes commentary, not fact. See Capgemini's Motion to Strike, ¶ 1.

44. Admitted.

45. Admitted.

46. Objection. Capgemini moves to strike, in part, this proposed fact as it is not supported by the record. See Capgemini's Motion to Strike, ¶ 4. Subject to the following objection, Capgemini admits that AIG did inform the plaintiff that the plaintiff was not covered on January 29, 2003, because she did not submit her conversion application.

47. Objection. Capgemini moves to strike, in part, this proposed fact as it is not supported by the record. See Capgemini's Motion to Strike, ¶ 4. Subject to the foregoing objection, Capgemini admits the remaining allegations.

48. Objection. Capgemini moves to strike this proposed fact as it constitutes commentary, not fact. See Capgemini's Motion to Strike, ¶ 1.

49. Admitted and qualified. Capgemini admits the allegations contained in paragraph 49 and qualifies the statement in that Heller's appeal of the denial of benefits was also based upon his contention that since full payroll deduction were made "Patricia had 31 days during which she was entitled to extend coverage under the policy. Because the premium had been paid for all of January, she met the requirement that, for insurance coverage to be in force during the 31-day period, the premium must be paid." (AIG00127.)

50. Admitted.

51. Objection. Capgemini moves to strike this proposed fact as it constitutes commentary, not fact. See Capgemini's Motion to Strike, ¶ 1.

52. Admitted.

53. Admitted.

54. Objection. Capgemini moves to strike this proposed fact as it constitutes commentary, not fact. See Capgemini's Motion to Strike, ¶ 1.

55. Admitted.

56. Admitted.

57. Admitted.

58. Admitted in part and denied in part. Capgemini denies that the plaintiff's record

#524234                                      4

citation supports his claim that Capgemini stated "notwithstanding the SPD."

59. <u>Objection</u>. Capgemini moves to strike this proposed fact as it constitutes commentary contains assertions not supported by record citation, and is wholly immaterial to the issues presently before the court.

## MISCELLANEOUS PLAN PROVISIONS

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Admitted.

Respectfully Submitted,

By their attorney,

_____
Brian E. Lewis (BBO#643717)
Hinckley Allen Snyder LLP
28 State Street
Boston, MA 02109

(Tel) 617-345-9000

- and –

Dated: April 4, 2005

#524234                                              5

D. Barclay Edmundson (SBN 89481),
admitted *pro hac vice*
Orrick, Herrington & Sutcliffe, LLP
777 S. Figueroa Street
Los Angeles, CA 90017
(Tel) 213-629-2020

Emily Epstein, Esq. (SBN 215654),
admitted *pro hac vice*
Orrick, Herrington & Sutcliffe, LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
(Tel) 415-773-5700

CAPGEMINI U.S. LLC AND CAP GEMINI ERNST & YOUNG WELFARE PLAN